IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE AIMMUNE THERAPEUTICS, INC. SECURITIES LITIGATION | Case No. 20-cv-06733-MMC<br><br>**ORDER DENYING DEFENDANTS' RULE 12(c) MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Re: Dkt. No. 85 |

Before the Court is the "Rule 12(c) Motion for Judgment on the Pleadings," filed August 31, 2022, by defendants Aimmune Therapeutics, Inc. and Jayson D.A. Dallas. Plaintiffs Bruce Svitak, Barbara Carol Svitak, and Cecilia Pemberton have filed opposition, to which the defendants have replied. The matter came on regularly for hearing on November 18, 2022. Gregory Garre and Matthew Rawlinson of Latham & Watkins LLP appeared on behalf of the defendants. Juan E. Monteverde and Miles Dylan Schreiner of Monteverde & Associates, and Michael J. Palestina of Kahn Swick & Foti, LLC, appeared on behalf of the plaintiffs. Having considered the parties' respective written submissions, as well as the arguments of counsel at the hearing, the Court, for the reasons stated on the record in detail, rules as follows.

The plaintiffs have a private right of action for a claim brought under the first clause of § 14(e) of the Securities Exchange Act of 1934, 15 U.S.C § 78n(e), based on a fraudulently made statement or omission. See Plaine v. McCabe, 797 F.2d 713, 716, 718 (9th Cir. 1986) (holding shareholder alleging "fraudulent activity in connection with a tender offer" based on defendants' "omitting and misstating certain material information" has standing to "bring suit for violation of section 14(e)"); see also Varjabedian v. Emulex

Corp., 888 F.3d 399, 409 (9th Cir. 2018) (stating "[i]t is undisputed that Section 14(e) provides for a private right of action to challenge alleged misrepresentations or omissions in connection with a tender offer").[1]

Accordingly, the motion is hereby DENIED.

**IT IS SO ORDERED.**

Dated: November 18, 2022

MAXINE M. CHESNEY
United States District Judge

---

[1] The plaintiffs having disclaimed any cause of action based on a negligently made statement or omission, the Court makes no finding as to whether a private right of action exists for a claim brought under the first clause of § 14(e) based on negligence.

2