David E. Bower (SBN 119546)
**MONTEVERDE & ASSOCIATES PC**
600 Corporate Pointe, Suite 1170
Culver City, CA 90230
Tel: (213) 446-6652
Fax: (212) 202-7880
Email: dbower@monteverdelaw.com

*Counsel for Co-Lead Plaintiffs and Class Counsel*

[Additional Counsel on Signature Page]

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE AIMMUNE THERAPEUTICS, INC. SECURITIES LITIGATION | Case No. 3:20-CV-06733-MMC |
| | Hon. Maxine M. Chesney |
| | CLASS ACTION |

## <u>STIPULATION OF SETTLEMENT</u>

This Stipulation of Settlement, dated January 17, 2025 (the "Stipulation"), is made and entered into by and among the following Settling Parties to the above-captioned litigation (the "Action" or "Litigation"): (i) Class Representatives Bruce Svitak and Cecilia Pemberton, by and through their counsel of record in the Litigation; and (ii) Aimmune Therapeutics, Inc. ("Aimmune" or the "Company") and Jayson D.A. Dallas (together, "Defendants"), by and through their counsel of record in the Litigation. The Stipulation is intended by the Settling Parties to fully, finally, and forever resolve, discharge, relinquish, release, waive, dismiss with prejudice, and settle the Released Claims (as defined below), upon and subject to the terms and conditions hereof and subject to the approval of the Court.

## I.   THE LITIGATION

On August 29, 2020, Aimmune entered into an agreement and plan of merger (the "Merger Agreement") with Société des Produits Nestlé S.A. ("Nestle"), and its subsidiary SPN MergerSub, Inc. ("Merger Sub"), pursuant to which Merger Sub commenced a tender offer ("Tender Offer") to purchase all the issued and outstanding common stock of the Company at $34.50 per share ("Offer Price").

On September 14, 2020, Aimmune filed a Schedule 14D-9 Recommendation Statement ("Recommendation Statement") with the U.S. Securities and Exchange Commission (the "SEC").

On September 25, 2020, plaintiff Steven Germano ("Germano") filed a class action complaint governed by the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B), styled *Germano v Aimmune Therapeutics, Inc., et al.*, Case No. 4:20-CV-06733 (N.D. Cal.) (the "*Germano* Action"). Also on September 25, 2020, plaintiff Stephen Bushansky filed a substantially similar class action complaint styled *Bushansky v. Aimmune Therapeutics, Inc. et al.*, Case No. 4:20-CV-06718 (N.D. Cal.) (the "*Bushansky* Action").

On October 8, 2020, a sufficient number of Aimmune shareholders tendered their shares in favor of the Tender Offer and, as a result, Merger Sub merged with and into the Company, with the Company surviving the merger as a wholly owned subsidiary of Nestle (the "Merger").

On October 15, 2020, plaintiff Germano, through his counsel, issued a notice pursuant to the PSLRA providing that anyone who wished to be appointed as lead plaintiff in the *Germano* Action must file a motion by December 14, 2020.

On December 14, 2020, Bruce and Barbara Carol Svitak and Cecilia Pemberton filed respective motions for lead appointment under the PSLRA which motions were set for hearing before the Court on February 26, 2021. Dkts. 15, 20. Prior to filing her motion for lead plaintiff, Ms. Pemberton had also sought and received books and records from Aimmune regarding the Merger under Delaware law (specifically, pursuant to 8 Del. C. § 220) in an action captioned *Pemberton v. Aimmune Therapeutics, Inc.*, C.A. No. 2020-0859-JRS (Del. Ch.) (the "Delaware Books & Records Action").

On February 22, 2021, this Court entered an agreed Order for Appointment of Co-Lead Plaintiffs and Co-Lead Counsel; Consolidating Actions, which among other things, consolidated the *Germano* and *Bushansky* Actions into the above-captioned Litigation, appointed Bruce and Barbara Carol Svitak and Cecilia Pemberton as Co-Lead Plaintiffs, and appointed their counsel, Monteverde & Associates PC and Kahn Swick & Foti, LLC, as Co-Lead Counsel ("Co-Lead Counsel" and, later, "Class Counsel") for the consolidated action. Dkt. 47.

On March 15, 2021, the parties to the Litigation submitted a Stipulation to Stay Proceedings Pending Delaware Chancery Court Decision and [Proposed] Order to permit the Delaware Court of Chancery to rule on the permissible use of inspection information provided to Ms. Pemberton during in the Delaware Books & Records Action. Dkt. 48. The Court granted the parties' stipulation on March 17, 2021, staying the Litigation pending the pertinent ruling in the Delaware Books & Records Action. Dkt. 49.

Following a ruling by the court in the Delaware Books & Records Action on August 4, 2021, the parties filed a Joint Status Report and Stipulation for an Order to Lift the Stay and Enter Proposed Briefing Schedule on September 16, 2021. Dkt. 50. The Court so-ordered the

parties' stipulation on September 17, 2021, lifting the stay and setting a schedule for the filing of a consolidated complaint and responses thereto.  Dkt. 51.

Pursuant to the schedule ordered by the Court, on September 30, 2021, Co-Lead Plaintiffs filed their Amended Complaint, in which they alleged counts for violations of Sections 14(e) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act") relating to the Recommendation Statement and the Tender Offer.  Dkt. 52.

On November 23, 2021, Defendants filed their Motion to Dismiss the Amended Complaint.  Dkt. 54.  Co-Lead Plaintiffs filed their opposition to Defendants' motion on January 11, 2022, Dkt. 59, and Defendants filed their reply on February 15, 2022, Dkt. 62.  Upon objection to Defendants' reply memorandum by Co-Lead Plaintiffs, Dkt. 64, the Court permitted Co-Lead Plaintiffs leave to file a sur-reply, Dkt. 65, which was filed on March 12, 2022, Dkt. 68.  A hearing was held before the Court on Defendants' Motion to Dismiss the Amended Complaint on April 29, 2022.

On April 29, 2022, the Court entered an Order Denying Defendants' Motion to Dismiss the Amended Complaint.  Dkt. 72.

On May 20, 2022, Defendants filed their Answer and Affirmative Defenses to Amended Complaint.  Dkt. 76.

On June 9, 2022, the parties filed a Joint Case Management Statement & [Proposed] Order and Joint 26(f) Discovery Plan and Schedule.  Dkt. 79.

On August 31, 2022, Defendants filed a Rule 12(c) Motion for Judgment on the Pleadings, asserting as grounds for dismissal that Co-Lead Plaintiffs lacked a private right of action to present their claim under Section 14(e) of the Exchange Act.  Dkt. 85.  Co-Lead Plaintiffs filed their opposition on September 23, 2022, Dkt. 88, and Defendants filed their reply on October 10, 2022, Dkt. 91.  After a hearing before the Court, on November 18, 2022, the Court entered an Order Denying Defendants' Rule 12(c) Motion for Judgment on the Pleadings, holding that Co-Lead Plaintiffs have a private right of action for their claim under Section 14(e) of the Exchange Act.  Dkt. 96.

On December 22, 2022, Defendants filed a Motion to Certify for an Interlocutory Appeal the Court's November 18, 2022 Order Under 28 U.S.C. § 1292(b). Dkt. 98. Co-Lead Plaintiffs filed their opposition to Defendants' Motion for an interlocutory appeal on January 25, 2023, Dkt. 106, and Defendants filed their reply on February 3, 2023, Dkt. 107. Following a hearing on February 24, 2023, the Court entered an Order denying the motion. Dkt. 110.

On June 23, 2023, the Court entered an Amended Pretrial Preparation Order, setting various discovery and other pre-trial deadlines and scheduling a jury trial to commence on January 13, 2025. Dkt. 125. Thereafter, the parties engaged in extensive discovery.

During the course of the Litigation, Defendants and third parties produced and Class Counsel reviewed more than 313,000 pages of discovery and the parties conducted 19 fact and expert witness depositions. Each of Co-Lead Plaintiffs sat for depositions and produced documents to Defendants. Moreover, Co-Lead Plaintiffs prepared and mailed surveys to approximately 2,104 potential class members regarding the importance of the facts at issue in the case to the average reasonable investor.

In addition, the parties engaged the services of two experts. Co-Lead Plaintiffs retained William Jeffers, CFA of the Griffing Group, and Defendants engaged Professor Paul A. Gompers of the Harvard Business School. Both experts filed opening and responsive reports, and both experts were deposed.

On December 8, 2023, the Court entered a stipulated Second Revised Scheduling Order extending the fact discovery cut-off and certain other dates to accommodate the additional time needed to complete productions from third party financial advisors and conduct certain depositions, including of foreign deponents. Dkt. 130.

On March 8, 2024, Co-Lead Plaintiffs filed a Motion for Class Certification, and a hearing before the Court was scheduled for June 28, 2024. Dkt. 134. Defendants filed their response to the class certification motion on April 22, 2024. Dkt. 141. Co-Lead Plaintiffs filed their reply on May 21, 2024. Dkt. 142. On May 24, 2024, the Court entered an Order Granting Co-Lead Plaintiffs' Motion for Class Certification; Vacating Hearing (Dkt. 143, the "Class

STIPULATION OF SETTLEMENT

Certification Order").  Pursuant to the Class Certification Order, Co-Lead Plaintiffs Bruce Svitak and Cecilia Pemberton were appointed as Class Representatives[1] and Monteverde & Associates PC and Kahn, Swick & Foti, LLC were appointed as Class Counsel.  Additionally, the Court certified a class defined as:

> All record holders and all beneficial holders of Aimmune Therapeutics, Inc. ("Aimmune" or the "Company") common stock who held such stock at any time during the pendency of the tender offer involving Aimmune and Société des Produits Nestlé S.A. ("Nestle") (from September 14, 2020 through October 9, 2020) and had their shares exchanged for $34.50 per share in connection with the closing of the merger (on October 13, 2020) (the "Class"). Excluded from the Class are: (i) Nestle and its affiliates; (ii) the officers and directors of the Company and members of their immediate families; (iii) any entity in which Defendants have or had a controlling interest; and (iv) the legal representatives, heirs, successors or assigns of each officer and director of the Company.

On June 14, 2024, Co-Lead Plaintiffs and Defendants filed their respective motions for summary judgment.  Dkts. 153, 162.  Also on June 14, 2024, Co-Lead Plaintiffs filed a *Daubert* Motion to Limit Testimony of Paul A. Gompers, Dkt. 158, and Defendants filed a Motion to Exclude, in Part, Expert Report and Testimony of William Jeffers, Dkt. 163.  The parties filed their respective oppositions to each of the motions on August 5 and August 9, 2024, Dkts. 194, 195, 198, 199, and their replies on September 19, 2024, Dkts. 210, 212, 214, 215.  All of the motions were scheduled for hearing on November 1, 2024.

On September 24, 2024, the parties participated in a mediation before David M. Murphy of Phillips ADR Enterprises, P.C. ("PADRE").  While the parties were not able to reach a settlement after the mediation, the parties continued their discussions with the assistance of Mr. Murphy.

On October 31, at the request of the parties, the hearing on the various summary judgment and *Daubert* motions was rescheduled to November 8, 2024, to allow the parties to focus on ongoing settlement efforts.  Dkt. 237.

On November 7, 2024, after further negotiations, the parties accepted a mediator's proposal and reached an agreement in principle to resolve the Litigation, subject to Court

---

[1]  Co-Lead Plaintiff Barbara Carol Svitak did not seek appointment as a class representative.

STIPULATION OF SETTLEMENT

approval. Later that same day, the parties filed a Notice of Settlement with the Court, after which the Court vacated all remaining deadlines, hearings and trial dates. Dkts. 238, 239.

Thereafter, the Settling Parties (defined below) memorialized the terms of the Settlement in this Stipulation.

## II.   DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

This Stipulation constitutes a compromise of matters that are in dispute between the Settling Parties. Defendants have denied and continue to deny any wrongdoing by or liability against them arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Litigation. Defendants expressly deny that Co-Lead Plaintiffs and/or Class Representatives have asserted any valid claims as to any of them, and expressly deny any and all allegations of fault, liability, wrongdoing, or damages whatsoever and maintain that their conduct was at all times proper and in compliance with all applicable provisions of law. In addition, Defendants maintain that they have meritorious defenses to all claims alleged in the Litigation.

This Stipulation shall in no event be construed or deemed to be evidence of an admission or concession on the part of any Defendant, or any of Released Defendants' Persons (as defined below), with respect to any claim or of any fault, liability, wrongdoing, negligence, omission, or damage whatsoever, or any infirmity in the defenses that Defendants have asserted. Defendants' decision to settle the Litigation is based on the conclusion that further conduct of the Litigation could be protracted and expensive, that it is desirable that the Litigation be fully and finally settled, and that it would be beneficial to avoid the uncertainty and risks inherent in any litigation.

## III.   CLAIMS OF CLASS REPRESENTATIVES AND BENEFITS OF SETTLEMENT

Class Representatives and Class Counsel believe that the claims asserted in the Litigation have merit and that the evidence developed to date supports those claims. Class Representatives and Class Counsel also recognize and acknowledge, however, the expense and length of continued proceedings necessary to prosecute the Litigation against Defendants

through trial, potential post-trial proceedings, and appeals. Class Representatives and Class Counsel also have considered the uncertain outcome and the risk, as well as the difficulties and delays, inherent in any litigation. Class Representatives and Class Counsel are mindful of the inherent problems of proof and possible defenses to the claims asserted in the Litigation. Class Representatives and Class Counsel believe that the Settlement set forth in this Stipulation confers substantial benefits upon the Class (as defined below). Based on their evaluation, Class Representatives and Class Counsel have determined that the Settlement set forth in this Stipulation is in the best interests of the Class, and that the Settlement provided for herein is fair, reasonable, and adequate.

## IV.    TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Class Representatives (for themselves and on behalf of the Class Members (as defined below)) and Defendants, by and through their respective counsel of record, that, subject to the approval of the Court and the other conditions set forth below, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure and the PSLRA, the Litigation and the Released Claims shall be finally, fully and forever resolved, discharged, relinquished, released, waived, settled, and dismissed with prejudice, upon and subject to the terms and conditions of the Stipulation, as follows:

**1.    Definitions**

As used in the Stipulation the following terms have the meanings specified below:

1.1    "Aimmune" or the "Company" means Aimmune Therapeutics, Inc.

1.2    "Authorized Claimant" means any Class Member whose claim for recovery has been allowed pursuant to the terms of the Plan of Allocation ultimately approved by the Court.

1.3    "Claim Form" or "Proof of Claim Form" or "Proof of Claim and Release" means the document, substantially in the form attached hereto as Exhibit A-2.

1.4    "Claimant" means a person or entity who or which submits a Claim Form to the Claims Administrator.

1.5    "Claims Administrator" means the firm of RG/2 Claims Administration LLC.

1.6    "Class" means all record holders and all beneficial holders of Aimmune common stock who held such stock at any time during the pendency of the Tender Offer (from September 14, 2020 through October 9, 2020) and had their shares exchanged for $34.50 per share in connection with the closing of the Merger (on October 13, 2020).  Excluded from the Class are: (i) Nestle and its affiliates; (ii) the officers and directors of the Company and members of their immediate families; (iii) any entity in which Defendants have or had a controlling interest; and (iv) the legal representatives, heirs, successors or assigns of each officer and director of the Company.

1.7    "Class Counsel" means Co-Lead Counsel Monteverde & Associates PC and Kahn, Swick & Foti, LLC.

1.8    "Class Member" or "Member of the Class" means any Person who falls within the definition of the Class as set forth in ¶ 1.6 of the Stipulation.

1.9    "Class Period" means the period commencing on September 14, 2020, and ending on October 9, 2020, inclusive.

1.0    "Class Representatives" means Co-Lead Plaintiffs Bruce Svitak and Cecilia Pemberton.

1.11   "Co-Lead Counsel" means Monteverde & Associates PC and Kahn, Swick & Foti, LLC.

1.12   "Co-Lead Plaintiffs" means Bruce Svitak, Barbara Svitak, and Cecilia Pemberton.

1.13   "Court" means the United States District Court for the Northern District of California.

1.14   "Defendants" means Aimmune and Jayson D.A. Dallas.

1.15   "Defendants' Counsel" means Latham & Watkins LLP.

1.16   "Defendants' Released Claims" means any and all claims, rights and causes of action, duties, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages, and liabilities, whether known or unknown, contingent or non-

contingent, or suspected or unsuspected, including any claims arising under federal or state statutory or common law or any other law, rule, or regulation, whether foreign or domestic, that have been asserted, could have been asserted, or could be asserted in the future against Co-Lead Plaintiffs, any member of the Class, and Class Counsel, as well as any of their related parties, attorneys, immediate family members, heirs, executors, personal or legal representatives, estates, beneficiaries, predecessors, successors, and assigns, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against the Defendants; provided, however, that it is understood that "Defendants' Released Claims" and any release provided by this Settlement shall not include: (a) any claims relating to the enforcement of the Settlement, or (b) any claims by Defendants or any other insured to enforce their rights under any contract or policy of insurance.

1.17  "Effective Date" means the first date by which all of the events and conditions specified in ¶ 7.1 of the Stipulation have been met and have occurred or have been waived in writing by the Settling Parties.

1.18  "Escrow Account" means the account described in ¶ 2.1 through ¶ 2.4 hereof.

1.19  "Escrow Agent" means Class Counsel or its authorized agents.

1.20  "Final" means when the last of the following with respect to the Order and Final Judgment, substantially in the form attached hereto as Exhibit B, shall occur: (i) the expiration of three (3) business days after the time for the filing of any motion to alter or amend the Order and Final Judgment under Federal Rule of Civil Procedure 59(e) without any such motion having been filed; (ii) the expiration of the time for the filing or noticing of any appeal from the Order and Final Judgment without any appeal having been filed; and (iii) if such motion to alter or amend is filed or if an appeal is filed or noticed, then immediately after the determination of that motion or appeal so that the Order and Final Judgment is no longer subject to any further judicial review or appeal whatsoever, whether by reason of affirmance by court of last resort, lapse of time, voluntary dismissal of the appeal or otherwise.  For purposes of this paragraph, an appeal shall include any petition for panel rehearing, petition for rehearing *en banc*, petition

for a writ of certiorari or other writ that may be filed in connection with the approval or disapproval of this Settlement, but shall not include any appeal that concerns only the issue of attorneys' fees and expenses, payment of Co-Lead Plaintiffs' time and expenses, or the Plan of Allocation of the Settlement Fund. Any proceeding or order, or any appeal or petition for panel rehearing, petition for rehearing *en banc*, or petition for a writ of certiorari pertaining solely to any plan of distribution and/or application for attorneys' fees, costs, or expenses and/or Co-Lead Plaintiff' request for payment of time and expenses, shall not in any way delay or preclude the Order and Final Judgment from becoming Final.

1.21 "Final Approval Hearing" means the hearing to determine whether the proposed Settlement embodied by this Stipulation is fair, reasonable, and adequate to the Class, and whether the Court should: (1) enter the Order and Final Judgment approving the proposed Settlement; (2) approve the Plan of Allocation of Settlement proceeds; and (3) approve Class Counsel's petition for attorneys' fees and expenses and Co-Lead Plaintiffs' request for payment of time and expenses.

1.22 "Individual Defendant" means Jayson D.A. Dallas.

1.23 "Litigation" or "Action" means the above-captioned action, *In re Aimmune Therapeutics, Inc. Securities Litig.*, Case No. 3:20-CV-06733-MMC, in the United States District Court for the Northern District of California.

1.24 "Notice" means the Notice of Pendency and Proposed Settlement of Class Action defined in ¶ 3.1 hereof, substantially in the form attached hereto as Exhibit A-1.

1.25 "Notice and Administration Costs" means the costs defined in ¶ 2.7 hereof.

1.26 "Order and Final Judgment" means the judgment to be rendered by the Court, substantially in the form attached hereto as Exhibit B.

1.27 "Person" means a natural person, individual, corporation, limited liability corporation, professional corporation, limited liability partnership, partnership, limited partnership, limited liability company, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or

agency thereof, and any business or legal entity and all of their respective spouses, heirs, beneficiaries, executors, administrators, predecessors, successors, representatives, or assignees.

1.28  "Plaintiffs' Released Claims" means any and all claims, rights and causes of action, duties, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages, and liabilities, whether known or unknown, contingent or non-contingent, derivative or direct, or suspected or unsuspected, including any claims arising under federal or state statutory or common law or any other law, rule or regulation, whether foreign or domestic, that have been asserted, could have been asserted, or could be asserted in the future against Defendant Aimmune and the Individual Defendant, and any and all Released Defendants' Persons, that arise out of or relate in any way to: (i) the Litigation; (ii) the Merger or Tender Offer; and (iii) the Recommendation Statement issued by Aimmune in connection with the Merger (the "Recommendation Statement") or any other disclosures related to the Merger or Tender Offer.  Notwithstanding the aforementioned, the following claims are explicitly excluded: all claims (1) related to the enforcement of this Settlement; and (2) any claims between Defendants or any of the Released Defendants' Persons and their respective insurers.

1.29  "Plan of Allocation" means a plan or formula of allocation of the Settlement Fund whereby the Settlement Fund shall be distributed to Authorized Claimants after payment of expenses of notice and administration of the Settlement, Taxes and Tax Expenses, and such attorneys' fees, costs, expenses (including time and expenses awarded by the Court to Co-Lead Plaintiffs), and interest as may be awarded by the Court, substantially in the form and content as included in Exhibit A-2 attached hereto.  Any Plan of Allocation, including Exhibit A-2 attached hereto, is not part of the Stipulation, and Defendants and the Released Defendants' Persons shall have no responsibility for, interest in, or liability whatsoever with respect thereto.

1.30  "Preliminary Approval Order" means the order described in ¶ 3.1 hereof, substantially in the form attached hereto as Exhibit A.

1.31  "Released Claims" means Defendants' Released Claims and Plaintiffs' Released Claims.

1.32  "Released Defendants' Persons" means Aimmune and the Individual Defendant, and any and all of their related parties, including, without limitation, any and all of their current or former parents, subsidiaries, predecessors, successors, divisions, investment funds, joint ventures, and general or limited partnerships, and each of their respective current or former officers, directors, trustees, partners, members, contractors, auditors, principals, agents, managing agents, employees, attorneys, accountants, auditors investment bankers, underwriters, financial or investment advisors, advisors, consultants, insurers, reinsurers, creditors, administrators, assigns, assignees, transferees, predecessors, predecessors-in-interest, successors, successors-in-interest, trusts, distributees, foundations, corporations, associated entities, commercial bankers, entities providing any fairness opinion, brokers, dealers, lenders, associates, in their capacity as such, as well as each of the Individual Defendant's immediate family members, heirs, executors, personal or legal representatives, estates, beneficiaries, predecessors, successors,  and assigns.

1.33  "Settlement" means the settlement of the Litigation as set forth in this Stipulation.

1.34  "Settlement Amount" means the principal amount of Twenty-Seven Million Five Hundred Thousand Dollars ($27,500,000.00), that Defendants shall pay or cause to be paid pursuant to ¶ 2.1 of this Stipulation.  Neither Defendants nor Released Defendants' Persons shall have any obligation whatsoever to pay or cause to be paid any amount over and above the principal amount of Twenty-Seven Million Five Hundred Thousand Dollars ($27,500,000.00). Such amount is to be paid as consideration for full and complete settlement of all Plaintiffs' Released Claims.

1.35  "Settlement Fund" means the Settlement Amount plus all interest and accretions thereto after being transferred to an account controlled by the Escrow Agent, and which may be reduced by payments or deductions as provided for herein or by court order.

STIPULATION OF SETTLEMENT

1.36  "Settling Parties" or "Parties" means, collectively, each of the Defendants and Class Representatives on behalf of themselves and each of the Class Members.

1.37  "Stipulation" means this Stipulation of Settlement, including the recitals and Exhibits hereto.

1.38  "Taxes" means all taxes (including any estimated taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund as described in ¶ 2.8.

1.39  "Tax Expenses" means expenses and costs incurred in connection with the calculation and payment of taxes or the preparation of tax returns and related documents, including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs relating to filing (or failing to file) the returns described in ¶ 2.8.

1.40  "Unknown Claims" means (i) any of Plaintiffs' Released Claims which Class Representatives or any Class Member, or any of their agents or attorneys, does not know or suspect to exist in such Person's favor at the time of the release of the Released Claims, and (ii) any of the Defendants' Released Claims that Defendants or the Released Defendants' Persons do not know or suspect to exist in his, her, or its favor at the time of the release of the Defendants' Released Claims, which, in the case of both (i) and (ii), if known by such Person, might have affected such Person's decision with respect to this Settlement, including, without limitation, such Person's decision not to object to this Settlement or not to exclude himself, herself, or itself from the Class.  Unknown Claims include those Released Claims in which some or all of the facts comprising the claim may be suspected, or even undisclosed or hidden. With respect to any and all Released Claims, upon the Effective Date, Class Representatives and Defendants shall expressly, and each of the Class Members and the Released Defendants' Persons shall be deemed to have, and by operation of the Order and Final Judgment shall have, expressly waived to the fullest extent permitted by law, the provisions, rights, and benefits of California Civil Code § 1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release,

and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Class Representatives and Defendants shall expressly, and each of the Class Members and Released Defendants' Persons shall be deemed to have, and by operation of the Order and Final Judgment, shall have expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code § 1542. Class Representatives, Class Members, and Defendants may hereafter discover facts in addition to or different from those which such party now knows or believes to be true with respect to the subject matter of the Released Claims, but Class Representatives and Defendants shall expressly, and each Class Member and Released Defendants' Persons, upon the Effective Date, shall be deemed to have, and by operation of the Order and Final Judgment shall have fully, finally, and forever settled and released any and all Released Claims, Defendants' Released Claims, and Plaintiffs' Released Claims, as the case may be, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, reckless, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts, whether or not previously or currently asserted in any action. Class Representatives and Defendants acknowledge, and the Class Members and Released Defendants' Persons shall be deemed by operation of the Order and Final Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement of which this release is a part.

## 2. The Settlement

### a. The Settlement Fund

2.1    In consideration of the terms of this Stipulation, Defendants shall pay or cause to be paid, on behalf of all Defendants, the Settlement Amount of the sum of Twenty-Seven

Million Five Hundred Thousand Dollars ($27,500,000.00) into an interest-bearing settlement Escrow Account.  Payment of the Settlement Amount shall be made into the Escrow Account within thirty (30) calendar days of the later of (1) entry of the Preliminary Approval Order, as defined in ¶ 3.1 herein; and (2) receipt by Defendants and any pertinent insurance carrier(s) of each of (a) a copy of the Preliminary Approval Order as entered by the Court (which will be transmitted by Defendants' Counsel when received), preliminarily approving of the Settlement, (b) a W-9 for the Escrow Account, (c) wire or mailing instructions for delivery of the Settlement Amount to the Escrow Account, and (d) to the extent necessary, contact information for verification of the Escrow Account in order to effectuate wire transfers.  The Settlement Amount shall include all attorneys' fees, administration costs, expenses, and Class Member benefits, as well as any other costs, expenses, or fees of any kind whatsoever associated with the resolution of this matter.  Defendants and all Released Defendants' Persons shall have no obligation to pay or cause to be paid any additional amounts beyond the Settlement Amount.

### b. The Escrow Agent

2.2    The Escrow Agent will invest the Settlement Fund created pursuant to ¶ 2.1 hereof only in instruments backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof, and will reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates. All costs and risks related to the investment of the Settlement Fund in accordance with the guidelines set forth in this paragraph shall be borne by the Settlement Fund and neither Defendants nor Released Defendants' Persons shall have any responsibility for, interest in, or liability whatsoever with respect to the funds held in the Escrow Account, including with respect to investment decisions, distribution of the Settlement Fund, or the actions of the Escrow Agent, or any transactions executed by the Escrow Agent.

2.3    The Escrow Agent shall not disburse the Settlement Fund except as provided by: (i) the Stipulation; (ii) an order of the Court; or (iii) prior written agreement of Defendants' Counsel.

2.4     Subject to further order(s) and/or directions as may be made by the Court, or as provided in the Stipulation, the Escrow Agent is authorized to execute such transactions on behalf of the Class Members as are consistent with the terms of the Stipulation.  Neither Defendants nor Released Defendants' Persons shall have any responsibility for, interest in, or liability whatsoever with respect to the actions of the Escrow Agent or any transaction executed by the Escrow Agent.

2.6     All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court and shall remain subject to the jurisdiction of the Court until such time as such funds shall be distributed or returned pursuant to the Stipulation and/or further order(s) of the Court.

2.7     The Escrow Agent may pay from the Settlement Fund the costs and expenses reasonably and actually incurred, but not exceeding $300,000, in connection with providing notice to Members of the Class (such amount shall include, without limitation, the actual costs of publication, printing and mailing the Notice, and reimbursement to nominee owners for forwarding notice to their beneficial owners), assisting with the filing of claims, administering and distributing the Net Settlement Fund to Authorized Claimants, processing Proofs of Claim and Releases, and paying escrow fees and costs, if any, and the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing notice and processing the submitted claims ("Notice and Administration Costs").  In the event that the Settlement does not become final, any money paid or incurred for the above purposes shall not be returned or repaid to Defendants or their insurers.

### c.  Taxes

2.8     (a)      The Settling Parties and the Escrow Agent agree that the Settlement Fund is intended to be and should be treated as being at all times a "qualified settlement fund" within the meaning of Treas. Reg. § 1.468B-1.  In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this ¶ 2.8, including the "relation-back election" (as defined in Treas. Reg. § 1.468B-1(j)(2)) back to the earliest

permitted date.  Such elections shall be made in compliance with the procedures and requirements contained in such Treasury regulations promulgated under § 1.468B of the Internal Revenue Code of 1986, as amended (the "Code").  It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(b)     For the purpose of § 1.468B of the Code and the Treasury regulations promulgated thereunder, the Escrow Agent shall be designated as the "administrator" of the Settlement Fund.  The Escrow Agent shall timely and properly prepare and file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treas. Reg. § 1.468B-2(k)).  Such returns (as well as the election described in ¶ 2.8(a) hereof) shall be consistent with this ¶ 2.8 and in all events shall reflect that all Taxes as defined in ¶ 1.40 hereof (including any estimated Taxes, interest, or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in ¶ 2.8(c) hereof.

(c)     All: (i) Taxes (including any estimated Taxes, interest, or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed upon Defendants or Released Defendants' Persons with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes; and (ii) Tax Expenses, and costs incurred in connection with the operation and implementation of this ¶ 2.8 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this ¶ 2.8), shall be paid out of the Settlement Fund (collectively, "Taxes and/or Tax Expenses"). In no event shall Defendants or Released Defendants' Persons have any responsibility for or liability with respect to the Taxes or the Tax Expenses.  Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order from the Court, and the

Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amount, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. § 1.468B-2(1)(2)); neither Defendants nor Released Defendants' Persons are responsible therefor, nor shall they have any liability with respect thereto, and shall have no responsibility or liability for the acts or omissions of Class Counsel or their agents with respect to the payment of Taxes, as described herein. The Settling Parties hereto agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this ¶ 2.8.

(d)    Neither Defendants nor Released Defendants' Persons are responsible for Taxes, Tax Expenses, or Notice and Administration Costs, nor shall they be liable for any claims with respect thereto.

### d.  Termination

2.9    The Settlement is subject to final approval by the Court. If the Court does not grant final approval of the releases set forth herein, or the Settlement otherwise does not become Final or effective: (i) the Parties shall revert to their pre-mediation litigation positions, and (ii) any amount funded or caused to be funded by Aimmune under ¶ 2.1 that has not actually been paid or accrued for Notice and Administration Costs and tax expenses as permitted in ¶¶ 2.7 and 2.8 shall be returned in full to the payor(s), plus interest actually earned with respect to such amount, no later than ten (10) business days following the termination event or as otherwise agreed upon in writing by Defendants' Counsel. Notwithstanding any of the foregoing, it is not a condition of this Stipulation, the Settlement, or the Order and Final Judgment that the Court award any attorneys' fees and/or expenses to Class Counsel, and any order or proceeding relating to the Fee and Expense Award, or any appeal from any order relating thereto or reversal or modification thereof, shall not (i) operate to cancel the Stipulation, (ii) operate as a

termination of the Settlement, or (iii) affect or delay the Order and Final Judgment from becoming Final or dismissal of the Action.

**3.      Preliminary Approval Order and Final Approval Hearing**

3.1     Promptly after execution of the Stipulation, Class Representatives shall submit the Stipulation together with its Exhibits to the Court and Class Counsel shall apply for entry of an order, substantially in the form and content of Exhibit A attached hereto (the "Preliminary Approval Order"), requesting, *inter alia*, the preliminary approval of the Settlement set forth in the Stipulation, approval for the mailing of the Notice of Pendency and Proposed Settlement of Class Action (the "Notice") and the Proof of Claim and Release, substantially in the forms of Exhibits A-1 and A-2 attached hereto, and approval of the publication of a Summary Notice, substantially in the form of Exhibit A-3 attached hereto, or such other substantially similar form agreed to by the Settling Parties.

3.2     Defendants shall comply with the Class Action Fairness Act, 28 U.S.C. §§ 1711 *et seq.* ("CAFA"). At least ten (10) calendar days prior to the Final Approval Hearing, Defendants' Counsel shall file with the Court an appropriate affidavit or declaration regarding their compliance with CAFA.

3.3    Class Representatives and Class Counsel will request that the Court hold the Final Approval Hearing and finally approve the Settlement of the Litigation as set forth herein and enter an order, substantially in the form and content of Exhibit B attached hereto ("Order and Final Judgment").  At or after the Final Approval Hearing, Class Representatives and Class Counsel also will request that the Court approve the proposed Plan of Allocation, the Fee and Expense Application, and reimbursement for Co-Lead Plaintiffs pursuant to 15 U.S.C. § 78u4(a)(4) for time and expenses incurred in representing the Class.

**4.      Releases**

4.1     Upon the Effective Date, as defined in ¶ 1.14 hereof, without further action by anyone, Class Representatives, on behalf of themselves and all Class Members, in his, her, or its capacity as a former holder of Aimmune stock, and anyone claiming through or on behalf of

any of them, shall be deemed to have, and by operation of the Order and Final Judgment, shall have, fully, finally, and forever resolved, discharged, relinquished, released, waived, settled, and dismissed with prejudice any and all of Plaintiffs' Released Claims (including, without limitation, Unknown Claims) against Defendants and each and all of the Released Defendants' Persons, regardless of whether a Class Member executes and delivers a Proof of Claim and Release.

4.2    Upon the Effective Date, as defined in ¶ 1.17 hereof, without further action by anyone, Class Representatives, on behalf of themselves and all Class Members, in his, her or its capacity as a former holder of Aimmune stock, and anyone claiming through or on behalf of any of them, shall be forever barred and enjoined from commencing, instituting, asserting, maintaining, enforcing, aiding, prosecuting, or continuing to prosecute, in any action or proceeding in any forum (including, but not limited to, any state or federal court of law or equity, any arbitral forum, any tribunal, administrative forum, or the court of any foreign jurisdiction, or any other forum of any kind), any and all of Plaintiffs' Released Claims (including, without limitation, Unknown Claims) against Defendants and each and all of the Released Defendants' Persons, regardless of whether such Class Member executes and delivers a Proof of Claim and Release.

4.3    Upon the Effective Date, as defined in ¶ 1.17 hereof, without further action by anyone, Class Representatives, on behalf of themselves and each and every Class Member, in his, her, or its capacity as a former holder of Aimmune stock, and anyone claiming through or on behalf of any of them, shall covenant or be deemed to have covenanted not to sue any of Defendants and Released Defendants' Persons with respect to any and all of Plaintiffs' Released Claims (including, without limitation, Unknown Claims).

4.4    In addition to, and not in limitation of, the matters set forth in ¶¶ 4.1, 4.2, and 4.3, the Proof of Claim and Release to be executed by Class Members shall release any and all Plaintiffs' Released Claims against Defendants and each and all of the Released Defendants' Persons and shall be substantially in the form contained in Exhibit A-2 attached hereto.

4.5    Upon the Effective Date, as defined in ¶ 1.17 hereof, without further action by anyone, Defendants shall be deemed to have, and by operation of the Order and Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged Class Representatives, each and all of the Class Members, and Class Counsel from all Defendants' Released Claims (including, without limitation, Unknown Claims), and shall forever be enjoined from prosecuting such claims.

4.6    In accordance with the PSLRA as codified at 15 U.S.C. § 78u-4(f)(7)(A), upon the Effective Date, as defined in ¶ 1.17 hereof, (a) all obligations to any Class Member of any Defendant or Released Defendants' Person arising out of the Litigation shall be discharged, and (b) any and all claims for contribution arising out of the Litigation or any of the Released Claims (i) by any person or entity against any of the Released Defendants' Persons, and (ii) by any of Released Defendants' Persons against any person or entity, other than as set out in 15 U.S.C. § 78u-4(f)(7)(A)(ii), shall be hereby permanently barred, extinguished, discharged, satisfied and unenforceable.

4.7    For the avoidance of doubt, nothing in this Stipulation is intended to, nor shall it be deemed to, release any claim that Defendants or any Released Defendants' Persons have or may have against any of Defendants' insurers.

5.    **Administration and Calculation of Claims, Final Awards, and Supervision and Distribution of Settlement Fund**

5.1    The Claims Administrator, subject to such supervision and direction of the Court and/or Class Counsel as may be necessary or as circumstances may require, shall administer and calculate the claims submitted by Class Members and shall oversee distribution of the Net Settlement Fund (defined below) to Authorized Claimants.

5.2    The Settlement Fund shall be applied as follows: (a) to pay all Notice and Administration Costs; (b) to pay the Taxes and Tax Expenses; (c) to pay Class Counsel's attorneys' fees and expenses with interest thereon (the "Fee and Expense Award"), if and to the extent awarded by the Court, and Co-Lead Plaintiffs' time and expenses pursuant to 15 U.S.C.

§ 78u-4(a)(4), if and to the extent awarded by the Court; and (d) after the Effective Date, to distribute the balance of the Settlement Fund (the "Net Settlement Fund") to Authorized Claimants as allowed by the Stipulation, the Plan of Allocation, or the Court.

5.3    Upon the Effective Date and thereafter, and in accordance with the terms of the Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants, subject to and in accordance with the following:

(a)    Each Class Member shall be required to submit a Proof of Claim and Release, substantially in a form approved by the Court, supported by such documents as are designated therein, including proof of the transactions claimed, or such other documents or proof as the Claims Administrator, in its discretion, may deem acceptable;

(b)    All Proofs of Claim and Releases must be submitted by the date specified in the Notice unless such period is extended by Court order.  Any Class Member who fails to submit a Proof of Claim and Release by such date, or timely submits a Proof of Claim and Release that is ultimately and finally disallowed or rejected by the Claims Administrator, shall be forever barred from receiving any payment pursuant to this Stipulation, but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Order and Final Judgment to be entered in the Litigation and the releases provided for herein, and will be barred from bringing any action against Defendants and Released Defendants' Persons concerning the Plaintiffs' Released Claims (including, without limitation, Unknown Claims).  A Proof of Claim and Release shall be deemed to have been submitted when posted, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon.

1    In all other cases, the Proof of Claim and Release shall be deemed to have

2    been submitted when actually received by the Claims Administrator.

3    Notwithstanding the foregoing, Class Counsel shall have the discretion

4    (but not the obligation) to accept for processing late submitted claims so

5    long as the distribution of the Net Settlement Fund to Authorized

6    Claimants is not materially delayed thereby. No Person shall have any

7    claim against Class Representatives, Class Counsel, or the Claims

8    Administrator by reason of the decision to exercise or not exercise such

9    discretion;

10   (c)    Each Proof of Claim and Release shall be submitted to and reviewed by

11   the Claims Administrator, who shall determine in accordance with this

12   Stipulation and the approved Plan of Allocation the extent, if any, to which

13   each claim shall be allowed, subject to review by the Court pursuant to

14   subparagraph (e) below;

15   (d)    Proofs of Claim and Releases that do not meet the submission

16   requirements may be rejected;

17   (e)    Prior to rejection of a Proof of Claim and Release, the Claims

18   Administrator shall communicate with the Claimant in order to attempt to

19   remedy the curable deficiencies. The Claims Administrator shall notify,

20   in a timely fashion and in writing, all Claimants whose Proofs of Claim

21   and Releases it proposes to reject in whole or in part, setting forth the

22   reasons therefor, and shall indicate in such notice that the Claimant whose

23   claim is to be rejected has the right to a review by the Court if the Claimant

24   so desires and complies with the requirements of subparagraph (f) below;

25   (f)    If any Claimant whose claim has been rejected in whole or in part desires

26   to contest such rejection, the Claimant must, within twenty (20) days after

27   the date of mailing of the notice required in subparagraph (e) above, serve

28

STIPULATION OF SETTLEMENT

upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection, along with any supporting documentation, and requesting a review thereof by the Court.  If a dispute concerning a claim cannot be otherwise resolved, Class Counsel shall thereafter present the request for review to the Court;

(g)    Each Claimant who submits a Proof of Claim and Release shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's claim, including, but not limited to, all releases provided for herein and in the Order and Final Judgment, and the claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to the Claimant's status as a Class Member and the validity and amount of the Claimant's claim.  In connection with processing the Proofs of Claim and Releases, no discovery shall be allowed on the merits of the Litigation or the Settlement; and

(h)    The Claims Administrator shall calculate the claims of Authorized Claimants in accordance with the Plan of Allocation.  Following the Effective Date, the Claims Administrator shall send to each Authorized Claimant his, her, or its pro rata share of the Net Settlement Fund.  No distributions will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.

5.4    Except for Defendants' obligation to pay or cause payment of the Settlement Amount as set forth herein, Defendants and the Released Defendants' Persons shall have no responsibility for, interest in, or liability whatsoever with respect to the investment or distribution of the Settlement Fund, the Plan of Allocation, the determination, administration, or calculation of claims, the payment or withholding of Taxes or Tax Expenses, or any losses incurred in connection therewith.

STIPULATION OF SETTLEMENT

5.5    No Person shall have any claim of any kind against the Defendants, Released Defendants' Persons, or Defendants' Counsel with respect to the matters set forth in this Section 5.

5.6    No Person shall have any claim against Class Representatives, the Escrow Agent, Class Counsel, Defendants, any of Released Defendants' Persons or their counsel, or any claims administrator based on distributions made substantially in accordance with this Stipulation and the Settlement contained herein, the Plan of Allocation, or further order(s) of the Court.

5.7    Defendants shall not have a reversionary interest in the Net Settlement Fund. The Net Settlement Fund shall be distributed to the Authorized Claimants in accordance with the Plan of Allocation set forth in the Notice and approved by the Court. The Claims Administrator will make reasonable and diligent efforts to have Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distributions. If there is any balance remaining in the Net Settlement Fund after a reasonable period of time after the initial distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks, or otherwise), Class Counsel, shall, if feasible, reallocate on a pro rata basis among Authorized Claimants who negotiated the checks sent to them in the initial distribution and who would receive a minimum of $10.00. These reallocations shall be repeated until the balance remaining in the Net Settlement Fund is *de minimis*, and any remainder shall thereafter be donated to Bay Area Financial Education Foundation and/or similar charities related to securities, investment or shareholder rights (in which no party or counsel has any interest).

5.8    It is understood and agreed by the Settling Parties that any proposed Plan of Allocation of the Net Settlement Fund, including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a part of this Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in the Stipulation, and any order or proceeding relating to the Plan of Allocation shall not operate to terminate or cancel the Stipulation or affect the finality of the Court's Order and Final Judgment approving the

Stipulation and the Settlement set forth therein, or any other orders entered pursuant to the Stipulation.

5.9    Class Representatives, Class Members, and Defendants shall be bound by the terms of this Stipulation, irrespective of whether the Court disapproves or modifies the Plan of Allocation.  The time to appeal from approval of the Settlement shall commence upon the Court's entry of the Order and Final Judgment regardless of whether a Plan of Allocation has been approved.

## 6.    Class Counsel's Attorneys' Fees and Expenses

6.1    Class Counsel may submit an application (the "Fee and Expense Application") for: (a) an award of attorneys' fees; (b) payment of expenses in connection with prosecuting the Litigation; and (c) any interest on such attorneys' fees and expenses at the same rate and for the same periods as earned by the Settlement Fund (until paid).  Any and all such fees, expenses, charges, and costs awarded by the Court shall be payable solely out of the Settlement Fund.  In addition, Co-Lead Plaintiffs may seek payment from the Settlement Fund pursuant to 15 U.S.C. § 78u4(a)(4) for time and expenses incurred in representing the Class.  Defendants shall take no position with respect to the Fee and Expense Application or any application for payment from the Settlement Fund to Co-Lead Plaintiffs pursuant to 15 U.S.C. § 78u4(a)(4).

6.2    The Fee and Expense Award, as awarded by the Court, shall be paid to Class Counsel from the Settlement Fund, as ordered, immediately upon final approval of the Settlement by the Court and the Court's execution of an order awarding such fees and expenses, notwithstanding the existence of any timely filed objection thereto, any appeal or potential for appeal therefrom, or collateral attack on the Settlement, any part thereof, or the Fee and Expense Award.

6.3    In the event that the Effective Date does not occur, or the Order and Final Judgment or Fee and Expense Award is reversed or modified, or the Stipulation is canceled or terminated for any other reason, and such reversal, modification, cancellation, or termination becomes final and not subject to review, and in the event that the Fee and Expense Award has

been paid to any extent, then such of Class Counsel who have received any portion of the Fee and Expense Award shall, within ten (10) business days from receiving notice from Defendants' Counsel or from a court of appropriate jurisdiction, refund to the Settlement Fund such fees and expenses previously paid to them from the Settlement Fund plus the interest earned thereon at the same rate as earned on the Settlement Fund consistent with such reversal or modification. Any refunds required pursuant to this ¶ 6.3 shall be the several obligations of Class Counsel receiving fees or expenses to make appropriate refunds or repayments to the Settlement Fund. Each such Class Counsel's law firm receiving fees and expenses, as a condition of receiving such fees and expenses, on behalf of itself and each partner and/or shareholder of it, agrees that the law firm and its partners and/or shareholders are subject to the jurisdiction of the Court for the purpose of enforcing the provisions of this paragraph.

6.4    The procedure for and the allowance or disallowance by the Court of the Fee and Expense Application, or Co-Lead Plaintiffs' expenses to be paid out of the Settlement Fund, are not part of the Settlement, and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement, and any determination by the Court regarding the Fee and Expense Application or Co-Lead Plaintiffs' expenses shall not impact the finality, validity, and enforceability of the Settlement, this Stipulation, or the releases contained herein.  Any order or proceeding relating to the Fee and Expense Application or Co-Lead Plaintiffs' expenses or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Settlement, or affect or delay the finality of the Order and Final Judgment approving this Stipulation and the Settlement of the Litigation.

6.5    The Settling Parties acknowledge and agree that any Fee and Expense Award approved by the Court shall be the sole and exclusive attorneys' fee award paid to Class Counsel in connection with the Settlement, and any fees and expenses awarded by the Court shall be paid solely from the Settlement Fund.  Defendants and the Released Defendants' Persons shall

have no responsibility for any payment of any kind apart from payment of the Settlement Fund pursuant to ¶ 2.1.

**7.    Conditions of Settlement, Effect of Disapproval, Cancellation or Termination**

7.1    The Effective Date of the Stipulation shall be conditioned on the occurrence of all of the following events:

(a)    execution of this Stipulation and such other documents as may be required to obtain final Court approval of the Stipulation in a form satisfactory to the Settling Parties;

(b)    the Court has entered the Preliminary Approval Order, as required by ¶ 3.1 hereof;

(c)    the Settlement Amount has been deposited in the Escrow Account, as required by ¶ 2.1 above;

(d)    the Defendants have not exercised their option to terminate the Stipulation pursuant to ¶ 7.4 hereof;

(e)    the Court has approved this Stipulation, following notice to the Class Members and the Final Approval Hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure;

(f)    the Court has entered the Order and Final Judgment in substantially the form of Exhibit B attached hereto;

(g)    the Order and Final Judgment has become Final, as defined in ¶ 1.20 hereof; and

(h)    the Action is dismissed with prejudice.

7.2    This is not a claims-made settlement.  As of the Effective Date, no Defendant or other Person shall have any right to the return of the Settlement Fund or any portion thereof for any reason.  Upon the occurrence of all of the events referenced in ¶ 7.1 above, any and all remaining interest or right of Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished.  If all of the conditions specified in ¶ 7.1 hereof are not met, then this

Stipulation shall be cancelled and terminated subject to ¶ 7.5 below unless Class Counsel and Defendants' Counsel mutually agree in writing to proceed with the Settlement.

7.3    The Settling Parties shall have the right to terminate the Settlement and this Stipulation by providing written notice of their election to do so ("Termination Notice") to all other parties hereto within thirty (30) days of: (a) the Court's declining to enter a Preliminary Approval Order substantially in the form of the Preliminary Approval Order submitted by the Parties; (b) the Court's refusal to approve this Stipulation or a substantially similar Stipulation; (c) the Court's declining to enter the Order and Final Judgment, or a substantially similar document; (d) the Order and Final Judgment being modified or reversed by the United States Court of Appeals for the Ninth Circuit or the Supreme Court of the United States in any manner that results in a document that is not substantially similar to the document submitted by the Settling Parties; (e) the occurrence of any condition set forth in the Settling Parties' Supplemental Agreement, as provided in ¶ 7.4 below; or (f) the Effective Date not otherwise occurring.  No order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation, or Exhibit A-2 to this Stipulation, or the amount of any attorneys' fees, costs, expenses, and interest awarded by the Court to Class Counsel or Co-Lead Plaintiffs, shall constitute grounds for cancellation or termination of the Settlement.

7.4    Notwithstanding any other provision or paragraph of this Stipulation, Defendants shall have the option to terminate the Settlement in the event that a portion of the Class, equal or greater than the portion specified in the separate supplemental agreement between Class Counsel and Defendants' Counsel (the "Supplemental Agreement") delivers timely and valid requests for exclusion from the Class.  The Supplemental Agreement, which is being executed concurrently herewith, will not be filed with the Court unless requested by the Court or unless a dispute among the Settling Parties concerning its interpretation or application arises, and in that event, the Settling Parties will use their reasonable best efforts to file the Supplemental Agreement for the Court's *in camera* review and/or under seal.

7.5    In the event that the Stipulation is not approved by the Court or the Settlement set forth in the Stipulation is terminated or fails to become effective in accordance with its terms: (i) the Parties shall revert to their pre-mediation litigation positions as of November 7, 2024; and (ii) any amount funded or caused to be funded by Aimmune under ¶ 2.1 that has not actually been paid or accrued for Notice and Administration Costs and/or Tax or Tax Expenses shall be returned in full, plus interest actually earned with respect to such amount.  In such event, the terms and provisions of the Stipulation, with the exception of ¶¶ 2.6, 2.9, 6.3, 7.5-7.6, 8.1-8.3, and 10.4-10.5 hereof, shall have no further force and effect with respect to the Settling Parties and shall not be used in the Litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc*.  No order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation, or Exhibit A-2, or the amount of any attorneys' fees, costs, expenses, and interest awarded by the Court to Class Counsel shall constitute grounds for cancellation or termination of the Stipulation.

7.6    If the Effective Date does not occur, or if the Stipulation is terminated pursuant to its terms, neither Class Representatives nor Class Counsel shall have any obligation to repay any amounts actually and properly disbursed from the Settlement Fund for the Notice and Administration Costs of the Settlement pursuant to ¶ 2.7 hereof.  In addition, any expenses already incurred and properly chargeable to the Settlement Fund for the Notice and Administration Costs of the Settlement pursuant to ¶ 2.7 hereof at the time of such termination or cancellation, but which have not been paid, shall be paid by the Escrow Agent in accordance with the terms of the Stipulation prior to the balance being refunded in accordance with ¶ 2.9 hereof.

**8.    No Admission of Wrongdoing**

8.1    Class Representatives' execution of this Stipulation does not constitute an admission by Class Representatives: (i) of the lack of any wrongdoing, violation of law, or

liability on behalf of any Defendant whatsoever; or (ii) that recovery could not be had should the action not be settled.

8.2    Defendants' execution of this Stipulation does not constitute an admission by any Defendant or any of the Released Defendants' Persons: (i) of any wrongdoing, violation of law, or liability whatsoever; or (ii) that recovery could be had in any amount should the action not be settled. Defendants expressly deny that Class Representatives have asserted any valid claims as to any of them, and expressly deny any and all allegations of fault, damages, wrongdoing and liability, and maintain that their conduct at all times was legal and proper.

8.3    Neither the Stipulation nor the Settlement, whether or not they are consummated, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement shall be offered against any of the Defendants or Released Defendants' Persons as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission with respect to the truth of any fact alleged by Class Representatives, the validity of any claim that was or could have been asserted, or the deficiency of any defense that has been or could have been asserted in this Litigation or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind or in any way referred to for any other reason as against any of Defendants or Released Defendants' Persons, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation. The Defendants and Released Defendants' Persons may file this Stipulation and/or the Order and Final Judgment in any action that has been or may be brought against them in order to support a claim or defense based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim or in connection with any insurance litigation.

**9.    Class Certification**

9.1    Pursuant to the Class Certification Order, the Action was certified as a class action pursuant to Federal Rule of Civil Procedure 23, with Class Representatives appointed class

representatives and Class Counsel appointed class counsel to represent the Class and all of its members.

**10.    Miscellaneous Provisions**

10.1   The Settling Parties (a) acknowledge that it is their intent to consummate this Settlement; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation, including in seeking Court approval of the Preliminary Approval Order, and to exercise their best efforts to accomplish the foregoing terms and conditions of the Stipulation expeditiously and to obtain final approval by the Court of the Settlement.

10.2   This Stipulation, the Exhibits attached hereto, and the Supplemental Agreement constitute the entire agreement between the Settling Parties as to the subject matter hereof and supersede any prior or contemporaneous written or oral agreements or understandings between the Settling Parties.  No representations, warranties, or inducements have been made to any party concerning the Stipulation, its Exhibits, or the Supplemental Agreement other than the representations, warranties, and covenants contained and memorialized in such documents.

10.3   Except as otherwise provided for herein, each party shall bear his, her, or its own costs.

10.4   The Settling Parties intend this Settlement to be a final and complete resolution of all disputes between them with respect to the Litigation.  The Settlement compromises all claims that were contested in the Litigation and that could have been asserted in the Litigation and shall not be deemed an admission by any Settling Party as to the merits of any claim or defense.  Pursuant to 15 U.S.C. § 78u-4(c)(1), the Settling Parties agree and the Order and Final Judgment will contain a statement that, during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.  The Settling Parties agree that the amount paid to the Settlement Fund and the other terms of the Settlement were negotiated in good faith by the Settling Parties, and reflect a settlement that was reached voluntarily after consultation with competent legal counsel and

the assistance of a competent and neutral third-party mediator. Whether or not the Stipulation is approved by the Court and whether or not the Stipulation is consummated, or the Effective Date occurs, the Settling Parties and their counsel shall use their best efforts to keep all settlement negotiations, settlement discussions, and draft documents confidential; provided, however, that this paragraph ¶ 10.4 (i) shall not prevent the Settling Parties from making disclosures to their insurers, auditors, attorneys, officers, directors or associates, or disclosures to others as may be required by law or regulation, and (ii) shall not limit the materials or evidence that may be offered or referred to by the Settling Parties in disputes, actions, or proceedings arising with any insurer. The Settling Parties reserve their right to rebut, in a manner that such party determines to be appropriate, any contention made in any public forum that the Litigation was brought or defended in bad faith or without a reasonable basis.

10.5  Except as otherwise provided for herein, all agreements made and orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Stipulation.

10.6  The Settling Parties agree to take no action in connection with the Settlement that is intended to, or that would reasonably be expected to, harm the reputation of any of the Settling Parties (including a party's officers, directors, employees, agents, or attorneys), or that would reasonably be expected to lead to unfavorable publicity for any of the Settling Parties.

10.7  This Stipulation shall be construed and interpreted to effectuate the intent of the Settling Parties, which is to resolve completely those claims and disputes, including in this Litigation, and as more fully described herein. If any provision of this Stipulation shall be determined to be invalid, void, or illegal, such provision shall be construed and amended in a manner that would permit its enforcement, but in no event shall such provision affect, impair, or invalidate any other provision hereof.

10.8  All of the Exhibits to the Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

STIPULATION OF SETTLEMENT

10.9   The Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

10.10  Neither the Class Representatives nor Defendants shall be bound by the Stipulation if the Court substantively modifies any terms thereof, provided, however, that it shall not be a basis for Class Representatives to terminate the Settlement if the Court modifies any part of the proposed Plan of Allocation or criteria for allocation of the Net Settlement Fund amongst Authorized Claimants, or Exhibit A-2 hereto, or if the Plan of Allocation is modified on appeal.  Nor shall it be a basis to terminate the Stipulation if the Court disapproves of or modifies the terms of this Stipulation with respect to attorneys' fees or expenses, or time or expenses awarded by the Court to Co-Lead Plaintiffs, or interest as may be awarded by the Court, or the distribution of the Net Settlement Fund.  Notwithstanding any such modification of the terms or Plan of Allocation of the Stipulation with respect to attorneys' fees or expenses, Defendants and Defendants' insurers shall be entitled to all benefits of the Settlement and shall not, under any circumstances, be called upon to contribute additional funds to the Settlement Fund.

10.11  Class Representatives and Class Counsel represent and warrant that none of Class Representatives' claims or causes of action referred to in this Litigation or this Stipulation has been assigned, encumbered, or in any manner transferred in whole or in part.

10.12. Each counsel or other Person executing the Stipulation or any of its Exhibits on behalf of any party hereto hereby warrants that such Person has the full authority to do so.

10.13   All notices, requests, demands, claims, and other communications hereunder between Class Representatives and Defendants, by and through their respective counsel, shall be in writing and shall be deemed duly given: (i) when delivered to the recipient by email at the addresses set forth below; (ii) five (5) business days after being sent to the recipient by reputable overnight courier service (charges prepaid); or (iii) eight (8) business days after being mailed to the recipient by certified or registered mail, return receipt requested, and postage prepaid, and addressed to the intended recipient as set forth below:

1

***If to Class Representatives or to Class Counsel:***

2

Juan E. Monteverde

3

**Monteverde & Associates PC**
The Empire State Building

4

350 Fifth Avenue, Suite 4740
New York, New York 10118

5

Tel: (212) 971-1341
jmonteverde@monteverdelaw.com

6

7

-and-

8

Michael J. Palestina

9

**Kahn Swick & Foti, LLC**
1100 Poydras Street, Suite 960

10

New Orleans, Louisiana 70163
Tel: (504) 648-1843

11

Michael.palestina@ksfcounsel.com

12

***If to Defendants or to Defendants' Counsel:***

13

Daniel R. Gherardi

14

**Latham & Watkins LLP**
140 Scott Drive

15

Menlo Park, California 94025
Tel: (650) 328-4600

16

Daniel.gherardi@lw.com

17

-and-

18

Kristin N. Murphy

19

650 Town Center Drive, 20th Floor
Costa Mesa, California 92626-1925

20

Tel: (714) 755-8287
Kristin.murphy@lw.com

21

22

-and-

23

Morgan E. Whitworth

24

505 Montgomery Street, Suite 2000
San Francisco, California 94111

25

Tel: (415) 391-0600
Morgan.whitworth@lw.com

26

27

28

STIPULATION OF SETTLEMENT

10.14. The Stipulation may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. A complete set of executed counterparts shall be filed with the Court. Signatures sent by facsimile or PDF via email shall be deemed originals.

10.15 The Stipulation shall be binding upon, and inure to the benefit of, the heirs, administrators, successors and assigns of the Settling Parties.

10.16 The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Stipulation, and the Settling Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in the Stipulation.

10.17 The waiver by any Settling Party of any breach of this Stipulation by any other Settling Party shall not be deemed a waiver by any other Settling Party or a waiver of any other prior or subsequent breach of this Stipulation.

10.18 Pending approval of the Court of the Stipulation and its Exhibits, all proceedings in this Litigation shall be stayed and all Class Members shall be barred and enjoined from prosecuting any of the Released Claims against Defendants and the Released Defendants' Persons.

10.19 The Stipulation and the Exhibits attached hereto and the Supplemental Agreement shall be considered to have been negotiated, executed, and delivered, and to be wholly performed, in the State of California, and the rights and obligations of the Settling Parties to the Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of California without giving effect to that State's choice-of-law principles.

10.20 The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

10.21 This Stipulation shall not be construed more strictly against one Settling Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by

STIPULATION OF SETTLEMENT

counsel for one of the Settling Parties, it being recognized that it is the result of arm's-length negotiations between the Settling Parties and each of the Settling Parties have contributed substantially and materially to the preparation of this Stipulation.

IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be executed, by their duly authorized attorneys, dated January 17, 2025.

**MONTEVERDE & ASSOCIATES PC**

*/s/ Juan E. Monteverde*
Juan E. Monteverde (*admitted pro hac vice*)
The Empire State Building
350 Fifth Ave. Suite 4740
New York, NY 10118
Tel: (212)-971-1341
Fax: (212)-202-7880
Email: jmonteverde@monteverdelaw.com

David E. Bower (SBN 119546)
600 Corporate Pointe, Suite 1170
Culver City, CA 90230
Tel: (213) 446-6652
Fax: (212) 202-7880
Email: dbower@monteverdelaw.com

**KAHN SWICK & FOTI, LLC**

*/s/ Michael J. Palestina*
Michael J. Palestina (*admitted pro hac vice*)
1100 Poydras Street, Suite 960
New Orleans, LA 70163
Tel: (504) 455-1400
Fax: (504) 455-1498

*Counsel for Co-Lead Plaintiffs and Class Counsel*

**LATHAM & WATKINS LLP**

*/s/ Kristin N. Murphy*
Michele D. Johnson (SBN 198298)
Kristin N. Murphy (SBN 268285)
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626-1925
Tel: (714) 755-8287
Email: michele.johnson@lw.com
Email: kristin.murphy@lw.com

Daniel R. Gherardi (SBN 317771)
140 Scott Drive
Menlo Park, CA 94025
Tel: (650) 328-4600
Email: daniel.gherardi@lw.com

Morgan E. Whitworth (SBN 304907) 505
Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 391-0600
Email: morgan.whitworth@lw.com

*Attorneys for Defendants Aimmune Therapeutics, Inc. and Jayson D.A. Dallas*

STIPULATION OF SETTLEMENT

# EXHIBIT A

David E. Bower (SBN 119546)
**MONTEVERDE & ASSOCIATES PC**
600 Corporate Pointe, Suite 1170
Culver City, CA 90230
Tel: (213) 446-6652
Fax: (212) 202-7880
Email: dbower@monteverdelaw.com

*Counsel for Co-Lead Plaintiffs and Class Counsel*

[Additional Counsel on Signature Page]

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE AIMMUNE THERAPEUTICS, INC. SECURITIES LITIGATION | Case No. 3:20-CV-06733-MMC<br><br>Hon. Maxine M. Chesney<br><br>CLASS ACTION |

## [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE

1

WHEREAS, there is an action pending before this Court styled *In re Aimmune Therapeutics, Inc. Securities Litigation,* Case No. 3:20-CV-06733-MMC (the "Litigation");

WHEREAS, the Court-appointed Class Representatives Bruce Svitak and Cecilia Pemberton ("Class Representatives") have made a motion, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the Settlement of this Litigation, in accordance with a Stipulation of Settlement dated January 17, 2025 (the "Stipulation"), which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed Settlement of the Litigation between the Settling Parties and for dismissal with prejudice of the Litigation against Defendants and of the Released Claims upon the terms and conditions set forth therein;

WHEREAS, the Court having read and considered the Stipulation and the Exhibits annexed thereto;

WHEREAS, the Settling Parties to the Stipulation having consented to entry of this Order; and

WHEREAS, unless otherwise defined, all terms used herein have the same meanings as set forth in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.    **Preliminary Approval of Settlement:** The Court has reviewed the Stipulation, finds that the Stipulation resulted from arm's-length negotiations, and does hereby preliminarily approve the Stipulation and Settlement set forth therein as being fair, reasonable, and adequate to Class Members subject to further consideration at the hearing described in ¶ 2 below.

2.    **Settlement Hearing:** A hearing shall be held before this Court on _____, 2025, at _____ _.m. (a date that is at least **120 calendar days** from the date of this Order) (the "Final Approval Hearing"). Class Members should visit the Settlement website in advance of the Final Approval Hearing to determine whether that hearing will occur in person at the United States District Court for the Northern District of California, 450 Golden Gate Avenue,

Courtroom 7, San Francisco, CA 94102 or via a remote link.  At the Final Approval Hearing the Court will (a) determine whether the proposed Settlement is fair, reasonable, and adequate to the Class and should be approved by the Court; (b) determine whether an Order and Final Judgment as defined in ¶ 1.26 of the Stipulation should be entered; (c) determine whether the proposed Plan of Allocation should be approved; (d) determine the amount of attorneys' fees and expenses that should be awarded to Class Counsel; (e) determine any award to Co-Lead Plaintiffs pursuant to 15 U.S.C. § 78u-4(a)(4); (f) hear any objections by Class Members to: (i) the Settlement or Plan of Allocation; (ii) any award to Co-Lead Plaintiffs; and/or (iii) the award of attorneys' fees and expenses to Class Counsel; and (g) consider such other matters the Court deems appropriate.  The Court may adjourn the Final Approval Hearing without further notice to the Class Members.

3.    The Court approves the form, substance, and requirements of the Notice of Pendency and Proposed Settlement of Class Action ("Notice") and Proof of Claim and Release, substantially in the forms annexed hereto as Exhibits A-1 and A-2, respectively.

4.    The Court approves the form of the Summary Notice, substantially in the form annexed hereto as Exhibit A-3.

5.    Defendants shall comply with the Class Action Fairness Act, 28 U.S.C. §§ 1711 *et seq* ("CAFA"). At least ten (10) calendar days prior to the Final Approval Hearing, Defendants' Counsel shall file with the Court an appropriate affidavit or declaration regarding compliance with CAFA.

6.    **Retention of Claims Administrator and Method of Giving Notice:** The firm of RG/2 Claims Administration LLC (the "Claims Administrator") is hereby appointed to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below.

(a) Class Counsel, through the Claims Administrator, shall cause the Stipulation and its exhibits, this Order, and a copy of the Notice and Proof of Claim and Release to be

3

posted on the Claims Administrator's settlement website for the Litigation at www.url.com.

(b) The Claims Administrator shall make reasonable efforts to identify all Class Members and, after the Court signs and enters this Order (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice to be mailed by First-Class Mail to all Class Members who can be identified with reasonable effort and to post the Notice on its website identified above.

(c) Class Counsel shall cause the Summary Notice to be published in *PRNewswire*.

(d) Class Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing referenced in 6(a)-(c).

(e) Nominees who held Aimmune common stock for the benefit of another Person during the Class Period shall be requested to send the Notice to such beneficial owners of Aimmune common stock within fifteen (15) calendar days after receipt thereof, or, send a list of the names and addresses of such beneficial owners to the Claims Administrator within fifteen (15) calendar days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice to such beneficial owners.

7.     The form and content of the notice program described herein and the methods set forth herein for notifying the Class of the Settlement and its terms and conditions, the Fee and Expense Application, and the Plan of Allocation: (a) meet the requirements of Federal Rule of Civil Procedure 23, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(a)(7), 15 U.S.C. § 77z-1(a)(7) (the "PSLRA"), and any other applicable law, and is the best notice practicable under the circumstances; (b) constitutes notice that is reasonably calculated, under the circumstances, to apprise the Class Members of the pendency of the Litigation, the effect of the proposed Settlement (including the releases contained therein), and of their right to object to the proposed Settlement, exclude themselves from the Settlement, and/or appear at the Final Approval Hearing; and (c)

constitutes due, adequate, and sufficient notice to all Persons entitled thereto. The date and time of the Final Approval Hearing shall be included in the Notice and Summary Notice before they are issued. All fees, costs, and expenses incurred in notifying Class Members shall be paid from the Settlement Fund and in no event shall any of the Defendants or Released Defendants' Persons bear any responsibility for such fees, costs or expenses. All Class Members (except Persons who request exclusion pursuant to ¶ 11 below) shall be bound by all determinations and judgments in the Litigation concerning the Settlement, including, but not limited to, the releases provided for therein, whether favorable or unfavorable to the Class, regardless of whether such Persons seek or obtain by any means, including, without limitation, by submitting a Proof of Claim and Release or any similar document, any distribution from the Settlement Fund or the Net Settlement Fund.

8. **Schedule and Next Steps for Final Approval:** The Court sets the following schedule:

| | |
|---|---|
| Notice mailed to the Class | _____, 2025 (a date that is 14 calendar days after the Notice Date) |
| Summary Notice published | _____, 2025 (a date that is 3 calendar days after the Notice Date) |
| Deadline for filing brief in support of Class Counsel's request for an award of attorneys' fees and expenses and any service award to Co-Lead Plaintiffs | _____, 2025 (a date that is 77 calendar days prior to the Final Approval Hearing) |
| Last day for submitting Proof of Claim and Release forms | _____, 2025 (a date that is 42 calendar days prior to the Final Approval Hearing) |
| Deadline for requesting exclusion from the Class and objecting to the Settlement, Plan of Allocation, or request for an award of attorneys' fees and expenses | _____, 2025 (a date that is 42 calendar days prior to the Final Approval Hearing) |
| Deadline for filing brief in support of the Settlement and Plan of Allocation | _____, 2025 (a date that is 35 calendar days prior to the Final Approval Hearing) |
| File declaration confirming mailing or publishing of the Notice and Summary Notice | _____, 2025 (a date that is 7 calendar days prior to the Final Approval Hearing) |
| Reply papers in support of the Settlement, Plan of Allocation, or request for an award of attorneys' fees and expenses | _____, 2025 (a date that is 7 calendar days prior to the Final Approval Hearing) |

5

| Final Approval Hearing | _____, 2025 (at the Court's convenience, but no less than 120 calendar days after the Notice Date) |
|---|---|

9.      Pending final determination by the Court as to whether the Settlement, as set forth in the Stipulation, is fair, reasonable and adequate and should be finally approved and whether the Order and Final Judgment dismissing the action with prejudice should be approved, neither Class Representatives nor any Class Member, either directly, representatively, or in any other capacity, shall assert, commence, aid, or prosecute any of the Plaintiffs' Released Claims against any of the Defendants or Released Defendants' Persons in this Litigation or in any other proceeding, arbitration, or forum.  This injunction is necessary to protect and effectuate the Settlement, this Order, and the Court's flexibility and authority to effectuate the Settlement and to enter judgment when appropriate, and is ordered in aid of the Court's jurisdiction and to protect its judgments.

10.     **Class Members' Participation in the Settlement:** Class Members who wish to participate in the Settlement shall complete and submit the Proof of Claim and Release in accordance with the instructions contained therein.  Unless the Court orders otherwise, all Proofs of Claim and Releases must be postmarked or submitted electronically no later than the date set forth in ¶ 8 herein.  Any Class Member who fails to submit a Proof of Claim and Release within the time provided, or whose Proof of Claim and Release is otherwise not approved, shall in all other respects be bound by all of the terms of the Stipulation and the Settlement, including the terms of the Order and Final Judgment and the releases provided for therein, and will be barred from asserting any of Plaintiffs' Released Claims against any of the Defendants or Released Defendants' Persons.  Notwithstanding the foregoing, Class Counsel shall have the discretion (but not the obligation) to accept late-submitted claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund is not materially delayed thereby.  No person shall have any claim against Class Representatives, Class Counsel, or the Claims Administrator by reason of the decision to exercise or not exercise such discretion.

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE

(a) The Proof of Claim and Release submitted by each Class Member must, unless otherwise ordered by the Court: (i) be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (ii) to the extent it is readily available, be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation deemed adequate by Class Counsel or the Claims Administrator; (iii) include in the Proof of Claim and Release a certification of current authority to act on behalf of the Class Member if the person executing the Proof of Claim and Release is acting in a representative capacity; (iv) be complete and contain no material deletions or modifications of any of the printed matter contained therein; and (v) be signed under penalty of perjury.

(b) By submitting a Proof of Claim, a Class Member will be deemed to have submitted to the jurisdiction of this Court with respect to the Class Member's claim, including, but not limited to, all releases provided for in the Stipulation and in the Order and Final Judgment.

(c) Any Class Member may enter an appearance in the Litigation, at his, her, or its own expense, individually or through counsel of their own choice. If they do not enter an appearance, they will be represented by Class Counsel.

11. **Exclusion from the Class:** Any Person falling within the definition of the Class may, upon request, be excluded or "opt out" from the Class. Any such Person must submit to the Claims Administrator a request for exclusion ("Request for Exclusion"), by First-Class Mail postmarked no later than the date set forth in ¶ 8 herein. A Request for Exclusion must be signed and state: (a) the name, address, and telephone number of the Person requesting exclusion; (b) the number of shares of Aimmune common stock held during the Class Period and the dates held

during the Class Period; and (c) that the Person wishes to be excluded from the Class. All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or any final judgment.

Class Counsel shall cause to be provided to Defendants' Counsel copies of all Requests for Exclusion and a list of all Class Members who have requested exclusion, and any written revocation of Requests for Exclusion, as expeditiously as possible and in any event no later than _____, 2025 (a date thirty (30) calendar days prior to the Final Approval Hearing).

12.    **Appearance and Objections at Settlement Hearing:** Any Class Member may appear and object if he, she, or it has any reason why the proposed Settlement of the Litigation should not be approved as fair, reasonable, and adequate, or why a judgment should not be entered thereon, why the Plan of Allocation should not be approved, why the requested attorneys' fees and expenses should not be awarded to Class Counsel, or why any award pursuant to 15 U.S.C. § 78u-4(a)(4) should not be approved for Co-Lead Plaintiffs; provided, however, that no Class Member or any other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, or, if approved, the Order and Final Judgment to be entered thereon approving the same, or the order approving the Plan of Allocation, any attorneys' fees and expenses to be awarded to Class Counsel, or any award to Co-Lead Plaintiffs, unless written objections and supporting papers are timely submitted to the Court by either filing them electronically or in person at any location of the United States District Court for the Northern District of California or by mailing them to the Class Action Clerk, United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102, by the dates set forth in ¶ 8 herein. Any such written objection and supporting papers must: (a) clearly identify the case name and number; (b) indicate the objector's name, address, and telephone number; (c) specify the reason(s) for the objection; (d) identify the date(s), price(s), and number(s) of shares of Aimmune common stock held during the Class Period by the objector; (e)

Case 3:20-cv-06733-MMC   Document 244-1   Filed 01/17/25   Page 48 of 84

including Class Counsel, shall have any obligation to repay any amounts actually and properly incurred or disbursed pursuant to ¶ 2.7 of the Stipulation.

17.    **Use of this Order:** Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations, discussions, proceedings connected with it, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement may be construed as an admission, concession, or presumption by or against any of the Defendants or Released Defendants' Persons of the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind; or as a waiver by any of the Parties of any arguments, defenses, or claims he, she, or it may have in the event the Stipulation is terminated; or offered or received in evidence, or otherwise used by any person in the Litigation, or in any other action or proceeding, whether civil, criminal, or administrative, in any court, administrative agency, or other tribunal, except in connection with any proceeding to enforce the terms of the Stipulation. The Defendants, Released Defendants' Persons, Class Representatives, Class Members, and each of their counsel may file the Stipulation and/or the Order and Final Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

18.    **Stay and Temporary Injunction:** All proceedings in the Litigation are stayed until further order of this Court, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation.  Pending final determination of whether the Settlement should be approved, neither Class Representatives nor any Class Member, either directly, representatively, or in any other capacity shall commence or prosecute any of Plaintiffs' Released Claims against any of the Defendants or Released Defendants' Persons in any action or proceeding in any court or tribunal.

19.    The Court reserves the right to alter the time or the date of the Final Approval Hearing without further notice to the Class Members, provided that the time or the date of the

Final Approval Hearing shall not be set at a time or date earlier than the time and date set forth in ¶ 2 above, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.  The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class.

20. **Termination of Settlement:**  If the Settlement fails to become effective as defined in the Stipulation or is terminated, then, in any such event, the Stipulation, including any amendment(s) thereof, except as expressly provided in the Stipulation, and this Order shall be null and void, of no further force or effect, and without prejudice to any Settling Party, and may not be introduced as evidence or used in any actions or proceedings by any person or entity against the Settling Parties, and they shall be deemed to have reverted to their respective positions in the Litigation as of November 7, 2024, prior to filing the Notice of Settlement.


IT IS SO ORDERED.

DATED: _____        _____

THE HONORABLE MAXINE M. CHESNEY
UNITED STATES DISTRICT JUDGE

# EXHIBIT A-1

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE AIMMUNE THERAPEUTICS, INC. SECURITIES LITIGATION | Case No. 3:20-CV-06733-MMC<br><br>Hon. Maxine M. Chesney<br><br>CLASS ACTION |

## NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION

**TO:   ALL RECORD HOLDERS AND ALL BENEFICIAL HOLDERS OF AIMMUNE THERAPEUTICS, INC. ("AIMMUNE" OR THE "COMPANY") COMMON STOCK WHO HELD SUCH STOCK AT ANY TIME DURING THE PENDENCY OF THE TENDER OFFER INVOLVING AIMMUNE, SOCIÉTÉ DES PRODUITS NESTLÉ S.A. ("NESTLE"), AND SPN MERGERSUB, INC. ("MERGER SUB") (FROM SEPTEMBER 14, 2020 THROUGH OCTOBER 9, 2020) AND HAD THEIR SHARES EXCHANGED FOR $34.50 PER SHARE IN CONNECTION WITH THE CLOSING OF THE MERGER (ON OCTOBER 13, 2020) (THE "CLASS").**

PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.  YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THIS LITIGATION.  PLEASE NOTE THAT IF YOU ARE A CLASS MEMBER, YOU MAY BE ENTITLED TO SHARE IN THE PROCEEDS OF THE SETTLEMENT DESCRIBED IN THIS NOTICE.  TO CLAIM YOUR SHARE OF THE SETTLEMENT PROCEEDS, YOU MUST SUBMIT A VALID PROOF OF CLAIM AND RELEASE FORM ("PROOF OF CLAIM") **POSTMARKED OR SUBMITTED ONLINE ON OR BEFORE [INSERT DATE]**.

This Notice of Pendency and Proposed Settlement of Class Action ("Notice") has been provided to you pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Northern District of California (the "Court").  The purpose of this Notice is to inform you of the proposed settlement of the above-captioned Litigation (the "Settlement") and of the hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation of the settlement proceeds, and Class Counsel's application for attorneys' fees and expenses.  This Notice describes the rights you may have as a Class Member and what steps you may take in relation to the Settlement and this Litigation, or, alternatively, what steps you must take if you wish to be excluded from the Class and this Litigation.[1]

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A PROOF OF CLAIM** | The only way to receive a payment.  Proofs of Claim must be postmarked or submitted online on or before [Insert Date]. |
| **EXCLUDE YOURSELF** | Receive no payment.  This is the only option that allows you to ever bring a lawsuit against Defendants concerning the legal claims at issue |

---

[1]    All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings provided in the Stipulation of Settlement, which, along with other important documents, is available on the Settlement website, www.url.com.

| | |
|---|---|
| | in this case. Exclusions must be postmarked or received no later than [Insert Date]. |
| **OBJECT** | Write to the Court about why you oppose the Settlement, the Plan of Allocation, the request for Class Counsel's attorneys' fees, and/or the time and expenses of Co-Lead Plaintiffs. You will still be a Member of the Class. Objections must be received by the Court or postmarked on or before [Insert Date]. |
| **GO TO A HEARING** | Ask to speak in Court about the fairness of the Settlement. Requests to speak must be received by the Court on or before [Insert Date]. You are not required to attend the hearing. |
| **DO NOTHING** | Receive no payment from the Settlement. Members of the Class who do nothing remain bound by the terms of the Settlement. |

## SUMMARY OF THIS NOTICE

### Statement of Class Recovery

Pursuant to the Settlement described herein, the Settlement Amount is for $27.5 million. A Class Member's actual recovery will be a proportion of the Net Settlement Fund determined by that Claimant's claim as compared to the total claims of all Class Members who submit acceptable Proofs of Claim. An individual Class Member may receive more or less than the estimated average amount provided below depending on the number of claims submitted. *See* Plan of Allocation as set forth at pages 11-12 below for more information on your claim.

### Statement of Potential Outcome of Litigation

The Settling Parties disagree on both liability and damages and do not agree on the amount of damages per share of Aimmune common stock that would be recoverable if the Class prevailed on each claim alleged. The Defendants deny that they are liable to the Class and deny that the Class has suffered any damages.

### Reasons for the Settlement

The principal reason for the Settlement is the benefit to be provided to the Class now. This benefit must be compared to the risk that no recovery might be achieved after a contested trial and likely appeals, possibly years into the future.

### Statement of Attorneys' Fees and Expenses Sought

Class Counsel have not received any payment for their services in conducting this Litigation on behalf of the Class, nor have they been paid for their litigation expenses. If the Settlement is approved by the Court, Class Counsel will apply to the Court for an award of attorneys' fees not to exceed one-third of the Settlement Fund, plus expenses not to exceed $450,000.00 and any interest thereon, in connection with the Litigation. Since the Litigation's inception in September of 2020, Class Counsel have expended a considerable amount of time and effort in the prosecution of this Litigation on a contingent fee basis and advanced the expenses of the Litigation in the expectation that if they were successful in obtaining a recovery for the Class they would be paid from such recovery. In this type of litigation, it is customary for counsel to be awarded a percentage of the common fund recovery as their attorneys' fees. In addition, Co-Lead Plaintiffs have expended time and resources in this Litigation. Accordingly, and as part of Class Counsel's application for an award of fees and expenses, all Co-Lead Plaintiffs may seek up to an aggregate of $25,000 in accordance with 15 U.S.C. §78u-4(a)(4) for their time and expenses in connection with their representation of the Class throughout the Litigation, with Class Representatives Bruce Svitak and Cecilia Pemberton each seeking up to $10,000 and Co-Lead Plaintiff Barbara Carol Svitak seeking up to $5,000. The requested fee amount is approximately $0.20 per damaged share, but the average cost per damaged share will vary depending on the number of valid and timely Proofs of Claim submitted. Defendants take no position with respect to the Fee and Expense Application or any application for payment from the Settlement Fund to Co-Lead Plaintiffs.

## BASIC INFORMATION

| **1.  Why did I get this Notice package?** |
| --- |

You or someone in your family may have held Aimmune common stock during the time period from and including September 14, 2020 and through and including October 9, 2020 ("Class Period").

The Court directed that this Notice be sent to Class Members because they have a right to know about the proposed Settlement of this class action lawsuit, and about all of their options, before the Court decides whether to approve the Settlement.

This Notice explains the class action lawsuit, the Settlement, Class Members' legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the Litigation is the United States District Court for the Northern District of California, and the case is known as *In re Aimmune Therapeutics, Inc. Securities Litigation*, Case No. 3:20-CV-06733-MMC. The case has been assigned to the Honorable Maxine M. Chesney. Bruce Svitak and Cecilia Pemberton have been appointed by the Court as class representatives (referred to as the "Class Representatives" in this Notice), and the parties who were sued and who have now settled are called the "Defendants."

| **2.  What is this lawsuit about?** |
| --- |

On August 29, 2020, Aimmune entered into an agreement and plan of merger (the "Merger Agreement") with Société des Produits Nestlé S.A. ("Nestle"), and its subsidiary SPN MergerSub, Inc. ("Merger Sub"), pursuant to which Merger Sub commenced a tender offer to purchase all the issued and outstanding common stock of the Company at $34.50 per share ("Offer Price").

On September 14, 2020, Defendants publicly filed a Schedule 14D-9 Recommendation Statement ("Recommendation Statement") with the U.S. Securities and Exchange Commission (the "SEC"). Subsequent amended versions of the Recommendation Statement were publicly filed with the SEC in September and October 2020.

This action was commenced by plaintiff Steven Germano ("Germano") on September 25, 2020, with the filing of a class action complaint governed by the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B), styled *Germano v Aimmune Therapeutics, Inc. et al.*, Case No. 4:20-CV-06733 (N.D. Cal.). Also on September 25, 2020, plaintiff Stephen Bushansky filed a substantially similar class action complaint styled *Bushansky v. Aimmune Therapeutics, Inc. et al.*, Case No. 4:20-CV-06718 (N.D. Cal.).

On October 8, 2020, a sufficient number of shareholders tendered in favor of the offer and, as a result, Merger Sub merged with and into the Company, with the Company surviving the merger as a wholly owned subsidiary of Nestle (the "Merger" or "Tender Offer").

On October 15, 2020, plaintiff Germano, through his counsel, issued a notice pursuant to the PSLRA that provided for anyone wishing to seek appointment as lead plaintiff do so by December 14, 2020.

On December 14, 2020, Bruce and Barbara Carol Svitak and Cecilia Pemberton filed respective motions for lead appointment under the PSLRA which motions were set for hearing before the Court on February 26, 2021. Prior to filing her motion for lead plaintiff, Ms. Pemberton had also sought and received books and records from Aimmune regarding the Merger under Delaware law (specifically, pursuant to 8 Del. C. § 220) in the action captioned *Pemberton v. Aimmune Therapeutics, Inc.*, C.A. No. 2020-0859-JRS (the "Delaware Books & Records Action").

On February 22, 2021, this Court entered an agreed Order for Appointment of Co-Lead Plaintiffs and Co-Lead Counsel; Consolidating Actions, which among other things, consolidated the *Germano* and *Bushansky* actions into the above-captioned Litigation, appointed Bruce and Barbara Carol Svitak and Cecilia Pemberton as Co-Lead

Plaintiffs, and appointed their counsel, Monteverde & Associates PC and Kahn Swick & Foti, LLC, as Co-Lead Counsel for the consolidated action.

On March 15, 2021, the parties to the Litigation submitted a Stipulation to Stay Proceedings Pending Delaware Chancery Court Decision and [Proposed] Order to permit the Delaware Court of Chancery to rule on the use of inspection information provided to Ms. Pemberton during in the Delaware Books & Records Action. The Court granted the parties' stipulation on March 17, 2021, staying the Litigation pending the pertinent ruling in the Delaware Books & Records Action.

Following the ruling by the Delaware Court of Chancery on August 4, 2021, the parties filed a Joint Status Report and Stipulation for an Order to Lift the Stay and Enter Proposed Briefing Schedule on September 16, 2021.  The Court so-ordered the parties' stipulation on September 17, 2021, lifting the stay and setting a schedule for the filing of a consolidated complaint and responses thereto.

Pursuant to the schedule ordered by the Court, on September 30, 2021, Co-Lead Plaintiffs filed their Amended Complaint, in which they alleged counts for violations of Sections 14(e) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act") relating to the Recommendation Statement soliciting Aimmune shareholders to tender their shares in the Tender Offer.

On November 23, 2021, Defendants filed their Motion to Dismiss the Amended Complaint.  Co-Lead Plaintiffs filed their opposition to Defendants' motion on January 11, 2022, and Defendants filed their reply on February 15, 2022. Upon objection to Defendants' reply memorandum by Co-Lead Plaintiffs, the Court permitted Co-Lead Plaintiffs leave to file a sur-reply, which was filed on March 12, 2022.  A hearing was held before the Court on Defendants' Motion to Dismiss the Amended Complaint on April 29, 2022.

On April 29, 2022, the Court entered an Order Denying Defendants' Motion to Dismiss the Amended Complaint.

On May 20, 2022, Defendants filed their Answer and Affirmative Defenses to Amended Complaint.

On June 9, 2022, the parties filed a Joint Case Management Statement & [Proposed] Order and Joint 26(f) Discovery Plan and Schedule.

On August 31, 2022, Defendants filed a Rule 12(c) Motion for Judgment on the Pleadings, asserting as grounds for dismissal that Co-Lead Plaintiffs lacked a private right of action to present their claim under Section 14(e) of the Exchange Act.  Co-Lead Plaintiffs filed their opposition on September 23, 2022, and Defendants filed their reply on October 10, 2022.  After a hearing before the Court, on November 18, 2022, the Court entered an Order Denying Defendants' Rule 12(c) Motion for Judgment on the Pleadings, holding that Co-Lead Plaintiffs have a private right of action for their claim under Section 14(e) of the Exchange Act.

On December 22, 2022, Defendants filed a Motion to Certify for an Interlocutory Appeal the Court's November 18, 2022 Order Under 28 U.S.C. § 1292(b). Co-Lead Plaintiffs filed their opposition to Defendants' Motion for an interlocutory appeal on January 25, 2023, and Defendants filed their reply on February 3, 2023.  Following a hearing on February 24, 2023, the Court entered an Order denying the motion.

On June 23, 2023, the Court entered an Amended Pretrial Preparation Order, setting various discovery and other pre-trial deadlines and scheduling a jury trial to commence on January 13, 2025. Thereafter, the parties engaged in extensive discovery.

During the course of the Litigation, Defendants and third parties produced and Class Counsel reviewed more than 313,000 pages of discovery and the parties conducted 19 fact and expert witness depositions.  Each of Co-Lead Plaintiffs sat for depositions and produced documents to Defendants.  Moreover, Co-Lead Plaintiffs prepared and mailed surveys to approximately 2,104 potential class members regarding the importance of the facts at issue in the case to the average reasonable investor.

In addition, the parties engaged their respective experts. Co-Lead Plaintiffs retained William Jeffers, CFA of the Griffing Group, and Defendants engaged Professor Paul A. Gompers of the Harvard Business School. Both experts filed opening and responsive reports, and both experts were deposed.

On December 8, 2023, the Court entered a stipulated Second Revised Scheduling Order extending the fact discovery cut-off and certain other dates to accommodate the additional time needed to complete productions from third party financial advisors and conduct certain depositions, including of foreign deponents.

On March 8, 2024, Co-Lead Plaintiffs filed a Motion for Class Certification, and a hearing before the Court was scheduled for June 28, 2024. Defendants filed their response in opposition to the class certification motion on April 22, 2024. Co-Lead Plaintiffs filed their reply on May 21, 2024. On May 24, 2024, the Court entered an Order Granting Co-Lead Plaintiffs' Motion for Class Certification; Vacating Hearing (the "Class Certification Order"). Pursuant to the Class Certification Order, Co-Lead Plaintiffs Bruce Svitak and Cecilia Pemberton were appointed as Class Representatives[2] and Monteverde & Associates PC and Kahn, Swick & Foti, LLC were appointed as class counsel. Additionally, the Court certified a class defined as:

> All record holders and all beneficial holders of Aimmune Therapeutics, Inc. ("Aimmune" or the "Company") common stock who held such stock at any time during the pendency of the tender offer involving Aimmune and Société des Produits Nestlé S.A. ("Nestle") (from September 14, 2020 through October 9, 2020) and had their shares exchanged for $34.50 per share in connection with the closing of the merger (on October 13, 2020) (the "Class"). Excluded from the Class are: (i) Nestle and its affiliates; (ii) the officers and directors of the Company and members of their immediate families; (iii) any entity in which Defendants have or had a controlling interest; and (iv) the legal representatives, heirs, successors or assigns of each officer and director of the Company.

On June 14, 2024, Co-Lead Plaintiffs and Defendants filed their respective motions for summary judgment. Also on June 14, 2024, Co-Lead Plaintiffs filed a *Daubert* Motion to Limit Testimony of Paul A. Gompers and Defendants filed a Motion to Exclude, in Part, Expert Report and Testimony of William Jeffers. The parties filed their respective oppositions to each of the motions on August 5 and August 9, 2024, and their replies on September 19, 2024. All of the motions were scheduled for hearing on November 1, 2024.

On September 24, 2024, the parties participated in a mediation before David M. Murphy of Phillips ADR Enterprises, P.C. ("PADRE"). While the parties were not able to reach a settlement after the mediation, the parties continued their discussions with the assistance of Mr. Murphy.

On October 31, at the request of the parties, the hearing on the various summary judgment and *Daubert* motions was rescheduled to November 8, 2024, to allow the parties to focus on ongoing settlement efforts.

On November 7, 2024, after further negotiations, the parties accepted a mediator's proposal and reached an agreement in principle to resolve the Litigation, subject to Court approval. Later that same day, the parties filed a Notice of Settlement with the Court, after which the Court vacated all remaining deadlines, hearings and trial dates.

The parties memorialized the terms of the Settlement in a Stipulation of Settlement dated, January 17, 2025.

Each of the Defendants have denied and continue to deny any wrongdoing by or liability against them arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Litigation. Defendants expressly deny that Class Representatives have asserted any valid claims as to any of them, and expressly deny any and all allegations of fault, liability, wrongdoing, or damages whatsoever and maintain that their conduct was at all times proper and in compliance with all applicable provisions of law. In addition, Defendants maintain that they have meritorious defenses to all claims alleged in the Litigation.

---

[2] Co-Lead Plaintiff Barbara Carol Svitak did not seek appointment as a Class Representative.

| 3.  Why is this a class action? |
|---|

In a class action, one or more people called a plaintiff sues on behalf of people who have similar claims. All of the people with similar claims are referred to as a class or class members. One court resolves the issues for all class members, except for those class members who exclude themselves from the class.

On March 8, 2024, the Court certified this Action as a class action on behalf of a Class defined as:

> All record holders and all beneficial holders of Aimmune Therapeutics, Inc. ("Aimmune" or the "Company") common stock who held such stock at any time during the pendency of the tender offer involving Aimmune and Société des Produits Nestlé S.A. ("Nestle") (from September 14, 2020 through October 9, 2020) and had their shares exchanged for $34.50 per share in connection with the closing of the merger (on October 13, 2020) (the "Class").

Pursuant to the Class Certification Order, Co-Lead Plaintiffs Bruce Svitak and Cecilia Pemberton were appointed as Class Representatives and Monteverde & Associates PC and Kahn, Swick & Foti, LLC were appointed as Class Counsel.

| 4.  Why is there a settlement? |
|---|

The Court has not decided in favor of or against the Defendants or the Class. Instead, both sides agreed to the Settlement to avoid the costs and risks of further litigation, including trial and post-trial appeals. Class Representatives agreed to the Settlement because Class Representatives (advised by Class Counsel) considered the Settlement amount to be a favorable recovery compared to the risk-adjusted possibility of recovery after trial and any appeals, in light of Defendants' arguments that the statements at issue were not actionable at all by the Class, that Defendants believed in the truth of the challenged statements without any intent to deceive investors, Aimmune was complying with all applicable laws, and that the Class had not sustained any damages. Class Representatives and Class Counsel believe the Settlement is in the best interest of all Class Members in light of the real possibility that continued litigation could result in no recovery at all.

## WHO IS IN THE SETTLEMENT?

To see if you will get money from this Settlement, you first must be a Class Member.

| 5.  How do I know if I am part of the Settlement? |
|---|

The Court directed that everyone who fits this description is a Class Member: All record holders and all beneficial holders of Aimmune common stock who held such stock at any time during the pendency of the tender offer involving Aimmune and Nestle (from September 14, 2020 through October 9, 2020) and had their shares exchanged for $34.50 per share in connection with the closing of the merger (on October 13, 2020). Under the Plan of Allocation proposed by Class Counsel and described below, only Class Members who submit a valid Proof of Claim to the Claims Administrator, may share in the recovery, pro rata with their stock holdings. Certain persons are excluded from the Class, as described below.

| 6.  Are there exceptions to being included? |
|---|

Excluded from the Class are: (i) Nestle and its affiliates; (ii) the officers and directors of the Company and members of their immediate families; (iii) any entity in which Defendants have or had a controlling interest; and (iv) the legal representatives, heirs, successors or assigns of each officer and director of the Company.

Also excluded from the Class are any persons or entities who properly exclude themselves by filing a valid and timely request for exclusion.

| 7.  What if I am still not sure if I am included? |
|---|

If you are still not sure whether you are included, you can ask for free help. You can contact the Claims Administrator toll-free at 1-866-_____, via email at info@_____.com or visit the Settlement website www.url.com, or you can fill out and return the Proof of Claim accompanying this Notice package, to see if you qualify.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

| 8.    What does the Settlement provide? |
| --- |

In exchange for the Settlement and the release of the Released Claims (defined below) as well as dismissal with prejudice of the Litigation, Defendants have agreed that a payment of $27.5 million will be made by Defendants (or on their behalf) to be distributed, after taxes, fees, and expenses, among all Authorized Claimants.

| 9.    How much will my payment be? |
| --- |

Pursuant to the Settlement described herein, the Settlement Amount is $27,500,000.00. Under the Plan of Allocation proposed by Class Counsel, only Class Members who submit a valid Proof of Claim to the Claims Administrator may share in the recovery, pro rata with their stock holdings. Your actual recovery will be a proportion of the Net Settlement Fund determined by your claim as compared to the total claims of all eligible Class Members who submit acceptable Proofs of Claim. You may receive more or less than the estimated average amount provided below depending on the number of claims submitted.

Class Representatives estimate that approximately 46,467,292 million shares of Aimmune common stock are in the Class. Assuming 100% of the shares in the Class submit a valid proof of claim the average distribution will be approximately $0.60 per share, before payment of expenses of notice and administration of the Settlement, Taxes and Tax Expenses, and such attorneys' fees, expenses (including time and expenses awarded by the Court to Co-Lead Plaintiffs) described in Question 17 below (estimated to be approximately $0.20 per share), and interest as may be awarded by the Court (the "Net Settlement Fund"). Historically, fewer than all eligible investors submit claims, resulting in higher average distributions per share.

The Net Settlement Fund will be distributed to Class Members who submit valid, timely Proof of Claim forms ("Claimants") on a pro rata basis. However, no distributions will be made to Claimants who would otherwise receive a distribution of less than $10.00.

Defendants expressly deny that any damages were suffered by Class Representatives or the Class.

Payments shall be conclusive against all Claimants. No Person shall have any claim against Class Counsel, Class Representatives, the Claims Administrator, Defendants, Released Defendants' Persons, or any Person designated by Class Counsel based on distributions made substantially in accordance with the Stipulation and the Settlement contained therein, or further order(s) of the Court. No Class Member shall have any claim against Defendants or any Released Defendants' Persons for any Plaintiffs' Released Claims. All Class Members who fail to complete and submit a valid and timely Proof of Claim shall be barred from participating in distributions from the Net Settlement Fund (unless otherwise ordered by the Court), but otherwise shall be bound by all of the terms of the Stipulation, including the terms of any judgment entered and the releases given.

## HOW YOU GET A PAYMENT – SUBMITTING A CLAIM FORM

| 10.    How can I receive a payment? |
| --- |

To qualify for a payment, you must submit a Proof of Claim. A Proof of Claim is provided and may also be downloaded at www.url.com. Read the instructions carefully, fill out the Proof of Claim, include all the documents the form asks for, sign it, and return it so that it is postmarked, if mailed, or received, if submitted online, no later than _____, 2025. Pursuant to its directions, the Proof of Claim may also be submitted online at www.url.com.

| 11.    When would I receive my payment? |
| --- |

The Court will hold a Final Approval Hearing on _____, 2025, to decide whether to approve the Settlement. Class Members should check the Settlement website or the Court's PACER site in advance of the Final Approval Hearing to determine whether that hearing will occur in person or via a remote link, and whether the date has changed. The Final Approval Hearing date may change without further notice to the Class. If the Court approves the Settlement, there might be appeals. It is always uncertain how appeals would be resolved by the appellate court, and resolving them can take time, perhaps more than a year. It also takes time for all the Proofs of Claim to be processed. Please be patient.

| 12. What am I giving up to receive a payment or to stay in the Class? |
|---|

Unless you timely and validly exclude yourself, you are staying in the Class, and that means that you cannot sue, continue to sue, or be part of any other lawsuit against Defendants or the Released Defendants' Persons about Plaintiffs' Released Claims in this case. It also means that all of the Court's orders will apply to you and legally bind you and you will release your claims in this case against Defendants and the Released Defendants' Persons. The terms of the releases are included in the Stipulation of Settlement and are also set forth below:

- "Released Defendants' Persons" means Aimmune and the Individual Defendant, and any and all of their related parties, including, without limitation, any and all of their current or former parents, subsidiaries, predecessors, successors, divisions, investment funds, joint ventures, and general or limited partnerships, and each of their respective current or former officers, directors, trustees, partners, members, contractors, auditors, principals, agents, managing agents, employees, attorneys, accountants, auditors, investment bankers, underwriters, financial or investment advisors, advisors, consultants, insurers, reinsurers, creditors, administrators, assigns, assignees, transferees, predecessors, predecessors-in-interest, successors, successors-in-interest, trusts, distributees, foundations, corporations, associated entities, commercial bankers, entities providing any fairness opinion, brokers, dealers, lenders, associates, in their capacity as such, as well as each of the Individual Defendant's immediate family members, heirs, executors, personal or legal representatives, estates, beneficiaries, predecessors, successors, and assigns.

- "Defendants' Released Claims" means any and all claims, rights and causes of action, duties, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages, and liabilities, whether known or unknown, contingent or non-contingent, or suspected or unsuspected, including any claims arising under federal or state statutory or common law or any other law, rule, or regulation, whether foreign or domestic, that have been asserted, could have been asserted, or could be asserted in the future against Co-Lead Plaintiffs, any member of the Class, and Class Counsel, as well as any of their related parties, attorneys, immediate family members, heirs, executors, personal or legal representatives, estates, beneficiaries, predecessors, successors, and assigns, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against the Defendants; provided, however, that it is understood that "Defendants' Released Claims" and any release provided by this Settlement shall not include: (a) any claims relating to the enforcement of the Settlement, or (b) any claims by Defendants or any other insured to enforce their rights under any contract or policy of insurance.

- "Plaintiffs' Released Claims" means any and all claims, rights and causes of action, duties, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages, and liabilities, whether known or unknown, contingent or non-contingent, derivative or direct, or suspected or unsuspected, including any claims arising under federal or state statutory or common law or any other law, rule or regulation, whether foreign or domestic, that have been asserted, could have been asserted, or could be asserted in the future against Defendant Aimmune and the Individual Defendant, and any and all Released Defendants' Persons, that arise out of or relate in any way to: (i) the Litigation; (ii) the Merger or Tender Offer; and (iii) the Recommendation Statement issued by Aimmune in connection with the Merger (the "Recommendation Statement") or any other disclosures related to the Merger or Tender Offer. Notwithstanding the aforementioned, the following claims are explicitly excluded: all claims (1) related to the enforcement of this Settlement; and (2) any claims between Defendants or any of the Released Defendants' Persons and their respective insurers.

- "Released Claims" means Defendants' Released Claims and Plaintiffs' Released Claims.

- "Unknown Claims" means (i) any of Plaintiffs' Released Claims which Class Representatives or any Class Member, or any of their agents or attorneys, does not know or suspect to exist in such Person's favor at the time of the release of the Released Claims, and (ii) any of the Defendants' Released Claims that Defendants or the Released Defendants' Persons do not know or suspect to exist in his, her, or its favor at the time of the release of the Defendants' Released Claims, which, in the case of both (i) and (ii), if known by such Person, might have affected such Person's decision with respect to this Settlement, including, without limitation, such Person's decision not to object to this Settlement or not to exclude himself, herself, or itself from the Class.  Unknown Claims include those Released Claims in which some or all of the facts comprising the claim may be suspected, or even undisclosed or hidden.  With respect to any and all Released Claims, upon the Effective Date, Class Representatives and Defendants shall expressly, and each of the Class Members and the Released Defendants' Persons shall be deemed to have, and by operation of the Order and Final Judgment shall have, expressly waived to the fullest extent permitted by law, the provisions, rights, and benefits of California Civil Code § 1542, which provides:

  > A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release, and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

  Class Representatives and Defendants shall expressly, and each of the Class Members and Released Defendants' Persons shall be deemed to have, and by operation of the Order and Final Judgment, shall have expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code § 1542.  Class Representatives, Class Members, and Defendants may hereafter discover facts in addition to or different from those which such party now knows or believes to be true with respect to the subject matter of the Released Claims, but Class Representatives and Defendants shall expressly, and each Class Member and Released Defendants' Persons, upon the Effective Date, shall be deemed to have, and by operation of the Order and Final Judgment shall have fully, finally, and forever settled and released any and all Released Claims, Defendants' Released Claims, and Plaintiffs' Released Claims, as the case may be, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, reckless, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts, whether or not previously or currently asserted in any action.  Class Representatives and Defendants acknowledge, and the Class Members and Released Defendants' Persons shall be deemed by operation of the Order and Final Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement of which this release is a part.

You may maintain your own lawsuit only if you exclude yourself from the Settlement.

## EXCLUDING YOURSELF FROM THE CLASS

If you do not want a payment from this Settlement, and you want to keep the right to sue the Defendants and Released Defendants' Persons, on your own, about the legal issues in this Litigation, then you must take steps to remove yourself from the Settlement.  This is called excluding yourself.

| 13.  How do I get out of the Proposed Settlement? |
| --- |

To exclude yourself from the Settlement, you must send a letter by mail saying that you want to be excluded from the Class in *In re Aimmune Therapeutics, Inc. Securities Litigation*, Case No. 3:20-CV-06733-MMC. You must provide the following information: (a) name; (b) address; (c) telephone number; (d) amount of Aimmune common stock held during the period from and including September 14, 2020 through and including October 9, 2020; and (e) a statement

that you wish to be excluded from the Class. You must mail your exclusion request postmarked no later than _____ to:

*In re Aimmune Therapeutics, Inc. Securities Litigation*
*c/o* [Claims Administrator]
[Address]

_____

You cannot exclude yourself on the phone or by e-mail. If you ask to be excluded, you will not receive any settlement payment, and you may not object to the Settlement. You will not be legally bound by anything that happens in this Litigation.

| **14.  If I do not exclude myself, can I sue the Defendants and the other Released Defendants' Persons for the same thing later?** |
| --- |

No.  Unless you exclude yourself, you give up any rights to sue the Defendants and the other Released Defendants' Persons for any and all Plaintiffs' Released Claims.  If you have a pending lawsuit against Defendants or any Released Defendants' Persons regarding any Plaintiffs' Released Claims, speak to your lawyer in that case immediately. You must exclude yourself from this Litigation to continue your own lawsuit.  Remember, the exclusion deadline is _____, 2025.

| **15.  If I exclude myself, can I get money from the proposed Settlement?** |
| --- |

No.  If you exclude yourself, you may not send in a Proof of Claim to ask for any money.

## THE LAWYERS REPRESENTING YOU

| **16.  Do I have a lawyer in this case?** |
| --- |

Yes. The Court appointed Monteverde & Associates PC and Kahn, Swick & Foti, LLC to lead the Litigation, which the Class Representatives have pursued on behalf of themselves and all other Class Members. These lawyers are called Class Counsel. You will not be charged directly for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

| **17.  How will the lawyers be paid?** |
| --- |

This Action has been pending since 2020.  Class Counsel have not been paid for their services on behalf of Class Representatives and the Class, nor for their substantial expenses. The fee requested is to compensate Class Counsel for their work investigating the facts, litigating the case from inception in 2020, and negotiating the Settlement.

Class Counsel will request the Court to award attorneys' fees not to exceed one-third of the Settlement Amount, plus expenses not to exceed $450,000.00, in connection with the Litigation, plus interest on such fees and expenses at the same rate as earned by the Settlement Fund. Such sums as may be approved by the Court will be paid from the Settlement Fund. Defendants take no position on Class Counsel's Fee and Expense Application.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the Settlement or any part of it.

| **18.  How do I tell the Court that I object to the proposed Settlement?** |
| --- |

You can ask the Court to deny approval by filing an objection. You can't ask the Court to order a different settlement; the Court can only approve or reject the Settlement. If the Court denies approval, no Settlement payments will be sent out and the lawsuit will continue. If that is what you want to happen, you must object.

Any objection to the proposed settlement must be in writing. If you file a timely written objection, you may, but are not required to, appear at the Final Approval Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for hiring and paying that attorney. All written objections and supporting papers must (a) clearly identify the case name and number (*In re Aimmune Therapeutics, Inc. Securities Litigation*, Case No. 3:20-CV-06733-MMC), (b) include your name, address, telephone number, and your signature, (c) identify the date(s), price(s), and number(s) of shares of Aimmune common stock you held during the Class Period, and state the reasons why you object, and (d) you must also include copies of documents demonstrating such holding(s). Your objection and supporting papers must be submitted to the Court either by filing them electronically or in person at any location of the United States District Court for the Northern District of California on or before [INSERT DATE] or by mailing them, postmarked on or before [INSERT DATE], to the following address:

Class Action Clerk
United States District Court
Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

| **19. What is the difference between objecting and excluding myself?** |
| --- |

Objecting is simply telling the Court that you do not like something about the proposed Settlement, the Plan of Allocation, the award of fees and expenses to Class Counsel, or any service award to Co-Lead Plaintiffs. You can object only if you stay in the Class. Excluding yourself is telling the Court that you do not want to be part of the Class.

## THE COURT'S SETTLEMENT HEARING

The Court will hold a hearing to decide whether to approve the proposed Settlement. You may attend and you may ask to speak, but you do not have to.

| **20. When and where will the Court decide whether to approve the proposed Settlement?** |
| --- |

The Court will hold a Final Approval Hearing at__: _____ __.m., on _____ day, _____, 2025. Class Members should check the Settlement website in advance of the Final Approval Hearing to determine whether that hearing will occur in person at the United States District Court for the Northern District of California, 450 Golden Gate Avenue, Courtroom 7, San Francisco, CA, 94102 or via a remote link. At the hearing the Court will consider whether the Settlement and proposed Plan of Allocation are fair, reasonable, and adequate, and whether the award of fees and expenses to Class Counsel or any award to Co-Lead Plaintiffs should be granted. If there are objections, the Court will consider them. The Court will listen to people who have asked to speak at the hearing. After the Final Approval Hearing, the Court will decide whether to approve the Settlement, the Plan of Allocation, the award of fees and expenses to Class Counsel, and any award to Co-Lead Plaintiffs. We do not know how long these decisions will take. The Court may change the date and time of the Final Approval Hearing without another notice being sent to Settlement Members. If you want to attend the hearing, you may wish to check beforehand with Lead Counsel, the Settlement website or the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov to be sure that the date and/or time has not changed.

| **21. Do I have to come to the hearing?** |
| --- |

No. Class Counsel will answer questions the Court may have. But, you are welcome to come at your own expense. If you send an objection or statement in support of the Settlement, you are not required to come to Court to discuss it. As long as you filed or mailed your objection on time, the Court will consider it. You may also pay your own lawyer to attend, but you are not required to do so. Class Members do not need to appear at the hearing or take any other action to indicate their approval.

| **22.  May I speak at the hearing?** |
| --- |

If you object to the Settlement, the Plan of Allocation, the award of fees and expenses to Class Counsel, or any award to Co-Lead Plaintiffs, you may ask the Court for permission to speak at the Final Approval Hearing.  To do so, you must include with your objection (see Question 18 above) a statement saying that it is your "Notice of Intention to Appear in the *In re Aimmune Therapeutics, Inc. Securities Litigation*." Persons who intend to object to the Settlement, the Plan of Allocation, and/or any attorneys' fees and expenses to be awarded to Class Counsel (including any award to Co-Lead Plaintiffs for their time and expenses in the Litigation) and desire to present evidence at the Final Approval Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Final Approval Hearing.

You cannot speak at the hearing if you exclude yourself.

**IF YOU DO NOTHING**

| **23.  What happens if I do nothing at all?** |
| --- |

If you do nothing, you will get no money from this Settlement.  But, unless you exclude yourself, you will not be able to start a lawsuit or be part of any other lawsuit against the Defendants or any other Released Defendants' Persons about the issues raised in this case ever again.

**GETTING MORE INFORMATION**

| **24.  Are there more details about the proposed Settlement?** |
| --- |

This Notice summarizes the proposed Settlement.  For the precise terms of the Settlement, please see the Stipulation available at www.url.com, contact the Claims Administrator toll-free at 1-866-_____ or info@_____.com, or contact Class Counsel: Juan E. Monteverde, Monteverde & Associates PC, The Empire State Building, 350 Fifth Avenue, Suite 4405, New York, New York 10118, Tel.: (212) 971-1341, www.monteverdelaw.com or Michael J. Palestina, 1100 Poydras Street, Suite 960, New Orleans, Louisiana 70163, Tel.: (504) 455-1400, www.ksfcounsel.com.  You may also access the Court's docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by vising the office of the Clerk of the Court for the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.

| **25.  Whom should I contact if I have questions?** |
| --- |

For more information, you can visit www.url.com or call toll-free 1-866-_____. You can also contact the attorneys for Class Representatives, listed below:

Juan E. Monteverde
Monteverde & Associates PC
The Empire State Building
350 5th Ave, Suite 4740
New York, NY 10118
jmonteverde@monteverdelaw.com
(212) 971-1341

Michael J. Palestina
Kahn Swick & Foti, LLC

- 12 -

1100 Poydras Street, Suite 960
New Orleans, LA 70163
Michael.palestina@ksfcounsel.com
(504) 455-1400

**PLAN OF ALLOCATION OF NET SETTLEMENT FUND AMONG CLASS MEMBERS**

Class Counsel have proposed a Plan of Allocation described below in Question 26, which will be submitted for the Court's approval.  The Net Settlement Fund (the Settlement Amount plus interest less taxes, tax expenses, Notice and Administration Costs, attorneys' fees and expenses, and Co-Lead Plaintiffs' time and expense payment) will be distributed to Class Members who, in accordance with the terms of the Stipulation, are entitled to a distribution from the Net Settlement Fund pursuant to any plan of allocation or any order of the Court and who submit a valid and timely Proof of Claim under the Plan of Allocation described below.

| **26.  How will by claim be calculated?** |
| --- |

As stated above, the Settlement Amount is $27,500,000. Under the Plan of Allocation proposed by Class Counsel, only Class Members who submit a valid Proof of Claim to the Claims Administrator, may share in the recovery, pro rata with their stock holdings (the proposed "Plan of Allocation").

Your actual recovery will be a proportion of the Net Settlement Fund determined by your claim as compared to the total claims of all eligible Class Members who submit acceptable Proofs of Claim. You may receive more or less than the estimated average amount provided below depending on the number of claims submitted.  The Court may approve this proposed Plan of Allocation, or modify it, without additional notice to the Class. Any order modifying the Plan of Allocation will be posted on the Settlement website, www.url.com.

As of September 10, 2020, days prior to the filing of the Recommendation Statement, 65,766,796 shares of Aimmune common stock were outstanding.  Nestle and its affiliates and the directors and officers of Aimmune owned 19,299,504 of those shares, leaving the Class with 46,467,292 shares at the time of the expiration of the Tender Offer.  Assuming that all of the shares outstanding at the time of the expiration of the Tender Offer participate in this Settlement, Class Counsel estimates that the average distribution will be approximately $0.60 per share of Aimmune common stock before the deduction of Court-approved fees and expenses, as described in Question 17 above (estimated to be approximately $0.20 per share), and the cost of notice and claims administration. Historically, less than all eligible investors submit claims, resulting in higher average distributions per share. The Net Settlement Fund will be distributed to Class Members who submit valid, timely Proof of Claim forms ("Claimants") on a pro rata basis. However, no distributions will be made to Claimants who would otherwise receive a distribution of less than $10.00.

Payments shall be conclusive against all Authorized Claimants. No Person shall have any claim against Class Counsel, Class Representatives, the Claims Administrator, Defendants, Released Defendants' Persons, or any Person designated by Class Counsel based on distributions made substantially in accordance with the Stipulation and the Settlement contained therein, or further order(s) of the Court. No Class Member shall have any claim against Defendants or Released Defendants' Persons for any of Plaintiffs' Released Claims. All Class Members who fail to complete and submit a valid and timely Proof of Claim shall be barred from participating in distributions from the Net Settlement Fund (unless otherwise ordered by the Court), but otherwise shall be bound by all of the terms of the Stipulation, including the terms of any judgment entered and the releases given.

<u>**SPECIAL NOTICE TO NOMINEES**</u>

The Court has ordered that if you held any Aimmune common stock at any point in time from September 14, 2020 through October 9, 2020, as nominee for a beneficial owner, then, within fifteen (15) calendar days after you receive this Notice, you must either: (1) send a copy of the Notice by first class mail to all such Persons; or (2) provide a list of the names and addresses of such Persons to the Claims Administrator:

*In re Aimmune Therapeutics, Inc. Securities Litigation*
*c/o* [Claims Administrator]

[Address]

_____

If you choose to mail the Notice yourself, you may obtain from the Claims Administrator (without cost to you) as many additional copies of the Postcard Notice as you will need to complete the mailing.

Regardless of whether you choose to complete the mailing yourself or elect to have the mailing performed for you, you may obtain reimbursement for or advancement of reasonable administrative costs actually incurred or expected to be incurred in connection with forwarding the Postcard Notice and which would not have been incurred but for the obligation to forward such notice, upon submission of appropriate documentation to the Claims Administrator.

**DO NOT TELEPHONE THE COURT REGARDING THIS NOTICE**

DATED: _____        BY ORDER OF THE COURT
                                       UNITED STATES DISTRICT COURT
                                       NORTHERN DISTRICT OF CALIFORNIA

# EXHIBIT A-2

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE AIMMUNE THERAPEUTICS, INC. SECURITIES LITIGATION | Case No. 3:20-CV-06733-MMC<br><br>Hon. Maxine M. Chesney<br><br>CLASS ACTION |

## PROOF OF CLAIM AND RELEASE

## I.    GENERAL INSTRUCTIONS

1.    You are a Class Member if you are a record holder or beneficial holder of Aimmune Therapeutics, Inc. ("Aimmune") common stock who held such stock at any time during the pendency of the Tender Offer involving Aimmune and Société des Produits Nestlé S.A. ("Nestle"), and its subsidiary SPN MergerSub, Inc. ("Merger Sub") (from September 14, 2020 through October 9, 2020) and had your shares exchanged for $34.50 per share in connection with the closing of the Merger.  To recover as a Member of the Class based on your claims in the action entitled *In re Aimmune Therapeutics, Inc.*, Case No. 3:20-CV-06733-MMC (the "Litigation"), you must complete and, on page 4 hereof, sign this Proof of Claim and Release. If you fail to submit a properly addressed (as set forth in paragraph 3 below) Proof of Claim and Release, postmarked or received by the date shown below, your claim may be rejected and you may be precluded from any recovery from the Net Settlement Fund created in connection with the proposed Settlement of the Litigation.

2.    Submission of this Proof of Claim and Release, however, does not assure that you will share in the proceeds of the Settlement.

3.    YOU MUST MAIL OR SUBMIT ONLINE YOUR COMPLETED AND SIGNED PROOF OF CLAIM AND RELEASE, ACCOMPANIED BY COPIES OF THE DOCUMENTS REQUESTED HEREIN IF READILY AVAILABLE, NO LATER THAN _____ ___, ____ TO THE COURT-APPOINTED CLAIMS ADMINISTRATOR IN THIS CASE, AT THE FOLLOWING ADDRESS:

*In re Aimmune Therapeutics, Inc. Securities Litigation*
*c/o* [Claims Administrator]
[Address]
_____
Online Submissions: **www.url.com**

If you are NOT a Member of the Class (as defined in the Notice of Pendency and Proposed Settlement of Class Action (the "Notice")), DO NOT submit a Proof of Claim and Release.

4.    If you are a Member of the Class and you do not timely request exclusion in connection with the proposed Settlement, you will be bound by the terms of any judgment entered in the Litigation,

including the releases provided therein, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM AND RELEASE.

## II.    CLAIM FORM

Pursuant to the Plan of Allocation proposed by Class Counsel, Class Members who submit a valid Proof of Claim to the Claims Administrator, may share in the recovery, pro rata with their stock holdings (the proposed "Plan of Allocation").  Your actual recovery will be a proportion of the Net Settlement Fund determined by your claim as compared to the total claims of all eligible Class Members who submit acceptable Proofs of Claim.

Please complete the entire form below.  Use this form to state the number of shares of Aimmune common stock that you held at the expiration of the Tender Offer on **October 9, 2020**, which were cashed out via the Tender Offer in connection with the closing of the Merger (October 13, 2020).  If readily available, please provide copies of broker confirmations or other documentation, such as trade confirmations or screen shots, of your holdings in Aimmune stock, as attachments to your claim.  If any such documents are not in your possession, please obtain a copy or equivalent documents from your broker because these documents are helpful to prove and expedite processing your claim.  Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
*In re Aimmune Therapeutics, Inc. Securities Litigation*
Case No. 3:20-CV-06733-MMC

## III.    CLAIMANT IDENTIFICATION

### PROOF OF CLAIM AND RELEASE

### Must Be Postmarked or Received No Later Than:
_____ ____, _____

PART I:          CLAIMANT IDENTIFICATION

| | | |
|---|---|---|
| Name: | | |
| Address: | | |
| City: | State: | Zip or Postal Code: |
| Foreign Province: | Foreign Country: | |
| Day Phone: | Evening Phone: | |
| Email: | | |
| Claimant Type (Individual, Joint, Corporation, etc.): _____ | | |

| | |
|---|---|
| | |
| Record Owner's Name: (If different from beneficial owner listed above) | |
| Social Security Number (for individuals): | OR | Taxpayer Identification Number (for estates, trusts, corporations, etc.) |

PART II:    **HOLDINGS IN AIMMUNE COMMON STOCK**

A.    Number of shares of Aimmune common stock you held at the time of expiration of the Tender Offer on **October 9, 2020**, which were cashed out via the Tender Offer in connection with the closing of the Merger (October 13, 2020): _____

Proof enclosed? _____ Yes _____ No

**YOUR SIGNATURE ON PAGE 4 WILL CONSTITUTE YOUR ACKNOWLEDGMENT OF THE RELEASE DESCRIBED IN THE NOTICE ISSUED WITH THIS PROOF OF CLAIM FORM.**

**SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS**

I (We) submit this Proof of Claim and Release under the terms of the Stipulation of Settlement described in the Notice. I (We) also submit to the jurisdiction of the United States District Court for the Northern District of California with respect to my (our) claim as a Class Member and for purposes of enforcing the release set forth herein. I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Litigation. I (We) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so. I (We) have not submitted any other claim in connection with my (our) holding of Aimmune common stock during the period from and including September 14, 2020, the beginning of the Tender Offer, through and including October 9, 2020, the date the Tender Offer expired, and know of no other person having done so on my (our) behalf.

I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any claim or matter released pursuant to this release or any other part or portion thereof.

I (We) hereby warrant and represent that I (we) have included information (including supporting documentation if readily available) about the number of shares of Aimmune stock held by me (us) at the time of expiration of the Tender Offer on October 9, 2020.

I (We) hereby warrant and represent (i) that I (we) held Aimmune shares during the pendency of the Tender Offer involving Aimmune, Nestle, and Merger Sub (*i.e.*, at any time from September 14, 2020 through October 9, 2020) and (ii) that I (We) had our shares exchanged for $34.50 per share in connection with the closing of the Merger on or about October 13, 2020.

I (We) hereby warrant and represent that I am (we are) not a Defendant or other person excluded from the Class.

I declare under penalty of perjury under the laws of the United States of America that the foregoing information supplied by the undersigned is true and correct.

Executed this_____day of _____ (Month/Year)

in_____
     (City)                           (State/Country)

_____
(Sign your name here)

_____
(Type or print your name here)

_____
(Capacity of person(s) signing, *e.g.*, Beneficial Purchaser or Acquirer, Executor or Administrator)

Reminder Checklist:

1.     Please sign the above release and declaration.

2.     Remember to attach copies of supporting documentation, if readily available.

3.     Do not send originals of stock certificates or other documentation as they will not be returned.

4.     Keep a copy of your Proof of Claim and Release and all supporting documentation for your records.

5.     If you desire an acknowledgment of receipt of your Proof of Claim and Release, please send it Certified Mail, Return Receipt Requested.

6.     If you move, please send your new address to the address below.

7.     Do not use red pen or highlighter on the Proof of Claim and Release or supporting documentation.

THIS PROOF OF CLAIM AND RELEASE MUST BE SUBMITTED ONLINE AT WWW.URL.COM BY _____, _____, OR, IF MAILED, POSTMARKED NO LATER THAN _____ ___, _____, ADDRESSED AS FOLLOWS:

*In re Aimmune Therapeutics, Inc. Securities Litigation*
*c/o* [Claims Administrator]
[Address]
_____

# EXHIBIT A-3

David E. Bower (SBN 119546)
**MONTEVERDE & ASSOCIATES PC**
600 Corporate Pointe, Suite 1170
Culver City, CA 90230
Tel: (213) 446-6652
Fax: (212) 202-7880

*Counsel for Co-Lead Plaintiffs and Class Counsel*

[Additional Counsel on Signature Page]

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE AIMMUNE THERAPEUTICS, INC. SECURITIES LITIGATION | Case No. 3:20-CV-06733-MMC |
| | Hon. Maxine M. Chesney |
| | CLASS ACTION |

**<u>SUMMARY NOTICE</u>**

1

SUMMARY NOTICE

**TO:     ALL RECORD HOLDERS AND ALL BENEFICIAL HOLDERS OF AIMMUNE THERAPEUTICS, INC. ("AIMMUNE" OR THE "COMPANY") COMMON STOCK WHO HELD SUCH STOCK AT ANY TIME DURING THE PENDENCY OF THE TENDER OFFER INVOLVING AIMMUNE, SOCIÉTÉ DES PRODUITS NESTLÉ S.A. ("NESTLE"), AND SPN MERGERSUB, INC. ("MERGER SUB") (FROM SEPTEMBER 14, 2020 THROUGH OCTOBER 9, 2020) AND HAD THEIR SHARES EXCHANGED FOR $34.50 PER SHARE IN CONNECTION WITH THE CLOSING OF THE MERGER (ON OCTOBER 13, 2020) (THE "CLASS").**

YOU ARE HEREBY NOTIFIED, pursuant to an Order of the United States District Court for the Northern District of California, that a hearing will be held on _____, 2025, at ___:___ __.m., before the Honorable Maxine M. Chesney.  Class Members should check the Settlement Class website in advance of the Final Approval Hearing to determine whether that hearing will occur in person at the United States District Court for the Northern District of California, 450 Golden Gate Avenue, Courtroom 7, San Francisco, CA 94102 or via a remote link.  The hearing will be held for the purpose of determining: (1) whether the proposed Settlement of the Litigation for $27.5 million should be approved by the Court as fair, reasonable, and adequate; (2) whether a Final Judgment and Order of Dismissal with Prejudice should be entered by the Court dismissing the Litigation with prejudice and releasing the Released Claims; (3) whether the Plan of Allocation for the Net Settlement Fund is fair, reasonable, and adequate and should be approved; and (5) whether the application of Class Counsel for the payment of attorneys' fees and expenses, and any service award to Co-Lead Plaintiffs pursuant to 15 U.S.C. §78u-4(a)(4) should be approved.

IF YOU HELD AIMMUNE COMMON STOCK AT ANY TIME DURING THE PENDENCY OF THE TENDER OFFER INVOLVING AIMMUNE, NESTLE, AND MERGER SUB (FROM SEPTEMBER 14, 2020 THROUGH OCTOBER 9, 2020 (THE "CLASS PERIOD")) AND HAD YOUR SHARES EXHANGED FOR $34.50 PER SHARE IN CONNECTION WITH THE CLOSING OF THE MERGER, YOUR RIGHTS MAY BE AFFECTED BY THE SETTLEMENT OF THIS LITIGATION, INCLUDING THE RELEASE AND EXTINGUISHMENT OF CLAIMS YOU MAY POSSESS RELATING TO YOUR HOLDING(S) OF AIMMUNE COMMON STOCK DURING THE CLASS PERIOD.  If you have

not received the Notice of Pendency and Proposed Settlement of Class Action ("Notice") and the Proof of Claim and Release form, you may obtain copies by writing to *In re Aimmune Therapeutics, Inc. Securities Litigation*, [Claims Administrator], [Claims Administrator Address], or info@_____.com, by telephone at 1-866-_____, or on the Internet at www.url.com.  If you are a Class Member, in order to share in the distribution of the Net Settlement Fund, you must submit a Proof of Claim and Release by mail, ***postmarked no later than _____, 2025***, or online at www.url.com ***no later than _____, 2025***, establishing that you are entitled to recovery.

If you are a Member of the Class and you desire to be excluded from the Class, you must submit a request for exclusion so that it is ***postmarked no later than _____***, in the manner and form explained in the detailed Notice referred to above. All Members of the Class who do not timely and validly request exclusion from the Class will be bound by any judgment entered in the Litigation pursuant to the Stipulation of Settlement.

Objections to the Settlement, the Plan of Allocation, Class Counsel's request for the payment of attorneys' fees and expenses, and any award to Co-Lead Plaintiffs must be submitted to the Court either by filing them electronically or in person at any location of the United States District Court for the Northern District of California on or before _____ or by mailing them to the Court, postmarked no later than _____ to the following address:

> Class Action Clerk
> United States District Court
> Northern District of California
> 450 Golden Gate Avenue
> San Francisco, CA 94102

**PLEASE DO NOT CONTACT THE COURT OR THE COURT'S CLERK'S OFFICE REGARDING THIS NOTICE**.  If you have any questions about the Settlement, you may contact Class Counsel at the address listed below:

*Class Counsel*:

Monteverde & Associates PC
Juan E. Monteverde
The Empire State Building
350 Fifth Avenue, Suite 4740
New York, New York 10118
jmonteverde@monteverdelaw.com
(212) 971-1341

Michael J. Palestina
Kahn Swick & Foti, LLC
1100 Poydras Street, Suite 960
New Orleans, LA 70163
Michael.palestina@ksfcounsel.com
(504) 455-1400

Dated: _____        BY ORDER OF THE COURT
                                       UNITED STATES DISTRICT COURT
                                       NORTHERN DISTRICT OF CALIFORNIA

SUMMARY NOTICE

# EXHIBIT B

David E. Bower (SBN 119546)
**MONTEVERDE & ASSOCIATES PC**
600 Corporate Pointe, Suite 1170
Culver City, CA 90230
Tel: (213) 446-6652
Fax: (212) 202-7880

*Counsel for Co-Lead Plaintiffs and Class Counsel*

[Additional Counsel on Signature Page]

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE AIMMUNE THERAPEUTICS, INC. SECURITIES LITIGATION | Case No. 3:20-CV-06733-MMC |
| | Hon. Maxine M. Chesney |
| | CLASS ACTION |

## [PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

This matter came before the Court for hearing pursuant to the Order Preliminarily Approving Settlement and Providing for Notice ("Preliminary Approval Order") dated _____, 2025, on the application of the Settling Parties for approval of the Settlement set forth in the Stipulation of Settlement dated January 17, 2025 (the "Stipulation").

WHEREAS, due and adequate notice having been given to the Class as required in the Preliminary Approval Order;

WHEREAS, consistent with the Preliminary Approval Order, all Class Members had the opportunity to exclude themselves from the proposed Class; to object to the proposed Settlement; and to be heard with regard to the proposed Settlement, including by appearing and speaking at the Final Approval Hearing;

WHEREAS, the Court conducted the Final Approval Hearing on _____, 2025, to consider, among other things, (i) whether the terms and conditions of the Settlement are fair, reasonable and adequate and should therefore be approved; and (ii) whether a judgment should be entered dismissing the Litigation with prejudice as against the Defendants;

WHEREAS, this Order of Dismissal is with prejudice; and

WHEREAS, the Court having considered all papers filed and proceedings herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.      This Final Judgment and Order of Dismissal with Prejudice ("Order and Final Judgment" or "Judgment") incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise set forth herein.

2.      This Court has jurisdiction over the subject matter of the Litigation and over all Settling Parties to the Litigation, including all Class Members.

3.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby affirms its determinations in the Class Certification Order, including the appointment of Class Representatives and Class Counsel and certification of the Class defined as:

[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

All record holders and all beneficial holders of Aimmune Therapeutics, Inc. ("Aimmune" or the "Company") common stock who held such stock at any time during the pendency of the tender offer involving Aimmune and Société des Produits Nestlé S.A. ("Nestle") (from September 14, 2020 through October 9, 2020) and had their shares exchanged for $34.50 per share in connection with the closing of the merger (on October 13, 2020) (the "Class").

4.      As stated in the Class Certification Order, excluded from the Class are: (i) Nestle and its affiliates; (ii) the officers and directors of the Company and members of their immediate families; (iii) any entity in which Defendants have or had a controlling interest; and (iv) the legal representatives, heirs, successors or assigns of each officer and director of the Company.

5.      Any persons or entities who properly excluded themselves through a valid and timely request for exclusion are also excluded from the Class.

6.      Pursuant to Federal Rule of Civil Procedure 23, this Court hereby approves the Settlement set forth in the Stipulation and finds that said Settlement is, in all respects, fair, reasonable, and adequate to the Class.

7.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court finds that the Settlement is fair, reasonable, and adequate as to each of the Settling Parties, and that the Settlement set forth in the Stipulation is hereby finally approved in all respects, and the Settling Parties are hereby directed to perform its terms.

8.      Accordingly, the Court authorizes and directs implementation of the terms and provisions of the Stipulation, as well as the terms and provisions hereof.  The Court hereby dismisses with prejudice and without costs the Litigation and all claims contained therein and the Released Claims as defined in the Stipulation.

9.      Upon the Effective Date hereof, and as provided in the Stipulation, without further action by anyone, Class Representatives, on behalf of themselves and all Class Members, in his, her or its capacity as a holder of Aimmune stock, and anyone claiming through or on behalf of any of them, shall be deemed to have, and by operation of this Order and Final Judgment, shall have, fully, finally, and forever resolved, discharged, relinquished, released, waived, settled, and dismissed with prejudice any and all of Plaintiffs' Released Claims (including, without limitation, Unknown Claims)

[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

against Defendants and each and all of the Released Defendants' Persons, regardless of whether a Class Member executes and delivers a Proof of Claim and Release, except that claims relating to the enforcement of the Settlement shall not be released.

10.     Upon the Effective Date hereof, and as provided in the Stipulation, without further action by anyone, Defendants shall be deemed to have, and by operation of this Order and Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged Class Representatives, each and all of the Class Members, and Class Counsel from all Defendants' Released Claims (including, without limitation, Unknown Claims), and shall forever be enjoined from prosecuting such claims.

11.     Upon the Effective Date hereof, and as provided in the Stipulation, without further action by anyone, Class Representatives, on behalf of themselves and all Class Members, in his, her or its capacity as a holder of Aimmune stock, and anyone claiming through or on behalf of any of them, shall be forever barred and enjoined from commencing, instituting, asserting, maintaining, enforcing, aiding, prosecuting, or continuing to prosecute any action or proceeding in any forum (including, but not limited to, any state or federal court of law or equity, any arbitral forum, any tribunal, administrative forum, or the court of any foreign jurisdiction, or any other forum of any kind) any and all of Plaintiffs' Released Claims (including, without limitation, Unknown Claims) against Defendants and each and all of the Released Defendants' Persons, regardless of whether such Class Member executes and delivers a Proof of Claim and Release, except that claims relating to the enforcement of the Settlement shall not be released.

12.     Upon the Effective Date hereof, and as provided in the Stipulation, without further action by anyone, Class Representatives, on behalf of themselves and each and every Class Member, in his, her or its capacity as a holder of Aimmune stock, and anyone claiming through or on behalf of any of them, shall covenant or be deemed to have covenanted not to sue any of Defendants and Released Defendants' Persons with respect to any and all Plaintiffs' Released Claims (including, without limitation, Unknown Claims).

[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

13.     In accordance with the Private Securities Litigation Reform Act of 1995 as codified at 15 U.S.C. § 78u-4(f)(7)(A) ("PSLRA"), (a) all obligations to any Class Member of any Defendant or Released Defendants' Person arising out of the Litigation are discharged, and (b) any and all claims for contribution arising out of the Litigation or any of the Released Claims (i) by any person or entity against any of the Released Defendants' Persons, and (ii) by any of the Released Defendants' Persons against any person or entity, other than as set out in 15 U.S.C. § 78u-4(f)(7)(A)(ii), are hereby permanently barred, extinguished, discharged, satisfied, and unenforceable.

14.     The terms of the Stipulation and of this Order and Final Judgment shall be forever binding on Class Representatives, all other Class Members (regardless of whether or not any individual Class Member submits a Proof of Claim and Release or seeks or obtains a distribution from the Net Settlement Fund), and Defendants, as well as their respective, heirs, executors, administrators, predecessors, successors, and assigns.

15.     The Escrow Agent shall maintain the Settlement Fund in accordance with the requirements set forth in the Stipulation.  Defendants and Released Defendants' Persons shall have no liability, obligation, or responsibility whatsoever for the administration of the Settlement or disbursement of the Net Settlement Fund.

16.     The Notice of Pendency and Proposed Settlement of Class Action given to the Class (a) was implemented in accordance with the Preliminary Approval Order entered on _____, 2025; (b) was the best notice practicable under the circumstances, to all Persons entitled to such notice, of those proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation; (c) was reasonably calculated under the circumstances to apprise Class Members of (i) the pendency of the Litigation, (ii) the effect of the proposed Settlement (including the releases contained therein), and (iii) their right to object to any aspect of the proposed Settlement, exclude themselves from the Class, and/or appear at the Final Approval Hearing; (d) was reasonable and constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) fully satisfied the requirements of

5

[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

Federal Rule of Civil Procedure 23, the requirements of due process, the requirements of the PSLRA, and all other applicable law and rules. Further, it is determined that all members of the Class are bound by the Judgment herein. Defendants served on the United States Attorney General and all State Attorneys General the notice of the proposed Settlement, pursuant to the Class Action Fairness Act, U.S.C. §§ 1711 *et seq*. ("CAFA"). The form and manner of that CAFA notice is hereby determined to be in full compliance with CAFA.

17. The Court authorizes and approves the proposed Plan of Allocation set forth in the Notice of Pendency and Proposed Settlement of Class Action given to the Class.

18. A separate order shall be entered regarding Class Counsel's motion for attorneys' fees and expenses and awards pursuant to 15 U.S.C. § 78u-4(a)(4) to the Co-Lead Plaintiffs as allowed by the Court. Any order entered regarding any attorneys' fee and expense application shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

19. Neither this Order and Final Judgment, the Stipulation, the Supplemental Agreement, nor any of their terms or provisions, nor any of the negotiations, discussions, proceedings connected thereto, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any of the allegations in the Litigation or of the validity of any of the Released Claims, or of any wrongdoing or liability of any Defendants or Released Defendants' Persons; or (b) is, or shall be deemed to be, or shall be used as an admission of any fault or omission of any Defendants or Released Defendants' Person in any statement, release, or written documents issued, filed, or made; or (c) is or may be deemed to be or may be used as an admission of, or evidence of, any fault, liability, wrongdoing, negligence, or omission of any Defendants or Released Defendants' Persons in any civil, criminal, or administrative proceeding in any court, arbitration proceeding, administrative agency, or forum or tribunal in which any Defendants or Released Defendants' Persons are or become parties; or (d) is or may be deemed to be or may be used as an admission or evidence that any claims asserted by Class Representatives were not valid or that the amount recoverable was not greater than the Settlement

Amount, in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. Defendants, the Released Defendants' Persons, Class Representatives, Class Members, and their respective counsel may file the Stipulation and/or this Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim. The Settling Parties may file the Stipulation and/or this Judgment in any proceedings that may be necessary to consummate or enforce the Stipulation, the Settlement, or the Judgment.

20.    Without affecting the finality of this Judgment in any way, this Court hereby retains continuing exclusive jurisdiction over: (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees and expenses and interest in the Litigation; and (d) all Settling Parties hereto for the purpose of construing, enforcing, and administering the Stipulation.

21.    The Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

22.    In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants as required under the terms of the Stipulation, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

23.    Without further approval from the Court, the parties are hereby authorized to agree and to adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (i) are not materially inconsistent with this Order and Final Judgment;

7

[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

and (ii) do not materially limit the rights of Class Members in connection with the Settlement.  Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

24.     The Court directs immediate entry of this Judgment by the Clerk of the Court.

IT IS SO ORDERED.

DATED: _____     _____
                                                          THE HONORABLE MAXINE M. CHESNEY
                                                          UNITED STATES DISTRICT JUDGE

[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE