David E. Bower (SBN 119546)
**MONTEVERDE & ASSOCIATES PC**
600 Corporate Pointe, Suite 1170
Culver City, CA 90230
Tel: (213) 446-6652
Fax: (212) 202-7880
Email: dbower@monteverdelaw.com

*Counsel for Co-Lead Plaintiffs and Class Counsel*

[Additional Counsel on Signature Page]

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE AIMMUNE THERAPEUTICS, INC. SECURITIES LITIGATION | Case No. 3:20-CV-06733-MMC<br><br>CLASS ACTION |

## [PROPOSED] AMENDED ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE

1

WHEREAS, there is an action pending before this Court styled *In re Aimmune Therapeutics, Inc. Securities Litigation,* Case No. 3:20-CV-06733-MMC (the "Litigation");

WHEREAS, the Court-appointed Class Representatives Bruce Svitak and Cecilia Pemberton ("Class Representatives") have made a motion, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the Settlement of this Litigation, in accordance with a Stipulation of Settlement dated January 17, 2025 (the "Stipulation"), which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed Settlement of the Litigation between the Settling Parties and for dismissal with prejudice of the Litigation against Defendants and of the Released Claims upon the terms and conditions set forth therein;

WHEREAS, the Court having read and considered the Stipulation and the Exhibits annexed thereto;

WHEREAS, the Settling Parties to the Stipulation having consented to entry of this Order; and

WHEREAS, unless otherwise defined, all terms used herein have the same meanings as set forth in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.     **Preliminary Approval of Settlement:** The Court has reviewed the Stipulation, finds that the Stipulation resulted from arm's-length negotiations, and does hereby preliminarily approve the Stipulation and Settlement set forth therein as being fair, reasonable, and adequate to Class Members subject to further consideration at the hearing described in ¶ 2 below.

2.     **Settlement Hearing:** A hearing shall be held before this Court on July 18, 2025, at 9:00 a.m. (the "Final Approval Hearing").  Class Members should visit the Settlement website in advance of the Final Approval Hearing to determine whether that hearing will occur in person at the United States District Court for the Northern District of California, 450 Golden Gate Avenue,

Courtroom 7, San Francisco, CA 94102 or via a remote link.  At the Final Approval Hearing the Court will (a) determine whether the proposed Settlement is fair, reasonable, and adequate to the Class and should be approved by the Court; (b) determine whether an Order and Final Judgment as defined in ¶ 1.26 of the Stipulation should be entered; (c) determine whether the proposed Plan of Allocation should be approved; (d) determine the amount of attorneys' fees and expenses that should be awarded to Class Counsel; (e) determine any award to Co-Lead Plaintiffs pursuant to 15 U.S.C. § 78u-4(a)(4); (f) hear any objections by Class Members to: (i) the Settlement or Plan of Allocation; (ii) any award to Co-Lead Plaintiffs; and/or (iii) the award of attorneys' fees and expenses to Class Counsel; and (g) consider such other matters the Court deems appropriate.  The Court may adjourn the Final Approval Hearing without further notice to the Class Members.

3.    The Court approves the form, substance, and requirements of the Notice of Pendency and Proposed Settlement of Class Action ("Notice") and Proof of Claim and Release, substantially in the forms annexed hereto as Exhibits A-1 and A-2, respectively.

4.    The Court approves the form of the Summary Notice, substantially in the form annexed hereto as Exhibit A-3.

5.    Defendants shall comply with the Class Action Fairness Act, 28 U.S.C. §§ 1711 *et seq* ("CAFA"). At least ten (10) calendar days prior to the Final Approval Hearing, Defendants' Counsel shall file with the Court an appropriate affidavit or declaration regarding compliance with CAFA.

6.    **Retention of Claims Administrator and Method of Giving Notice:** The firm of RG/2 Claims Administration LLC (the "Claims Administrator") is hereby appointed to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below.

(a) Class Counsel, through the Claims Administrator, shall cause the Stipulation and its exhibits, this Order, and a copy of the Notice and Proof of Claim and Release to be

posted on the Claims Administrator's settlement website for the Litigation at www.rg2claims.com/aimmune.html.

(b) The Claims Administrator shall make reasonable efforts to identify all Class Members and, after the Court signs and enters this Order (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice to be mailed by First-Class Mail to all Class Members who can be identified with reasonable effort and to post the Notice on its website identified above.

(c) Class Counsel shall cause the Summary Notice to be published in *PRNewswire*.

(d) Class Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing referenced above in paragraph 6(a)-(c).

(e) Nominees who held Aimmune common stock for the benefit of another Person during the Class Period shall be requested to send the Notice to such beneficial owners of Aimmune common stock within fifteen (15) calendar days after receipt thereof, or, send a list of the names and addresses of such beneficial owners to the Claims Administrator within fifteen (15) calendar days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice to such beneficial owners.

7.    The form and content of the notice program described herein and the methods set forth herein for notifying the Class of the Settlement and its terms and conditions, the Fee and Expense Application, and the Plan of Allocation: (a) meet the requirements of Federal Rule of Civil Procedure 23, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(a)(7), 15 U.S.C. § 77z-1(a)(7) (the "PSLRA"), and any other applicable law, and is the best notice practicable under the circumstances; (b) constitutes notice that is reasonably calculated, under the circumstances, to apprise the Class Members of the pendency of the Litigation, the effect of the proposed Settlement (including the releases contained therein), and of their right to object to the proposed Settlement,

4

exclude themselves from the Settlement, and/or appear at the Final Approval Hearing; and (c) constitutes due, adequate, and sufficient notice to all Persons entitled thereto. The date and time of the Final Approval Hearing shall be included in the Notice and Summary Notice before they are issued. All fees, costs, and expenses incurred in notifying Class Members shall be paid from the Settlement Fund and in no event shall any of the Defendants or Released Defendants' Persons bear any responsibility for such fees, costs or expenses. All Class Members (except Persons who request exclusion pursuant to ¶ 11 below) shall be bound by all determinations and judgments in the Litigation concerning the Settlement, including, but not limited to, the releases provided for therein, whether favorable or unfavorable to the Class, regardless of whether such Persons seek or obtain by any means, including, without limitation, by submitting a Proof of Claim and Release or any similar document, any distribution from the Settlement Fund or the Net Settlement Fund.

        8.    **<u>Schedule and Next Steps for Final Approval</u>:** The Court sets the following schedule:

| | |
|---|---|
| Notice mailed to the Class and the Stipulation of Settlement and Order for Preliminary Approval posted on the class administrator RG/2's website | March 21, 2025 |
| Summary Notice published and within 1 business day posted on the class administrator RG/2's website | March 24, 2025 |
| Deadline for filing brief in support of Class Counsel's request for an award of attorneys' fees and expenses and any service award to Co-Lead Plaintiffs and within 1 business day posted on the class administrator RG/2's website | May 2, 2025 |
| Last day for submitting Proof of Claim and Release forms | June 6, 2025 |
| Deadline for requesting exclusion from the Class and objecting to the Settlement, Plan of Allocation, or request for an award of attorneys' fees and expenses or Co-Lead Plaintiffs service awards | June 6, 2025 |
| Deadline for filing brief in support of the Settlement and Plan of Allocation and within 1 business day posted on the class administrator RG/2's website | June 27, 2025 |

[PROPOSED] AMENDED ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE

| File declaration from class administrator RG/2 confirming mailing or publishing of the Notice and Summary Notice | July 11, 2025 |
|---|---|
| Final Approval Hearing | July 18, 2025 at 9:00 a.m. |

9.      Pending final determination by the Court as to whether the Settlement, as set forth in the Stipulation, is fair, reasonable and adequate and should be finally approved and whether the Order and Final Judgment dismissing the action with prejudice should be approved, neither Class Representatives nor any Class Member, either directly, representatively, or in any other capacity, shall assert, commence, aid, or prosecute any of the Plaintiffs' Released Claims against any of the Defendants or Released Defendants' Persons in this Litigation or in any other proceeding, arbitration, or forum.  This injunction is necessary to protect and effectuate the Settlement, this Order, and the Court's flexibility and authority to effectuate the Settlement and to enter judgment when appropriate, and is ordered in aid of the Court's jurisdiction and to protect its judgments.

10.      **Class Members' Participation in the Settlement:** Class Members who wish to participate in the Settlement shall complete and submit the Proof of Claim and Release in accordance with the instructions contained therein.  Unless the Court orders otherwise, all Proofs of Claim and Releases must be postmarked or submitted electronically no later than the date set forth in ¶ 8 herein.  Any Class Member who fails to submit a Proof of Claim and Release within the time provided, or whose Proof of Claim and Release is otherwise not approved, shall in all other respects be bound by all of the terms of the Stipulation and the Settlement, including the terms of the Order and Final Judgment and the releases provided for therein, and will be barred from asserting any of Plaintiffs' Released Claims against any of the Defendants or Released Defendants' Persons.  Notwithstanding the foregoing, Class Counsel shall have the discretion (but not the obligation) to accept late-submitted claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund is not materially delayed thereby.  No person shall have any claim against Class Representatives, Class Counsel, or the Claims Administrator by reason of the decision to exercise or not exercise such discretion.

(a) The Proof of Claim and Release submitted by each Class Member must, unless otherwise ordered by the Court: (i) be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (ii) to the extent it is readily available, be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation deemed adequate by Class Counsel or the Claims Administrator; (iii) include in the Proof of Claim and Release a certification of current authority to act on behalf of the Class Member if the person executing the Proof of Claim and Release is acting in a representative capacity; (iv) be complete and contain no material deletions or modifications of any of the printed matter contained therein; and (v) be signed under penalty of perjury.

(b) By submitting a Proof of Claim, a Class Member will be deemed to have submitted to the jurisdiction of this Court with respect to the Class Member's claim, including, but not limited to, all releases provided for in the Stipulation and in the Order and Final Judgment.

(c) Any Class Member may enter an appearance in the Litigation, at his, her, or its own expense, individually or through counsel of their own choice.  If they do not enter an appearance, they will be represented by Class Counsel.

11.    **Exclusion from the Class:** Any Person falling within the definition of the Class may, upon request, be excluded or "opt out" from the Class.  Any such Person must submit to the Claims Administrator a request for exclusion ("Request for Exclusion"), by First-Class Mail postmarked no later than the date set forth in ¶ 8 herein.  A Request for Exclusion must be signed and state: (a) the name, address, and telephone number of the Person requesting exclusion; (b) the number of shares of Aimmune common stock held during the Class Period and the dates held

7

during the Class Period; and (c) that the Person wishes to be excluded from the Class. All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or any final judgment.

Class Counsel shall cause to be provided to Defendants' Counsel copies of all Requests for Exclusion and a list of all Class Members who have requested exclusion, and any written revocation of Requests for Exclusion, as expeditiously as possible and in any event no later than June 18, 2025.

12. **Appearance and Objections at Settlement Hearing:** Any Class Member may appear and object if he, she, or it has any reason why the proposed Settlement of the Litigation should not be approved as fair, reasonable, and adequate, or why a judgment should not be entered thereon, why the Plan of Allocation should not be approved, why the requested attorneys' fees and expenses should not be awarded to Class Counsel, or why any award pursuant to 15 U.S.C. § 78u-4(a)(4) should not be approved for Co-Lead Plaintiffs; provided, however, that no Class Member or any other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, or, if approved, the Order and Final Judgment to be entered thereon approving the same, or the order approving the Plan of Allocation, any attorneys' fees and expenses to be awarded to Class Counsel, or any award to Co-Lead Plaintiffs, unless written objections and supporting papers are timely submitted to the Court by either filing them electronically (*if you are an attorney and have a PACER account*) or in person at any location of the United States District Court for the Northern District of California or by mailing them to the Clerk of Court, United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102, by the dates set forth in ¶ 8 herein. Any such written objection and supporting papers must: (a) clearly identify the case name and number; (b) indicate the objector's name, address, and telephone number; (c) specify the reason(s) for the objection; (d) identify the date(s), price(s), and number(s) of shares of Aimmune common stock held during

the Class Period by the objector; (e) provide documents demonstrating such holding(s); and (f) be signed by the objector.  Any Member of the Class who does not make his, her, or its objection in the manner provided for herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed Settlement as incorporated in the Stipulation, to the Plan of Allocation, to the award of attorneys' fees and expenses to Class Counsel, and to any award to Co-Lead Plaintiffs, unless otherwise ordered by the Court.  Attendance at the Final Approval Hearing is not necessary. However, Persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees and expenses are required to indicate in their written objection their intention to appear at the hearing.  Class Members do not need to appear at the Final Approval Hearing or take any other action to indicate their approval of the Settlement.

13.    **Settlement Funds:** All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

14.    Defendants and Released Defendants' Persons shall have no responsibility for the Plan of Allocation, any application for attorneys' fees and expenses submitted by Class Counsel, or any award to Co-Lead Plaintiffs, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

15.    At or after the Final Approval Hearing, the Court shall determine whether the Plan of Allocation proposed by Class Counsel, and whether any application for attorneys' fees and expenses should be approved.

16.    **Settlement Administration Fees and Expenses:** All reasonable expenses incurred in identifying and notifying Class Members as well as administering the Settlement Fund shall be paid as set forth in the Stipulation.  In the event the Court does not approve the Settlement, or it

[PROPOSED] AMENDED ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE

otherwise fails to become effective, neither Class Representatives nor any of their counsel, including Class Counsel, shall have any obligation to repay any amounts actually and properly incurred or disbursed pursuant to ¶ 2.7 of the Stipulation.

17.     **Use of this Order:** Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations, discussions, proceedings connected with it, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement may be construed as an admission, concession, or presumption by or against any of the Defendants or Released Defendants' Persons of the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind; or as a waiver by any of the Parties of any arguments, defenses, or claims he, she, or it may have in the event the Stipulation is terminated; or offered or received in evidence, or otherwise used by any person in the Litigation, or in any other action or proceeding, whether civil, criminal, or administrative, in any court, administrative agency, or other tribunal, except in connection with any proceeding to enforce the terms of the Stipulation. The Defendants, Released Defendants' Persons, Class Representatives, Class Members, and each of their counsel may file the Stipulation and/or the Order and Final Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

18.     **Stay and Temporary Injunction:** All proceedings in the Litigation are stayed until further order of this Court, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation.  Pending final determination of whether the Settlement should be approved, neither Class Representatives nor any Class Member, either directly, representatively, or in any other capacity shall commence or prosecute any of Plaintiffs' Released Claims against any of the Defendants or Released Defendants' Persons in any action or proceeding in any court or tribunal.

[PROPOSED] AMENDED ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE

19.    The Court reserves the right to alter the time or the date of the Final Approval Hearing without further notice to the Class Members, provided that the time or the date of the Final Approval Hearing shall not be set at a time or date earlier than the time and date set forth in ¶ 2 above, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.  The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class.

20.    **Termination of Settlement:**  If the Settlement fails to become effective as defined in the Stipulation or is terminated, then, in any such event, the Stipulation, including any amendment(s) thereof, except as expressly provided in the Stipulation, and this Order shall be null and void, of no further force or effect, and without prejudice to any Settling Party, and may not be introduced as evidence or used in any actions or proceedings by any person or entity against the Settling Parties, and they shall be deemed to have reverted to their respective positions in the Litigation as of November 7, 2024, prior to filing the Notice of Settlement.

IT IS SO ORDERED.

DATED: March 7, 2025

_____
THE HONORABLE MAXINE M. CHESNEY
UNITED STATES DISTRICT JUDGE

[PROPOSED] AMENDED ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE