1
2
3

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE AIMMUNE THERAPEUTICS, INC. SECURITIES LITIGATION | Case No. 3:20-CV-06733-MMC |
| | Hon. Maxine M. Chesney |
| | CLASS ACTION |

4
5
6
7
8
9

10      **DECLARATION OF TINA CHIANGO REGARDING DISSEMINATION OF**
11                                      **NOTICE TO THE CLASS**
12

13          I, TINA CHIANGO, hereby declare and state as follows:

14          1.      I am the Director of Claims Administration for RG/2 Claims Administration

15  LLC ("RG/2 Claims"), whose address is 30 South 17th Street, Philadelphia, PA 19103. I am

16  over the age of 18, have personal knowledge of the matters set forth herein, and if called

17  upon to do so, could testify competently to them.

18          2.      RG/2 Claims is a full service class action settlement administrator offering

19  notice, claims processing, allocation, distribution, tax reporting, and class action settlement

20  consulting services.    RG/2 Claims' experience includes the provision of notice and

21  administration services for settlements arising from antitrust, consumer fraud, civil rights,

22  employment, negligent disclosure, and securities fraud allegations. Since 2000, RG/2 Claims

23  has administered and distributed in excess of $2.3 billion in class action settlement proceeds.

24          3.      In preparation for the mailing to Class Members, RG/2 received three files

25  from Monteverde & Associates, PC.   The first was a NOBO list of 14,144 names and

26  addresses of stockholders.  The other two were lists showing 18 direct holders produced by

27  Aimmune's transfer agent. RG/2 combined these listings, removed any duplication, and used

28  that information to create a mailing database.

---

**DECLARATION OF TINA CHIANGO, CLAIMS ADMINISTRATOR**

1    4.    On March 21, 2025, RG/2 arranged for the mailing of the Notice of Pendency
2  and Proposed Settlement of Class Action, along with the Proof of Claim and Release
3  (together the "Notice") to 13,735 stockholders identified in the files referenced above.  A
4  copy of the Notice is attached hereto as Exhibit "A".

5    5.    Also, on March 21, 2025, RG/2 mailed a Notice and cover letter to 90 entities
6  on the RG/2 nominee contact file for securities cases, who were shown as record holders of
7  shares in the NOBO list, as well as third-party claims filing groups. The cover letter informed
8  nominees to review their files and notify RG/2 of the number of potential Class Members
9  they had on record.  Nominees were able to request Notices in bulk so that they could perform
10  their own mailing to their clients or could provide RG/2 with the names and addresses of
11  their clients so RG/2 could mail the Notice.

12    6.    RG/2 worked with Class Counsel, who arranged for the Summary Notice to be
13  released on the PR Newswire on March 21, 2025.  A copy of the release is attached hereto
14  as Exhibit "B".

15    7.    Subsequent to March 21, 2025, and as a result of the responses from Nominees,
16  RG/2 has mailed an additional 607 Notices to potential Class Members and provided 8,735
17  Notices in bulk for nominees to mail the Notice to the clients directly. RG/2 was also
18  informed that Broadridge, in addition to mailing Notice, also emailed the Notice to 10,421
19  potential Class Members.

20    8.    To date, RG/2 received 945 Notices as undeliverable.  After research, RG/2
21  was able to obtain an updated address for 643 Notices and re-mailed them via first-class mail.

22    9.    The Settlement website, www.rg2claims.com/aimmune.html was created by
23  RG/2 Claims and went live on March 14, 2025.  The website enables potential Class Members
24  to obtain information about the Settlement.  The Settlement website consists of a Homepage,
25  a Notice/Claim page, a Court Documents page, and a Contact Information Page.  The website
26  also contained a link to a claims portal, which enabled Class Members to file a claim
27  electronically.  A toll-free number of 866-742-4955 was provided to Class Members, which
28  has live operators during regular business hours, as well as an option to leave a message after

1

**DECLARATION OF TINA CHIANGO, CLAIMS ADMINISTRATOR**

1    hours. Settlement Class Members were also able to contact RG/2 via email at
2    info@rg2claims.com.

3        10.    The Notice advised Class Members of the option to exclude themselves
4    provided that they do so, as instructed in the Notice, by June 6, 2025. To date, RG/2 Claims
5    received one request for exclusion, however, the request was not valid because the person
6    was not an actual Class Member. A copy of this request is attached hereto as Exhibit "C".

7        11.    The Notice also advised Class Members of their right to object to the
8    Settlement provided that they do so by June 6, 2025. To date, RG/2 has not received or been
9    made aware of any objections to the Settlement.

10       12.    To date, RG/2 has received 4,471 claims by mail or electronically and
11   represents a total of 43,754,157 shares claimed. RG/2 is in the process of reviewing the
12   claims for validity and will communicate with those who filed a claim that is deficient or
13   denied.

14       13.    RG/2 had a proposed estimate for fees and costs totaling $96,341. RG/2
15   believes that the proposed estimate is reasonable and actionable but will provide a final
16   invoice to be included in the Post Distribution Accounting report.

17

18   I declare under the laws of the United States of America and the State of Pennsylvania that
19   to the best of my knowledge the foregoing is true and correct.

20

21   Executed on June 26, 2025 at Philadelphia, Pennsylvania.

22

23

24                                                    _____
25                                                    Tina Chiango
26

27

28

2

**DECLARATION OF TINA CHIANGO, CLAIMS ADMINISTRATOR**

# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE AIMMUNE THERAPEUTICS, INC. SECURITIES LITIGATION | Case No. 3:20-CV-06733-MMC<br>Hon. Maxine M. Chesney<br>CLASS ACTION |

### NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION

**TO: ALL RECORD HOLDERS AND ALL BENEFICIAL HOLDERS OF AIMMUNE THERAPEUTICS, INC. ("AIMMUNE" OR THE "COMPANY") COMMON STOCK WHO HELD SUCH STOCK AT ANY TIME DURING THE PENDENCY OF THE TENDER OFFER INVOLVING AIMMUNE, SOCIÉTÉ DES PRODUITS NESTLÉ S.A. ("NESTLE"), AND SPN MERGER-SUB, INC. ("MERGER SUB") (FROM SEPTEMBER 14, 2020 THROUGH OCTOBER 9, 2020) AND HAD THEIR SHARES EXCHANGED FOR $34.50 PER SHARE IN CONNECTION WITH THE CLOSING OF THE MERGER (ON OCTOBER 13, 2020) (THE "CLASS").**

PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.  YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THIS LITIGATION.  PLEASE NOTE THAT IF YOU ARE A CLASS MEMBER, YOU MAY BE ENTITLED TO SHARE IN THE PROCEEDS OF THE SETTLEMENT DESCRIBED IN THIS NOTICE.  TO CLAIM YOUR SHARE OF THE SETTLEMENT PROCEEDS, YOU MUST SUBMIT A VALID PROOF OF CLAIM AND RELEASE FORM ("PROOF OF CLAIM") **POSTMARKED OR SUBMITTED ONLINE ON OR BEFORE JUNE 6, 2025**.

This Notice of Pendency and Proposed Settlement of Class Action ("Notice") has been provided to you pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Northern District of California (the "Court").  The purpose of this Notice is to inform you of the proposed settlement of the above-captioned Litigation (the "Settlement") and of the hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation of the settlement proceeds, Class Counsel's application for attorneys' fees and expenses, and service awards for Co-Lead Plaintiffs.  This Notice describes the rights you may have as a Class Member and what steps you may take in relation to the Settlement and this Litigation, or, alternatively, what steps you must take if you wish to be excluded from the Class and this Litigation.[1]

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A PROOF OF CLAIM** | The only way to receive a payment.  Proofs of Claim must be post-marked or submitted online **on or before June 6, 2025**. |
| **EXCLUDE YOURSELF** | Receive no payment.  This is the only option that allows you to ever bring a lawsuit against Defendants concerning the legal claims at issue in this case. Exclusions must be postmarked or received **no later than June 6, 2025**. |
| **OBJECT** | Write to the Court about why you oppose the Settlement, the Plan of Allocation, the request for Class Counsel's attorneys' fees, and/or the time and expenses of Co-Lead Plaintiffs.  You will still be a Member of the Class. Objections must be received by the Court or postmarked **on or before June 6, 2025**. |
| **GO TO A HEARING** | Ask to speak in Court about the fairness of the Settlement.  Requests to speak must be received by the Court **on or before June 6, 2025**.  You are not required to attend the hearing. |
| **DO NOTHING** | Receive no payment from the Settlement. Members of the Class who do nothing remain bound by the terms of the Settlement. |

---

[1] All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings provided in the Stipulation of Settlement, which, along with other important documents, is available on the Settlement website, www.rg2claims.com/aimmune.html

## SUMMARY OF THIS NOTICE

**Statement of Class Recovery**

Pursuant to the Settlement described herein, the Settlement Amount is for $27.5 million. A Class Member's actual recovery will be a proportion of the Net Settlement Fund determined by that Claimant's claim as compared to the total claims of all Class Members who submit acceptable Proofs of Claim. An individual Class Member may receive more or less than the estimated average amount provided below depending on the number of claims submitted. *See* Plan of Allocation as set forth at pages 13-14 below for more information on your claim.

**Statement of Potential Outcome of Litigation**

The Settling Parties disagree on both liability and damages and do not agree on the amount of damages per share of Aimmune common stock that would be recoverable if the Class prevailed on each claim alleged. The Defendants deny that they are liable to the Class and deny that the Class has suffered any damages.

**Reasons for the Settlement**

The principal reason for the Settlement is the benefit to be provided to the Class now. This benefit must be compared to the risk that no recovery might be achieved after a contested trial and likely appeals, possibly years into the future.

**Statement of Attorneys' Fees and Expenses Sought**

Class Counsel have not received any payment for their services in conducting this Litigation on behalf of the Class, nor have they been paid for their litigation expenses. If the Settlement is approved by the Court, Class Counsel will apply to the Court for an award of attorneys' fees not to exceed one-third of the Settlement Fund, plus expenses not to exceed $450,000.00 and any interest thereon, in connection with the Litigation. Since the Litigation's inception in September of 2020, Class Counsel have expended time and effort in the prosecution of this Litigation on a contingent fee basis and advanced the expenses of the Litigation in the expectation that if they were successful in obtaining a recovery for the Class they would be paid from such recovery. In this type of litigation, it is customary for counsel to be awarded a percentage of the common fund recovery as their attorneys' fees. In addition, Co-Lead Plaintiffs have expended time and resources in this Litigation. Accordingly, and as part of Class Counsel's application for an award of fees and expenses, all Co-Lead Plaintiffs may seek up to an aggregate of $25,000 in accordance with 15 U.S.C. §78u-4(a)(4) for their time and expenses in connection with their representation of the Class throughout the Litigation, with Class Representatives Bruce Svitak and Cecilia Pemberton each seeking up to $10,000 and Co-Lead Plaintiff Barbara Carol Svitak seeking up to $5,000. The requested fee amount is approximately $0.20 per damaged share, but the average cost per damaged share will vary depending on the number of valid and timely Proofs of Claim submitted. Defendants take no position with respect to the Fee and Expense Application or any application for payment from the Settlement Fund to Co-Lead Plaintiffs.

## BASIC INFORMATION

### 1. Why did I get this Notice package?

You or someone in your family may have held Aimmune common stock during the time period from and including September 14, 2020 and through and including October 9, 2020 ("Class Period").

The Court directed that this Notice be sent to Class Members because they have a right to know about the proposed Settlement of this class action lawsuit, and about all of their options, before the Court decides whether to approve the Settlement.

This Notice explains the class action lawsuit, the Settlement, Class Members' legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the Litigation is the United States District Court for the Northern District of California, and the case is known as *In re Aimmune Therapeutics, Inc. Securities Litigation*, Case No. 3:20-CV-06733-MMC. Bruce Svitak and Cecilia Pemberton have been appointed by the Court as class representatives (referred to as the "Class Representatives" in this Notice), and the parties who were sued and who have now settled are called the "Defendants."

### 2. What is this lawsuit about?

On August 29, 2020, Aimmune entered into an agreement and plan of merger (the "Merger Agreement") with Société des Produits Nestlé S.A. ("Nestle"), and its subsidiary SPN MergerSub, Inc. ("Merger Sub"), pursuant to which Merger Sub commenced a tender offer to purchase all the issued and outstanding common stock of the Company at $34.50 per share ("Offer Price").

On September 14, 2020, Defendants publicly filed a Schedule 14D-9 Recommendation Statement ("Recommendation Statement") with the U.S. Securities and Exchange Commission (the "SEC"). Subsequent amended versions of the Recommendation Statement were publicly filed with the SEC in September and October 2020.

This action was commenced by plaintiff Steven Germano ("Germano") on September 25, 2020, with the filing of a class action complaint governed by the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B), styled *Germano v Aimmune Therapeutics, Inc. et al.*, Case No. 4:20-CV-06733 (N.D. Cal.). Also on September 25, 2020, plaintiff Stephen Bushansky filed a substantially similar class action complaint styled *Bushansky v. Aimmune Therapeutics, Inc. et al.*, Case No. 4:20-CV-06718 (N.D. Cal.).

On October 8, 2020, a sufficient number of shareholders tendered in favor of the offer and, as a result, Merger Sub merged with and into the Company, with the Company surviving the merger as a wholly owned subsidiary of Nestle (the "Merger" or "Tender Offer").

On October 15, 2020, plaintiff Germano, through his counsel, issued a notice pursuant to the PSLRA that provided for anyone wishing to seek appointment as lead plaintiff do so by December 14, 2020.

On December 14, 2020, Bruce and Barbara Carol Svitak and Cecilia Pemberton filed respective motions for lead appointment under the PSLRA which motions were set for hearing before the Court on February 26, 2021. Prior to filing her motion for lead plaintiff, Ms. Pemberton had also sought and received books and records from Aimmune regarding the Merger under Delaware law (specifically, pursuant to 8 Del. C. § 220) in the action captioned *Pemberton v. Aimmune Therapeutics, Inc.*, C.A. No. 2020-0859-JRS (the "Delaware Books & Records Action").

On February 22, 2021, this Court entered an agreed Order for Appointment of Co-Lead Plaintiffs and Co-Lead Counsel; Consolidating Actions, which among other things, consolidated the *Germano* and *Bushansky* actions into the above-captioned Litigation, appointed Bruce and Barbara Carol Svitak and Cecilia Pemberton as Co-Lead Plaintiffs, and appointed their counsel, Monteverde & Associates PC and Kahn Swick & Foti, LLC, as Co-Lead Counsel for the consolidated action.

On March 15, 2021, the parties to the Litigation submitted a Stipulation to Stay Proceedings Pending Delaware Chancery Court Decision and [Proposed] Order to permit the Delaware Court of Chancery to rule on the use of inspection information provided to Ms. Pemberton during in the Delaware Books & Records Action. The Court granted the parties' stipulation on March 17, 2021, staying the Litigation pending the pertinent ruling in the Delaware Books & Records Action.

Following the ruling by the Delaware Court of Chancery on August 4, 2021, the parties filed a Joint Status Report and Stipulation for an Order to Lift the Stay and Enter Proposed Briefing Schedule on September 16, 2021. The Court so-ordered the parties' stipulation on September 17, 2021, lifting the stay and setting a schedule for the filing of a consolidated complaint and responses thereto.

Pursuant to the schedule ordered by the Court, on September 30, 2021, Co-Lead Plaintiffs filed their Amended Complaint, in which they alleged counts for violations of Sections 14(e) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act") relating to the Recommendation Statement soliciting Aimmune shareholders to tender their shares in the Tender Offer.

On November 23, 2021, Defendants filed their Motion to Dismiss the Amended Complaint. Co-Lead Plaintiffs filed their opposition to Defendants' motion on January 11, 2022, and Defendants filed their reply on February 15, 2022. Upon objection to Defendants' reply memorandum by Co-Lead Plaintiffs, the Court permitted Co-Lead Plaintiffs leave to file a sur-reply, which was filed on March 12, 2022. A hearing was held before the Court on Defendants' Motion to Dismiss the Amended Complaint on April 29, 2022.

On April 29, 2022, the Court entered an Order Denying Defendants' Motion to Dismiss the Amended Complaint.

On May 20, 2022, Defendants filed their Answer and Affirmative Defenses to Amended Complaint.

On June 9, 2022, the parties filed a Joint Case Management Statement & [Proposed] Order and Joint 26(f) Discovery Plan and Schedule.

On August 31, 2022, Defendants filed a Rule 12(c) Motion for Judgment on the Pleadings, asserting as grounds for dismissal that Co-Lead Plaintiffs lacked a private right of action to present their claim under Section 14(e) of the Exchange Act. Co-Lead Plaintiffs filed their opposition on September 23, 2022, and Defendants filed their reply on October 10, 2022. After a hearing before the Court, on November 18, 2022, the Court entered an Order Denying Defendants' Rule 12(c) Motion for Judgment on the Pleadings, holding that Co-Lead Plaintiffs have a private right of action for their claim under Section 14(e) of the Exchange Act.

On December 22, 2022, Defendants filed a Motion to Certify for an Interlocutory Appeal the Court's November 18, 2022 Order Under 28 U.S.C. § 1292(b). Co-Lead Plaintiffs filed their opposition to Defendants' Motion for an interlocutory appeal on January 25, 2023, and Defendants filed their reply on February 3, 2023. Following a hearing on February 24, 2023, the Court entered an Order denying the motion.

On June 23, 2023, the Court entered an Amended Pretrial Preparation Order, setting various discovery and other pre-trial deadlines and scheduling a jury trial to commence on January 13, 2025. Thereafter, the parties engaged in extensive discovery.

During the course of the Litigation, Defendants and third parties produced and Class Counsel reviewed more than 313,000 pages of discovery and the parties conducted 19 fact and expert witness depositions. Each of Co-Lead Plaintiffs sat for depositions and produced documents to Defendants. Moreover, Co-Lead Plaintiffs prepared and mailed surveys to approximately 2,104 potential class members regarding the importance of the facts at issue in the case to the average reasonable investor.

In addition, the parties engaged their respective experts. Co-Lead Plaintiffs retained William Jeffers, CFA of the Griffing Group, and Defendants engaged Professor Paul A. Gompers of the Harvard Business School. Both experts filed opening and responsive reports, and both experts were deposed.

On December 8, 2023, the Court entered a stipulated Second Revised Scheduling Order extending the fact discovery cut-off and certain other dates to accommodate the additional time needed to complete productions from third party financial advisors and conduct certain depositions, including of foreign deponents.

On March 8, 2024, Co-Lead Plaintiffs filed a Motion for Class Certification, and a hearing before the Court was scheduled for June 28, 2024. Defendants filed their response in opposition to the class certification motion on April 22, 2024. Co-Lead Plaintiffs filed their reply on May 21, 2024. On May 24, 2024, the Court entered an Order Granting Co-Lead Plaintiffs' Motion for Class Certification; Vacating Hearing (the "Class Certification Order"). Pursuant to the Class Certification Order, Co-Lead Plaintiffs Bruce Svitak and Cecilia Pemberton were appointed as Class Representatives[2] and Monteverde & Associates PC and Kahn, Swick & Foti, LLC were appointed as class counsel. Additionally, the Court certified a class defined as:

> All record holders and all beneficial holders of Aimmune Therapeutics, Inc. ("Aimmune" or the "Company") common stock who held such stock at any time during the pendency of the tender offer involving Aimmune and Société des Produits Nestlé S.A. ("Nestle") (from September 14, 2020 through October 9, 2020) and had their shares exchanged for $34.50 per share in connection with the closing of the merger (on October 13, 2020) (the "Class"). Excluded from the Class are: (i) Nestle and its affiliates; (ii) the officers and directors of the Company and members of their immediate families; (iii) any entity in which Defendants have or had a controlling interest; and (iv) the legal representatives, heirs, successors or assigns of each officer and director of the Company.

On June 14, 2024, Co-Lead Plaintiffs and Defendants filed their respective motions for summary judgment. Also on June 14, 2024, Co-Lead Plaintiffs filed a *Daubert* Motion to Limit Testimony of Paul A. Gompers and Defendants filed a Motion to Exclude, in Part, Expert Report and Testimony of William Jeffers. The parties filed their respective oppositions to each of the motions on August 5 and August 9, 2024, and their replies on September 19, 2024. All of the motions were scheduled for hearing on November 1, 2024.

On September 24, 2024, the parties participated in a mediation before David M. Murphy of Phillips ADR Enterprises, P.C. ("PADRE"). While the parties were not able to reach a settlement after the mediation, the parties continued their discussions with the assistance of Mr. Murphy.

On October 31, at the request of the parties, the hearing on the various summary judgment and *Daubert* motions was rescheduled to November 8, 2024, to allow the parties to focus on ongoing settlement efforts.

On November 7, 2024, after further negotiations, the parties accepted a mediator's proposal and reached an agreement in principle to resolve the Litigation, subject to Court approval. Later that same day, the parties filed a Notice of Settlement with the Court, after which the Court vacated all remaining deadlines, hearings and trial dates.

The parties memorialized the terms of the Settlement in a Stipulation of Settlement dated, January 17, 2025.

Each of the Defendants have denied and continue to deny any wrongdoing by or liability against them arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Litigation. Defendants expressly deny that Class Representatives have asserted any valid claims as to any of them, and expressly deny any and all allegations of fault, liability, wrongdoing, or damages whatsoever and maintain that their conduct was at all times proper and in compliance with all applicable provisions of law. In addition, Defendants maintain that they have meritorious defenses to all claims alleged in the Litigation.

### 3. Why is this a class action?

In a class action, one or more people called a plaintiff sues on behalf of people who have similar claims. All of the people with similar claims are referred to as a class or class members. One court resolves the issues for all class members, except for those class members who exclude themselves from the class.

On March 8, 2024, the Court certified this Action as a class action on behalf of a Class defined as:

> All record holders and all beneficial holders of Aimmune Therapeutics, Inc. ("Aimmune" or the "Company") common stock who held such stock at any time during the pendency of the tender offer involving Aimmune and Société des Produits Nestlé S.A. ("Nestle") (from September 14, 2020 through October 9, 2020) and had their shares exchanged for $34.50 per share in connection with the closing of the merger (on October 13, 2020) (the "Class").

Pursuant to the Class Certification Order, Co-Lead Plaintiffs Bruce Svitak and Cecilia Pemberton were appointed as Class Representatives and Monteverde & Associates PC and Kahn, Swick & Foti, LLC were appointed as Class Counsel.

---

[2] Co-Lead Plaintiff Barbara Carol Svitak did not seek appointment as a Class Representative.

### 4. Why is there a settlement?

The Court has not decided in favor of or against the Defendants or the Class. Instead, both sides agreed to the Settlement to avoid the costs and risks of further litigation, including trial and post-trial appeals. Class Representatives (advised by Class Counsel) considered the Settlement amount to be a favorable recovery compared to the risk-adjusted possibility of recovery after trial and any appeals, in light of Defendants' arguments that the statements at issue were not actionable at all by the Class, that Defendants believed in the truth of the challenged statements without any intent to deceive investors, that Aimmune was complying with all applicable laws, and that the Class had not sustained any damages. Class Representatives and Class Counsel believe the Settlement is in the best interest of all Class Members in light of the real possibility that continued litigation could result in no recovery at all.

## WHO IS IN THE SETTLEMENT?

To see if you will get money from this Settlement, you first must be a Class Member.

### 5. How do I know if I am part of the Settlement?

The Court directed that everyone who fits this description is a Class Member: All record holders and all beneficial holders of Aimmune common stock who held such stock at any time during the pendency of the tender offer involving Aimmune and Nestle (from September 14, 2020 through October 9, 2020) and had their shares exchanged for $34.50 per share in connection with the closing of the merger (on October 13, 2020). Under the Plan of Allocation proposed by Class Counsel and described below, only Class Members who submit a valid Proof of Claim to the Claims Administrator, may share in the recovery, pro rata with their stock holdings. Certain persons are excluded from the Class, as described below.

### 6. Are there exceptions to being included?

Excluded from the Class are: (i) Nestle and its affiliates; (ii) the officers and directors of the Company and members of their immediate families; (iii) any entity in which Defendants have or had a controlling interest; and (iv) the legal representatives, heirs, successors or assigns of each officer and director of the Company.

Also excluded from the Class are any persons or entities who properly exclude themselves by filing a valid and timely request for exclusion.

### 7. What if I am still not sure if I am included?

If you are still not sure whether you are included, you can ask for free help. You can contact the Claims Administrator toll-free at 1-866-742-4955 via email at info@rg2claims.com or visit the Settlement website www.rg2claims.com/aimmune.html, or you can fill out and return the Proof of Claim accompanying this Notice package, to see if you qualify.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

### 8. What does the Settlement provide?

In exchange for the Settlement and the release of the Released Claims (defined below) as well as dismissal with prejudice of the Litigation, Defendants have agreed that a payment of $27.5 million will be made by Defendants (or on their behalf) to be distributed, after taxes, fees, and expenses, among all Authorized Claimants.

### 9. How much will my payment be?

Pursuant to the Settlement described herein, the Settlement Amount is $27,500,000.00. Under the Plan of Allocation proposed by Class Counsel, only Class Members who submit a valid Proof of Claim to the Claims Administrator may share in the recovery, pro rata with their stock holdings. Your actual recovery will be a proportion of the Net Settlement Fund determined by your claim as compared to the total claims of all eligible Class Members who submit acceptable Proofs of Claim. You may receive more or less than the estimated average amount provided below depending on the number of claims submitted.

Class Representatives estimate that approximately 46,467,292 shares of Aimmune common stock are in the Class. Assuming 100% of the shares in the Class submit a valid proof of claim the average distribution will be approximately $0.60 per share, before payment of expenses of notice and administration of the Settlement, Taxes and Tax Expenses, and such attorneys' fees, expenses and service payments awarded by the Court to Co-Lead Plaintiffs, and interest as may be awarded by the Court (the "Net Settlement Fund"). Historically, fewer than all eligible investors submit claims, resulting in higher average distributions per share.

The Net Settlement Fund will be distributed to Class Members who submit valid, timely Proof of Claim forms ("Claimants") on a pro rata basis. However, no distributions will be made to Claimants who would otherwise receive a distribution of less than $10.00.

Defendants expressly deny that any damages were suffered by Class Representatives or the Class.

Payments shall be conclusive against all Claimants. No Person shall have any claim against Class Counsel, Class Representatives, the Claims Administrator, Defendants, Released Defendants' Persons, or any Person designated by Class Counsel based on distributions made substantially in accordance with the Stipulation and the Settlement contained therein, or further order(s) of the Court. No Class Member shall have any claim against Defendants or any Released Defendants' Persons for any Plaintiffs' Released Claims. All Class Members who fail to complete and submit a valid and timely Proof of Claim shall be barred from participating in distributions from the Net Settlement Fund (unless otherwise ordered by the Court), but otherwise shall be bound by all of the terms of the Stipulation, including the terms of any judgment entered and the releases given.

## HOW YOU GET A PAYMENT – SUBMITTING A CLAIM FORM

### 10. How can I receive a payment?

To qualify for a payment, you must submit a Proof of Claim. A Proof of Claim is provided and may also be downloaded at www.rg2claims.com/aimmune.html. Read the instructions carefully, fill out the Proof of Claim, include all the documents the form asks for, sign it, and return it so that it is postmarked, if mailed to address listed in Proof of Claim, or received, if submitted online, no later than June 6, 2025. Pursuant to its directions, the Proof of Claim may also be submitted online at www.rg2claims.com/aimmune.html

### 11. When would I receive my payment?

The Court will hold a Final Approval Hearing on July 18, 2025 at 9:00 a.m., to decide whether to approve the Settlement. Class Members should check the Settlement website or the Court's PACER site in advance of the Final Approval Hearing to determine whether that hearing will occur in person or via a remote link, and whether the date has changed. The Final Approval Hearing date may change without further notice to the Class. If the Court approves the Settlement, there might be appeals. It is always uncertain how appeals would be resolved by the appellate court, and resolving them can take time, perhaps more than a year. It also takes time for all the Proofs of Claim to be processed. Please be patient.

### 12. What am I giving up to receive a payment or to stay in the Class?

Unless you timely and validly exclude yourself, you are staying in the Class, and that means that you cannot sue, continue to sue, or be part of any other lawsuit against Defendants or the Released Defendants' Persons about Plaintiffs' Released Claims in this case. It also means that all of the Court's orders will apply to you and legally bind you and you will release your claims in this case against Defendants and the Released Defendants' Persons. The terms of the releases are included in the Stipulation of Settlement and are also set forth below:

- "Released Defendants' Persons" means Aimmune and the Individual Defendant, and any and all of their related parties, including, without limitation, any and all of their current or former parents, subsidiaries, predecessors, successors, divisions, investment funds, joint ventures, and general or limited partnerships, and each of their respective current or former officers, directors, trustees, partners, members, contractors, auditors, principals, agents, managing agents, employees, attorneys, accountants, auditors, investment bankers, underwriters, financial or investment advisors, advisors, consultants, insurers, reinsurers, creditors, administrators, assigns, assignees, transferees, predecessors, predecessors-in-interest, successors, successors-in-interest, trusts, distributees, foundations, corporations, associated entities, commercial bankers, entities providing any fairness opinion, brokers, dealers, lenders, associates, in their capacity as such, as well as each of the Individual Defendant's immediate family members, heirs, executors, personal or legal representatives, estates, beneficiaries, predecessors, successors, and assigns.

- "Defendants' Released Claims" means any and all claims, rights and causes of action, duties, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages, and liabilities, whether known or unknown, contingent or non-contingent, or suspected or unsuspected, including any claims arising under federal or state statutory or common law or any other law, rule, or regulation, whether foreign or domestic, that have been asserted, could have been asserted, or could be asserted in the future against Co-Lead Plaintiffs, any member of the Class, and Class Counsel, as well as any of their related parties, attorneys, immediate family members, heirs, executors, personal or legal representatives, estates, beneficiaries, predecessors, successors, and assigns, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against the Defendants; provided, however, that it is understood that "Defendants' Released Claims" and any release provided by this Settlement shall not include: (a) any claims relating to the enforcement of the Settlement, or (b) any claims by Defendants or any other insured to enforce their rights under any contract or policy of insurance.

6

- "Plaintiffs' Released Claims" means any and all claims, rights and causes of action, duties, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages, and liabilities, whether known or unknown, contingent or non-contingent, derivative or direct, or suspected or unsuspected, including any claims arising under federal or state statutory or common law or any other law, rule or regulation, whether foreign or domestic, that have been asserted, could have been asserted, or could be asserted in the future against Defendant Aimmune and the Individual Defendant, and any and all Released Defendants' Persons, that arise out of or relate in any way to: (i) the Litigation; (ii) the Merger or Tender Offer; and (iii) the Recommendation Statement issued by Aimmune in connection with the Merger (the "Recommendation Statement") or any other disclosures related to the Merger or Tender Offer. Notwithstanding the aforementioned, the following claims are explicitly excluded: all claims (1) related to the enforcement of this Settlement; and (2) any claims between Defendants or any of the Released Defendants' Persons and their respective insurers.

- "Released Claims" means Defendants' Released Claims and Plaintiffs' Released Claims.

- "Unknown Claims" means (i) any of Plaintiffs' Released Claims which Class Representatives or any Class Member, or any of their agents or attorneys, does not know or suspect to exist in such Person's favor at the time of the release of the Released Claims, and (ii) any of the Defendants' Released Claims that Defendants or the Released Defendants' Persons do not know or suspect to exist in his, her, or its favor at the time of the release of the Defendants' Released Claims, which, in the case of both (i) and (ii), if known by such Person, might have affected such Person's decision with respect to this Settlement, including, without limitation, such Person's decision not to object to this Settlement or not to exclude himself, herself, or itself from the Class.  Unknown Claims include those Released Claims in which some or all of the facts comprising the claim may be suspected, or even undisclosed or hidden.  With respect to any and all Released Claims, upon the Effective Date, Class Representatives and Defendants shall expressly, and each of the Class Members and the Released Defendants' Persons shall be deemed to have, and by operation of the Order and Final Judgment shall have, expressly waived to the fullest extent permitted by law, the provisions, rights, and benefits of California Civil Code § 1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does him or her, would have materially affected his or her settlement with the debtor or released party.

Class Representatives and Defendants shall expressly, and each of the Class Members and Released Defendants' Persons shall be deemed to have and, by operation of the Order and Final Judgment, shall have expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code § 1542.  Class Representatives, Class Members, and Defendants may hereafter discover facts in addition to or different from those which such party now knows or believes to be true with respect to the subject matter of the Released Claims, but Class Representatives and Defendants shall expressly, and each Class Member and Released Defendants' Persons, upon the Effective Date, shall be deemed to have, and by operation of the Order and Final Judgment shall have fully, finally, and forever settled and released any and all Released Claims, Defendants' Released Claims, and Plaintiffs' Released Claims, as the case may be, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, reckless, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts, whether or not previously or currently asserted in any action.  Class Representatives and Defendants acknowledge, and the Class Members and Released Defendants' Persons shall be deemed by operation of the Order and Final Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement of which this release is a part.

You may maintain your own lawsuit only if you exclude yourself from the Settlement.

## EXCLUDING YOURSELF FROM THE CLASS

If you do not want a payment from this Settlement, and you want to keep the right to sue the Defendants and Released Defendants' Persons, on your own, about the legal issues in this Litigation, then you must take steps to remove yourself from the Settlement.  This is called excluding yourself.

**13. How do I get out of the Proposed Settlement?**

To exclude yourself from the Settlement, you must send a letter by mail saying that you want to be excluded from the Class in *In re Aimmune Therapeutics, Inc. Securities Litigation*, Case No. 3:20-CV-06733-MMC. You must provide the following information: (a) name; (b) address; (c) telephone number; (d) amount of Aimmune common stock held during the period from and including September 14, 2020 through and including October 9, 2020; and (e) a statement that you wish to be excluded from the Class. You must mail your exclusion request postmarked no later than June 6, 2025 to:

*In re Aimmune Therapeutics, Inc. Securities Litigation*
*RG/2 Claims Administration LLC*
*P.O. Box 59479*
*Philadelphia, PA  19102-9479*

You cannot exclude yourself on the phone or by e-mail. If you ask to be excluded, you will not receive any settlement payment, and you may not object to the Settlement. You will not be legally bound by anything that happens in this Litigation.

**14. If I do not exclude myself, can I sue the Defendants and the other Released Defendants' Persons for the same thing later?**

No.  Unless you exclude yourself, you give up any rights to sue the Defendants and the other Released Defendants' Persons for any and all Plaintiffs' Released Claims.  If you have a pending lawsuit against Defendants or any Released Defendants' Persons regarding any Plaintiffs' Released Claims, speak to your lawyer in that case immediately. You must exclude yourself from this Litigation to continue your own lawsuit.  Remember, the exclusion deadline is June 6, 2025.

**15. If I exclude myself, can I get money from the proposed Settlement?**

No.  If you exclude yourself, you may not send in a Proof of Claim to ask for any money.

### THE LAWYERS REPRESENTING YOU

**16. Do I have a lawyer in this case?**

Yes. The Court appointed Monteverde & Associates PC and Kahn, Swick & Foti, LLC to lead the Litigation, which the Class Representatives have pursued on behalf of themselves and all other Class Members. These lawyers are called Class Counsel. You will not be charged directly for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

**17. How will the lawyers be paid?**

This Action has been pending since 2020.  Class Counsel have not been paid for their services on behalf of Class Representatives and the Class, nor for their substantial expenses. The fee requested is to compensate Class Counsel for their work investigating the facts, litigating the case from inception in 2020, and negotiating the Settlement.

Class Counsel will request the Court to award attorneys' fees not to exceed one-third of the Settlement Amount, plus expenses not to exceed $450,000.00, in connection with the Litigation, plus interest on such fees and expenses at the same rate as earned by the Settlement Fund. Such sums as may be approved by the Court will be paid from the Settlement Fund. Defendants take no position on Class Counsel's Fee and Expense Application.

### OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the Settlement or any part of it.

**18. How do I tell the Court that I object to the proposed Settlement?**

You can ask the Court to deny approval by filing an objection. You can't ask the Court to order a different settlement; the Court can only approve or reject the Settlement. If the Court denies approval, no Settlement payments will be sent out and the lawsuit will continue. If that is what you want to happen, you must object.

Any objection to the proposed settlement must be in writing. If you file a timely written objection, you may, but are not required to, appear at the Final Approval Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for hiring and paying that attorney. All written objections and supporting papers must (a) clearly identify the case name and number (*In re*

*Aimmune Therapeutics, Inc. Securities Litigation*, Case No. 3:20-CV-06733-MMC), (b) include your name, address, telephone number, and your signature, (c) identify the date(s), price(s), and number(s) of shares of Aimmune common stock you held during the Class Period, and state the reasons why you object, and (d) you must also include copies of documents demonstrating such holding(s). Your objection and supporting papers must be submitted to the Court either by filing them electronically (*if you are an attorney and have a PACER account*) or in person at any location of the United States District Court for the Northern District of California on or before June 6, 2025 or by mailing them, postmarked on or before June 6, 2025, to the following address:

Clerk of the Court
United States District Court
Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

(with a copy to Class Counsel listed below in question 25).

If you or your attorney wish to be heard at the Final Approval Hearing, you must state in your written objection that you or your attorney intend to speak at the hearing.

---

**19.  What is the difference between objecting and excluding myself?**

---

Objecting is simply telling the Court that you do not like something about the proposed Settlement, the Plan of Allocation, the award of fees and expenses to Class Counsel, or any service award to Co-Lead Plaintiffs. You can object only if you stay in the Class. Excluding yourself is telling the Court that you do not want to be part of the Class.

## THE COURT'S SETTLEMENT HEARING

The Court will hold a hearing to decide whether to approve the proposed Settlement. You may attend and you may ask to speak, but you do not have to.

---

**20.  When and where will the Court decide whether to approve the proposed Settlement?**

---

The Court will hold a Final Approval Hearing at 9:00 a.m., on July 18, 2025. Class Members should check the Settlement website in advance of the Final Approval Hearing to determine whether that hearing will occur in person at the United States District Court for the Northern District of California, 450 Golden Gate Avenue, Courtroom 7, San Francisco, CA 94102 or via a remote link. At the hearing the Court will consider whether the Settlement and proposed Plan of Allocation are fair, reasonable, and adequate, and whether the award of fees and expenses to Class Counsel or any award to Co-Lead Plaintiffs should be granted. If there are objections, the Court will consider them. The Court will listen to people who have asked to speak at the hearing. After the Final Approval Hearing, the Court will decide whether to approve the Settlement, the Plan of Allocation, the award of fees and expenses to Class Counsel, and any award to Co-Lead Plaintiffs. We do not know how long these decisions will take. The Court may change the date and time of the Final Approval Hearing without another notice being sent to Settlement Members. If you want to attend the hearing, you may wish to check beforehand with Lead Counsel, the Settlement website or the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov to be sure that the date and/or time has not changed.

---

**21.  Do I have to come to the hearing?**

---

No. Class Counsel will answer questions the Court may have. But, you are welcome to come at your own expense. If you send an objection or statement in support of the Settlement, you are not required to come to Court to discuss it. As long as you filed or mailed your objection on time, the Court will consider it. You may also pay your own lawyer to attend, but you are not required to do so. Class Members do not need to appear at the hearing or take any other action to indicate their approval.

---

**22.  May I speak at the hearing?**

---

If you object to the Settlement, the Plan of Allocation, the award of fees and expenses to Class Counsel, or any award to Co-Lead Plaintiffs, you may ask the Court for permission to speak at the Final Approval Hearing. To do so, you must include with your objection (see Question 18 above) a statement saying that it is your "Notice of Intention to Appear in the *In re Aimmune Therapeutics, Inc. Securities Litigation*." Persons who intend to object to the Settlement, the Plan of Allocation, and/or any attorneys' fees and expenses to be awarded to Class Counsel (including any award to Co-Lead Plaintiffs for their time and expenses in the Litigation) and desire to present evidence at the Final Approval Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Final Approval Hearing.

You cannot speak at the hearing if you exclude yourself.

## IF YOU DO NOTHING

| 23.  What happens if I do nothing at all? |
| --- |

If you do nothing, you will get no money from this Settlement.  But, unless you exclude yourself, you will not be able to start a lawsuit or be part of any other lawsuit against the Defendants or any other Released Defendants' Persons about the issues raised in this case ever again.

## GETTING MORE INFORMATION

| 24. Are there more details about the proposed Settlement? |
| --- |

This Notice summarizes the proposed Settlement.  For the precise terms of the Settlement, please see the Stipulation available at ww.rg2claims.com/aimmune.html, contact the Claims Administrator toll-free at 1-866-742-4955 or info@rg2claims.com, or contact Class Counsel: Juan E. Monteverde, Monteverde & Associates PC, The Empire State Building, 350 Fifth Avenue, Suite 4740, New York, New York 10118, Tel.: (212) 971-1341, www.monteverdelaw.com or Michael J. Palestina, 1100 Poydras Street, Suite 960, New Orleans, Louisiana 70163, Tel.: (504) 455-1400, www.ksfcounsel.com.  You may also access the Court's docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.

| 25.  Whom should I contact if I have questions? |
| --- |

For more information, you can visit www.rg2claims.com/aimmune.html or call toll-free 1-866-742-4955. You can also contact the attorneys for Class Representatives, listed below:

Juan E. Monteverde
Monteverde & Associates PC
The Empire State Building
350 5th Ave, Suite 4740
New York, NY 10118
jmonteverde@monteverdelaw.com
(212) 971-1341

Michael J. Palestina
Kahn Swick & Foti, LLC
1100 Poydras Street, Suite 960
New Orleans, LA 70163
Michael.palestina@ksfcounsel.com
(504) 455-1400

### PLAN OF ALLOCATION OF NET SETTLEMENT FUND AMONG CLASS MEMBERS

Class Counsel have proposed a Plan of Allocation described below in Question 26, which will be submitted for the Court's approval.  The Net Settlement Fund (the Settlement Amount plus interest less taxes, tax expenses, Notice and Administration Costs, attorneys' fees and expenses, and Co-Lead Plaintiffs' time and expense payment) will be distributed to Class Members who, in accordance with the terms of the Stipulation, are entitled to a distribution from the Net Settlement Fund pursuant to any plan of allocation or any order of the Court and who submit a valid and timely Proof of Claim under the Plan of Allocation described below.

| 26.  How will my claim be calculated? |
| --- |

As stated above, the Settlement Amount is $27,500,000. Under the Plan of Allocation proposed by Class Counsel, only Class Members who submit a valid Proof of Claim to the Claims Administrator, may share in the recovery, pro rata with their stock holdings (the proposed "Plan of Allocation").

Your actual recovery will be a proportion of the Net Settlement Fund determined by your claim as compared to the total claims of all eligible Class Members who submit acceptable Proofs of Claim. You may receive more or less than the estimated average amount provided below depending on the number of claims submitted.  The Court may approve this proposed Plan of Allocation, or modify it, without additional notice to the Class. Any order modifying the Plan of Allocation will be posted on the Settlement website, www.rg2claims.com/aimmune.html.

As of September 10, 2020, days prior to the filing of the Recommendation Statement, 65,766,796 shares of Aimmune common stock were outstanding.  Nestle and its affiliates and the directors and officers of Aimmune owned 19,299,504 of those shares, leaving the Class with 46,467,292 shares at the time of the expiration of the Tender Offer. Assuming that all of the shares outstanding at the time of the expiration of the Tender Offer participate in this Settlement, Class Counsel estimates that the average distribution will be approximately $0.60 per share of Aimmune common stock before the deduction of Court-approved fees and expenses, as described in Question 9 above (estimated to be approximately $0.20 per share), and the cost of notice and claims administration. Historically, less than all eligible investors submit claims, resulting in higher average distributions per share. The Net Settlement Fund will be distributed to Class Members who submit valid, timely Proof of Claim forms ("Claimants") on a pro rata basis. However, no distributions will be made to Claimants who would otherwise receive a distribution of less than $10.00.

Payments shall be conclusive against all Authorized Claimants. No Person shall have any claim against Class Counsel, Class Representatives, the Claims Administrator, Defendants, Released Defendants' Persons, or any Person designated by Class Counsel based on distributions made substantially in accordance with the Stipulation and the Settlement contained therein, or further order(s) of the Court. No Class Member shall have any claim against Defendants or Released Defendants' Persons for any of Plaintiffs' Released Claims. All Class Members who fail to complete and submit a valid and timely Proof of Claim shall be barred from participating in distributions from the Net Settlement Fund (unless otherwise ordered by the Court), but otherwise shall be bound by all of the terms of the Stipulation, including the terms of any judgment entered and the releases given.

**SPECIAL NOTICE TO NOMINEES**

The Court has ordered that if you held any Aimmune common stock at any point in time from September 14, 2020 through October 9, 2020, as nominee for a beneficial owner, then, within fifteen (15) calendar days after you receive this Notice, you must either: (1) send a copy of the Notice by first class mail to all such Persons; or (2) provide a list of the names and addresses of such Persons to the Claims Administrator:

*In re Aimmune Therapeutics, Inc. Securities Litigation*
*RG/2 Claims Administration LLC*
*P.O. Box 59479*
*Philadelphia, PA  19102-9479*
*Toll-Free: (866) 742-4955*
*Facsimile: (215) 827-5551*
*Email:  info@rg2claims.com*

If you choose to mail the Notice yourself, you may obtain from the Claims Administrator (without cost to you) as many additional copies of the Postcard Notice as you will need to complete the mailing.

Regardless of whether you choose to complete the mailing yourself or elect to have the mailing performed for you, you may obtain reimbursement for or advancement of reasonable administrative costs actually incurred or expected to be incurred in connection with forwarding the Postcard Notice and which would not have been incurred but for the obligation to forward such notice, upon submission of appropriate documentation to the Claims Administrator.

**DO NOT TELEPHONE THE COURT REGARDING THIS NOTICE**

DATED: March 7, 2025                                  BY ORDER OF THE COURT
                                                     UNITED STATES DISTRICT COURT
                                                     NORTHERN DISTRICT OF CALIFORNIA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

|  |  |
|---|---|
| IN RE AIMMUNE THERAPEUTICS, INC. SECURITIES LITIGATION | Case No. 3:20-CV-06733-MMC |
|  | Hon. Maxine M. Chesney |
|  | CLASS ACTION |

### PROOF OF CLAIM AND RELEASE

**I.      GENERAL INSTRUCTIONS**

1.   You are a Class Member if you are a record holder or beneficial holder of Aimmune Therapeutics, Inc. ("Aimmune") common stock who held such stock at any time during the pendency of the Tender Offer involving Aimmune and Société des Produits Nestlé S.A. ("Nestle"), and its subsidiary SPN MergerSub, Inc. ("Merger Sub") (from September 14, 2020 through October 9, 2020) and had your shares exchanged for $34.50 per share in connection with the closing of the Merger.  To recover as a Member of the Class based on your claims in the action entitled *In re Aimmune Therapeutics, Inc.*, Case No. 3:20-CV-06733-MMC (the "Litigation"), you must complete and, on page 4 hereof, sign this Proof of Claim and Release. If you fail to submit a properly addressed (as set forth in paragraph 3 below) Proof of Claim and Release, postmarked or received by the date shown below, your claim may be rejected and you may be precluded from any recovery from the Net Settlement Fund created in connection with the proposed Settlement of the Litigation.

2.   Submission of this Proof of Claim and Release, however, does not assure that you will share in the proceeds of the Settlement.

3.   YOU MUST MAIL OR SUBMIT ONLINE YOUR COMPLETED AND SIGNED PROOF OF CLAIM AND RELEASE, ACCOMPANIED BY COPIES OF THE DOCUMENTS REQUESTED HEREIN IF READILY AVAILABLE, NO LATER THAN JUNE 6, 2025 TO THE COURT-APPOINTED CLAIMS ADMINISTRATOR IN THIS CASE, AT THE FOLLOWING ADDRESS:

*In re Aimmune Therapeutics, Inc. Securities Litigation*
*RG/2 Claims Administration LLC*
*P.O. Box 59479*
*Philadelphia, PA  19102-9479*
*Toll-Free: (866) 742-4955*
*Facsimile: (215) 827-5551*
*Email:  info@rg2claims.com*

Online Submissions: **www.rg2claims.com/aimmune.html**

If you are NOT a Member of the Class (as defined in the Notice of Pendency and Proposed Settlement of Class Action (the "Notice")), DO NOT submit a Proof of Claim and Release.

4.   If you are a Member of the Class and you do not timely request exclusion in connection with the proposed Settlement, you will be bound by the terms of any judgment entered in the Litigation, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM AND RELEASE.

**II.  CLAIM FORM**

Pursuant to the Plan of Allocation proposed by Class Counsel, Class Members who submit a valid Proof of Claim to the Claims Administrator, may share in the recovery, pro rata with their stock holdings (the proposed "Plan of Allocation").  Your actual recovery will be a proportion of the Net Settlement Fund determined by your claim as compared to the total claims of all eligible Class Members who submit acceptable Proofs of Claim.

Please complete the entire form below.  Use this form to state the number of shares of Aimmune common stock that you held at the expiration of the Tender Offer on **October 9, 2020**, which were cashed out via the Tender Offer in connection with the closing of the Merger (October 13, 2020).  If readily available, please provide copies of broker confirmations or other documentation, such as trade

confirmations or screen shots, of your holdings in Aimmune stock, as attachments to your claim. If any such documents are not in your possession, please obtain a copy or equivalent documents from your broker because these documents are helpful to prove and expedite processing your claim. Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
*In re Aimmune Therapeutics, Inc. Securities Litigation*
Case No. 3:20-CV-06733-MMC

## III.  CLAIMANT IDENTIFICATION

### PROOF OF CLAIM AND RELEASE

#### Must Be Postmarked or Received No Later Than:
#### June 6, 2025

PART I:  **CLAIMANT IDENTIFICATION**

| | | |
|---|---|---|
| Name: | | |
| Address: | | |
| City: | State: | Zip or Postal Code: |
| Foreign Province: | Foreign Country | |
| Day Phone: | Evening Phone: | |
| Email: | | |
| Claimant Type (Individual, Joint, Corporation, etc.): _____ | | |
| Record Owner's Name: (If different from beneficial owner listed above) | | |
| Social Security Number (for individuals): | OR | Taxpayer Identification Number (for estates, trusts, corporations, etc.) |

PART II:  **HOLDINGS IN AIMMUNE COMMON STOCK**

    A.    Number of shares of Aimmune common stock you held at the time of expiration of the Tender Offer on **October 9, 2020**, which were cashed out via the Tender Offer in connection with the closing of the Merger (October 13, 2020): _____

            Proof enclosed?   _____ Yes   _____ No

**YOUR SIGNATURE ON PAGE 4 WILL CONSTITUTE YOUR ACKNOWLEDGMENT OF THE RELEASE DESCRIBED IN THE NOTICE ISSUED WITH THIS PROOF OF CLAIM FORM.**

**SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS**

I (We) submit this Proof of Claim and Release under the terms of the Stipulation of Settlement described in the Notice. I (We) also submit to the jurisdiction of the United States District Court for the Northern District of California with respect to my (our) claim as a Class Member and for purposes of enforcing the release set forth herein. I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Litigation. I (We) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so. I (We) have not submitted any other claim in connection with my (our) holding of Aimmune common stock during the period from and including September 14, 2020, the beginning of the Tender Offer, through and including October 9, 2020, the date the Tender Offer expired, and know of no other person having done so on my (our) behalf.

I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or in-voluntarily, any claim or matter released pursuant to this release or any other part or portion thereof.

I (We) hereby warrant and represent that I (we) have included information (including supporting documentation if readily available) about the number of shares of Aimmune stock held by me (us) at the time of expiration of the Tender Offer on October 9, 2020.

I (We) hereby warrant and represent (i) that I (we) held Aimmune shares during the pendency of the Tender Offer involving Aimmune, Nestle, and Merger Sub (*i.e.*, at any time from September 14, 2020 through October 9, 2020) and (ii) that I (We) had our shares exchanged for $34.50 per share in connection with the closing of the Merger on or about October 13, 2020.

I (We) hereby warrant and represent that I am (we are) not a Defendant or other person excluded from the Class.

I declare under penalty of perjury under the laws of the United States of America that the foregoing information supplied by the un-dersigned is true and correct.

Executed this _____ day of _____ (Month/Year)

in _____
             (City)                       (State/Country)

_____
(Sign your name here)

_____
(Type or print your name here)

_____
(Capacity of person(s) signing, *e.g.*, Beneficial Purchaser or Acquirer, Executor or Administrator)

Reminder Checklist:

1. Please sign the above release and declaration.

2. Remember to attach copies of supporting documentation, if readily available.

3. Do not send originals of stock certificates or other documentation as they will not be returned.

4. Keep a copy of your Proof of Claim and Release and all supporting documentation for your records.

5. If you desire an acknowledgment of receipt of your Proof of Claim and Release, please send it Certified Mail, Return Receipt Requested.

6. If you move, please send your new address to the address below.

7. Do not use red pen or highlighter on the Proof of Claim and Release or supporting documentation.

14

THIS PROOF OF CLAIM AND RELEASE MUST BE SUBMITTED ONLINE AT www.rg2claims.com/aimmune.html **BY JUNE 6, 2025** OR, IF MAILED, POSTMARKED **NO LATER THAN JUNE 6, 2025,** ADDRESSED AS FOLLOWS:

*In re Aimmune Therapeutics, Inc. Securities Litigation*
*RG/2 Claims Administration LLC*
*P.O. Box 59479*
*Philadelphia, PA  19102-9479*
*Toll-Free: (866) 742-4955*
*Facsimile: (215) 827-5551*
*Email:  info@rg2claims.com*

Online Submissions: **www.rg2claims.com/aimmune.html**

# EXHIBIT B

# Monteverde & Associates PC and Kahn Swick & Foti, LLC Announce Proposed Class Action Settlement on Behalf of All Former Holders of Aimmune Therapeutics, Inc. Common Stock

NEWS PROVIDED BY

**Monteverde & Associates PC →**

Mar 21, 2025, 15:07 ET

NEW YORK, March 21, 2025 /PRNewswire/ --

**TO: ALL RECORD HOLDERS AND ALL BENEFICIAL HOLDERS OF AIMMUNE THERAPEUTICS, INC. ("AIMMUNE" OR THE "COMPANY") COMMON STOCK WHO HELD SUCH STOCK AT ANY TIME DURING THE PENDENCY OF THE TENDER OFFER INVOLVING AIMMUNE, SOCIÉTÉ DES PRODUITS NESTLÉ S.A. ("NESTLE"), AND SPN MERGERSUB, INC. ("MERGER SUB") (FROM SEPTEMBER 14, 2020 THROUGH OCTOBER 9, 2020) AND HAD THEIR SHARES EXCHANGED FOR $34.50 PER SHARE IN CONNECTION WITH THE CLOSING OF THE MERGER (ON OCTOBER 13, 2020) (THE "CLASS").**

YOU ARE HEREBY NOTIFIED, pursuant to an Order of the United States District Court for the Northern District of California, that a hearing will be held on July 18, 2025, at 9:00 a.m. Class Members should check the Settlement Class website in advance of the Final Approval Hearing to determine whether that hearing will occur in person at the United States District Court for the Northern District of California, 450 Golden Gate Avenue, Courtroom 7, San Francisco, CA 94102 or via a remote link. The hearing will be held for the purpose of determining: (1) whether the proposed Settlement of the Litigation for $27.5 million should be approved by the Court as fair, reasonable, and adequate; (2) whether a Final Judgment and Order of Dismissal with Prejudice should be entered by the Court dismissing the Litigation with prejudice and

releasing the Released Claims; (3) whether the Plan of Allocation for the Net Settlement Fund is fair, reasonable, and adequate and should be approved; and (5) whether the application of Class Counsel for the payment of attorneys' fees and expenses, and any service award to Co-Lead Plaintiffs pursuant to 15 U.S.C. §78u-4(a)(4), should be approved.

IF YOU HELD AIMMUNE COMMON STOCK AT ANY TIME DURING THE PENDENCY OF THE TENDER OFFER INVOLVING AIMMUNE, NESTLE, AND MERGER SUB (FROM SEPTEMBER 14, 2020 THROUGH OCTOBER 9, 2020 (THE "CLASS PERIOD")) AND HAD YOUR SHARES EXCHANGED FOR $34.50 PER SHARE IN CONNECTION WITH THE CLOSING OF THE MERGER, YOUR RIGHTS MAY BE AFFECTED BY THE SETTLEMENT OF THIS LITIGATION, INCLUDING THE RELEASE AND EXTINGUISHMENT OF CLAIMS YOU MAY POSSESS RELATING TO YOUR HOLDING(S) OF AIMMUNE COMMON STOCK DURING THE CLASS PERIOD. If you have not received the Notice of Pendency and Proposed Settlement of Class Action ("Notice") and the Proof of Claim and Release form, you may obtain copies by writing to *In re Aimmune Therapeutics, Inc. Securities Litigation*, RG/2 Claims Administration LLC, P.O. Box 59479, Philadelphia, PA 19102-9479, or **info@rg2claims.com**, by telephone at 1-866-742-4955, or on the Internet at **www.rg2claims.com/aimmune.html**. If you are a Class Member, in order to share in the distribution of the Net Settlement Fund, you must submit a Proof of Claim and Release by mail, ***postmarked no later than June 6, 2025***, or online at **www.rg2claims.com/aimmune.html** *no later than June 6, 2025*, establishing that you are entitled to recovery.

If you are a Member of the Class and you desire to be excluded from the Class, you must submit a request for exclusion so that it is ***postmarked no later than June 6, 2025***, in the manner and form explained in the detailed Notice referred to above. All Members of the Class who do not timely and validly request exclusion from the Class will be bound by any judgment entered in the Litigation pursuant to the Stipulation of Settlement.

Objections to the Settlement, the Plan of Allocation, Class Counsel's request for the payment of attorneys' fees and expenses, and any award to Co-Lead Plaintiffs must be submitted to the Court either by filing them electronically (*if you are an attorney and have a PACER account*) or in person at any location of the United States District Court for the Northern District of California on or before June 6, 2025 or by mailing them to the Court, postmarked no later than June 6, 2025 to the following address:

Clerk of the Court

United States District Court

Northern District of California

450 Golden Gate Avenue

San Francisco, CA 94102


**PLEASE DO NOT CONTACT THE COURT OR THE COURT'S CLERK'S OFFICE REGARDING THIS NOTICE**. If you have any questions about the Settlement, you may contact Class Counsel at the address listed below:


      ***Class Counsel:***

      Monteverde & Associates PC

      Juan E. Monteverde

      The Empire State Building

      350 Fifth Avenue, Suite 4740

      New York, New York 10118

      **jmonteverde@monteverdelaw.com**

      (212) 971-1341


      Michael J. Palestina

      Kahn Swick & Foti, LLC

      1100 Poydras Street, Suite 960

      New Orleans, LA 70163

      **michael.palestina@ksfcounsel.com**

      (504) 455-1400


BY ORDER OF THE COURT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA


SOURCE Monteverde & Associates PC


WANT YOUR COMPANY'S NEWS

# FEATURED ON PRNEWSWIRE.COM?

# GET STARTED

**440k+**
**Newsrooms &**
**Influencers**

**9k+**
**Digital Media**
**Outlets**

**270k+**
**Journalists**
**Opted In**

# EXHIBIT C

MAY 1 5 2025

I want to be excluded from the Class in In re Aimmune Therapeutics, Inc. Securities Litigation, Case No. 3:20-CV-06733-MMC.


Howard V. Raff

18210 218th Ave. NE, Woodinville, WA 98077

510-759-9138

I did not hold any stock during this period.



Thank you,

Howard Raff

SEATTLE WA 980

30 APR 2025  PM 3  L

Immune Securitie Litigation
Re/2 Claims Admin LLC
O.O.Box 5479

Philadelphia, PA 19182 9479

Mr. Howard Raff
18210 218th Ave Ne.
Woodinville, WA 98077-7122