Juan E. Monteverde (admitted *pro hac vice*, NY Reg. No. 4467882)
MONTEVERDE & ASSOCIATES PC
The Empire State Building
350 Fifth Avenue, Suite 4740
New York, New York 10118
Tel: (212) 971-1341
jmonteverde@monteverdelaw.com

David E. Bower (SBN 119546)
MONTEVERDE & ASSOCIATES PC
600 Corporate Pointe, Suite 1170
Culver City, CA 90230
Tel: (213) 446-6652
Fax: (212) 202-7880
dbower@monteverdelaw.com

*Counsel for Co-Lead Plaintiffs and Class Counsel*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE AIMMUNE THERAPEUTICS, INC. SECURITIES LITIGATION | Case No. 3:20-CV-06733-MMC<br><br>Hon. Maxine M. Chesney<br><br>CLASS ACTION |

**[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE**

This matter came before the Court for hearing pursuant to the Order Preliminarily Approving Settlement and Providing for Notice ("Preliminary Approval Order") dated March 7, 2025, on the application of the Settling Parties for approval of the Settlement set forth in the Stipulation of Settlement dated January 17, 2025 (the "Stipulation").

WHEREAS, due and adequate notice having been given to the Class as required in the Preliminary Approval Order;

WHEREAS, consistent with the Preliminary Approval Order, all Class Members had the opportunity to exclude themselves from the proposed Class; to object to the proposed Settlement; and to be heard with regard to the proposed Settlement, including by appearing and speaking at the Final Approval Hearing;

WHEREAS, the Court conducted the Final Approval Hearing on July 18, 2025, to consider, among other things, (i) whether the terms and conditions of the Settlement are fair, reasonable and adequate and should therefore be approved; and (ii) whether a judgment should be entered dismissing the Litigation with prejudice as against the Defendants;

WHEREAS, this Order of Dismissal is with prejudice; and

WHEREAS, the Court having considered all papers filed and proceedings herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Final Judgment and Order of Dismissal with Prejudice ("Order and Final Judgment" or "Judgment") incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise set forth herein.

2. This Court has jurisdiction over the subject matter of the Litigation and over all Settling Parties to the Litigation, including all Class Members.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby affirms its determinations in the Class Certification Order, including the appointment of Class Representatives and Class Counsel and certification of the Class defined as:

All record holders and all beneficial holders of Aimmune Therapeutics, Inc. ("Aimmune" or the "Company") common stock who held such stock at any time during the pendency of the tender offer involving Aimmune and Société des Produits Nestlé S.A. ("Nestle") (from September 14, 2020 through October 9, 2020) and had their shares exchanged for $34.50 per share in connection with the closing of the merger (on October 13, 2020) (the "Class").

4. As stated in the Class Certification Order, excluded from the Class are: (i) Nestle and its affiliates; (ii) the officers and directors of the Company and members of their immediate families; (iii) any entity in which Defendants have or had a controlling interest; and (iv) the legal representatives, heirs, successors or assigns of each officer and director of the Company.

5. Any persons or entities who properly excluded themselves through a valid and timely request for exclusion are also excluded from the Class.

6. Pursuant to Federal Rule of Civil Procedure 23, this Court hereby approves the Settlement set forth in the Stipulation and finds that said Settlement is, in all respects, fair, reasonable, and adequate to the Class.

7. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court finds that the Settlement is fair, reasonable, and adequate as to each of the Settling Parties, and that the Settlement set forth in the Stipulation is hereby finally approved in all respects, and the Settling Parties are hereby directed to perform its terms.

8. Accordingly, the Court authorizes and directs implementation of the terms and provisions of the Stipulation, as well as the terms and provisions hereof. The Court hereby dismisses with prejudice and without costs the Litigation and all claims contained therein and the Released Claims as defined in the Stipulation.

9. Upon the Effective Date hereof, and as provided in the Stipulation, without further action by anyone, Class Representatives, on behalf of themselves and all Class Members, in his, her or its capacity as a holder of Aimmune stock, and anyone claiming through or on behalf of any of them, shall be deemed to have, and by operation of this Order and Final Judgment, shall have, fully, finally, and forever resolved, discharged, relinquished, released, waived, settled, and dismissed with prejudice any and all of Plaintiffs' Released Claims (including, without limitation, Unknown Claims) against Defendants and each and all of the Released Defendants' Persons,

regardless of whether a Class Member executes and delivers a Proof of Claim and Release, except that claims relating to the enforcement of the Settlement shall not be released.

10. Upon the Effective Date hereof, and as provided in the Stipulation, without further action by anyone, Defendants shall be deemed to have, and by operation of this Order and Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged Class Representatives, each and all of the Class Members, and Class Counsel from all Defendants' Released Claims (including, without limitation, Unknown Claims), and shall forever be enjoined from prosecuting such claims.

11. Upon the Effective Date hereof, and as provided in the Stipulation, without further action by anyone, Class Representatives, on behalf of themselves and all Class Members, in his, her or its capacity as a holder of Aimmune stock, and anyone claiming through or on behalf of any of them, shall be forever barred and enjoined from commencing, instituting, asserting, maintaining, enforcing, aiding, prosecuting, or continuing to prosecute any action or proceeding in any forum (including, but not limited to, any state or federal court of law or equity, any arbitral forum, any tribunal, administrative forum, or the court of any foreign jurisdiction, or any other forum of any kind) any and all of Plaintiffs' Released Claims (including, without limitation, Unknown Claims) against Defendants and each and all of the Released Defendants' Persons, regardless of whether such Class Member executes and delivers a Proof of Claim and Release, except that claims relating to the enforcement of the Settlement shall not be released.

12. Upon the Effective Date hereof, and as provided in the Stipulation, without further action by anyone, Class Representatives, on behalf of themselves and each and every Class Member, in his, her or its capacity as a holder of Aimmune stock, and anyone claiming through or on behalf of any of them, shall covenant or be deemed to have covenanted not to sue any of Defendants and Released Defendants' Persons with respect to any and all Plaintiffs' Released Claims (including, without limitation, Unknown Claims).

13. In accordance with the Private Securities Litigation Reform Act of 1995 as codified at 15 U.S.C. § 78u-4(f)(7)(A) ("PSLRA"), (a) all obligations to any Class Member of any Defendant or Released Defendants' Person arising out of the Litigation are discharged, and (b) any

and all claims for contribution arising out of the Litigation or any of the Released Claims (i) by any person or entity against any of the Released Defendants' Persons, and (ii) by any of the Released Defendants' Persons against any person or entity, other than as set out in 15 U.S.C. § 78u-4(f)(7)(A)(ii), are hereby permanently barred, extinguished, discharged, satisfied, and unenforceable.

14. The terms of the Stipulation and of this Order and Final Judgment shall be forever binding on Class Representatives, all other Class Members (regardless of whether or not any individual Class Member submits a Proof of Claim and Release or seeks or obtains a distribution from the Net Settlement Fund), and Defendants, as well as their respective, heirs, executors, administrators, predecessors, successors, and assigns.

15. The Escrow Agent shall maintain the Settlement Fund in accordance with the requirements set forth in the Stipulation. Defendants and Released Defendants' Persons shall have no liability, obligation, or responsibility whatsoever for the administration of the Settlement or disbursement of the Net Settlement Fund.

16. The Notice of Pendency and Proposed Settlement of Class Action given to the Class (a) was implemented in accordance with the Preliminary Approval Order entered on March 7, 2025; (b) was the best notice practicable under the circumstances, to all Persons entitled to such notice, of those proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation; (c) was reasonably calculated under the circumstances to apprise Class Members of (i) the pendency of the Litigation, (ii) the effect of the proposed Settlement (including the releases contained therein), and (iii) their right to object to any aspect of the proposed Settlement, exclude themselves from the Class, and/or appear at the Final Approval Hearing; (d) was reasonable and constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) fully satisfied the requirements of Federal Rule of Civil Procedure 23, the requirements of due process, the requirements of the PSLRA, and all other applicable law and rules. Further, it is determined that all members of the Class are bound by the Judgment herein. Defendants served on the United States Attorney General and all State Attorneys General the notice of the proposed Settlement, pursuant to the Class Action

Fairness Act, U.S.C. §§ 1711 *et seq.* ("CAFA"). The form and manner of that CAFA notice is hereby determined to be in full compliance with CAFA.

17. The Court authorizes and approves the proposed Plan of Allocation set forth in the Notice of Pendency and Proposed Settlement of Class Action given to the Class.

18. A separate order shall be entered regarding Class Counsel's motion for attorneys' fees and expenses and awards pursuant to 15 U.S.C. § 78u-4(a)(4) to the Co-Lead Plaintiffs as allowed by the Court. Any order entered regarding any attorneys' fee and expense application shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

19. Neither this Order and Final Judgment, the Stipulation, the Supplemental Agreement, nor any of their terms or provisions, nor any of the negotiations, discussions, proceedings connected thereto, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any of the allegations in the Litigation or of the validity of any of the Released Claims, or of any wrongdoing or liability of any Defendants or Released Defendants' Persons; or (b) is, or shall be deemed to be, or shall be used as an admission of any fault or omission of any Defendants or Released Defendants' Person in any statement, release, or written documents issued, filed, or made; or (c) is or may be deemed to be or may be used as an admission of, or evidence of, any fault, liability, wrongdoing, negligence, or omission of any Defendants or Released Defendants' Persons in any civil, criminal, or administrative proceeding in any court, arbitration proceeding, administrative agency, or forum or tribunal in which any Defendants or Released Defendants' Persons are or become parties; or (d) is or may be deemed to be or may be used as an admission or evidence that any claims asserted by Class Representatives were not valid or that the amount recoverable was not greater than the Settlement Amount, in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. Defendants, the Released Defendants' Persons, Class Representatives, Class Members, and their respective counsel may file the Stipulation and/or this Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any

other theory of claim preclusion or issue preclusion or similar defense or counterclaim. The Settling Parties may file the Stipulation and/or this Judgment in any proceedings that may be necessary to consummate or enforce the Stipulation, the Settlement, or the Judgment.

20. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing exclusive jurisdiction over: (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees and expenses and interest in the Litigation; and (d) all Settling Parties hereto for the purpose of construing, enforcing, and administering the Stipulation.

21. The Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

22. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants as required under the terms of the Stipulation, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

23. Without further approval from the Court, the parties are hereby authorized to agree and to adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (i) are not materially inconsistent with this Order and Final Judgment; and (ii) do not materially limit the rights of Class Members in connection with the Settlement. Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

24. The Court directs immediate entry of this Judgment by the Clerk of the Court.

IT IS SO ORDERED.

DATED: _____   _____
THE HONORABLE MAXINE M. CHESNEY
UNITED STATES DISTRICT JUDGE